UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, INDIANA BROADCASTERS ASSOCIATION, INDIANA PROFESSIONAL CHAPTER OF THE SOCIETY OF PROFESSIONAL JOURNALISTS, INDIANAPOLIS STAR, NEXSTAR MEDIA INC., SCRIPPS MEDIA, INC., and TEGNA INC.,<br><br>    *Plaintiffs*,<br><br> v.<br><br>TODD ROKITA, *in his official capacity as Attorney General of Indiana*, RYAN MEARS, *in his official capacity as Marion County Prosecutor*, and KERRY FORESTAL, *in his official capacity as Marion County Sheriff*,<br><br>    *Defendants*. | CASE NO. 1:23-cv-1805-JRS-MG |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(a), Plaintiffs respectfully request that the Court issue a preliminary injunction enjoining Defendants from enforcing Ind. Code § 35-44.1-2-14 ("the Act") pending entry of final judgment in this case.

In support of this Motion, Plaintiffs state as follows:

1. On October 6, 2023, Plaintiffs filed a Complaint in this action challenging the constitutionality of Ind. Code § 35-44.1-2-14, which makes it a misdemeanor to "knowingly or intentionally approach[] within twenty-five (25) feet of a law enforcement officer lawfully engaged in the execution of the law enforcement's officer's duties after the law enforcement officer has ordered the person to stop." Ind. Code § 35-44.1-2-14. That provision grants law enforcement officers standardless discretion to prevent members of the press from approaching near enough to document the way officers perform their duties in public.

3. Plaintiffs are likely to prevail on the merits of their claims that the Act violates the First and Fourteenth Amendments of the Constitution, on its face and as applied to Plaintiffs' peaceful, nonobstructive newsgathering in public places.

4. Plaintiffs are now suffering and will continue to suffer irreparable harm absent a preliminary injunction because the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Am. C.L. Union of Illinois v. Alvarez*, 679 F.3d 583, 588 (7th Cir. 2012) (internal citation omitted).

5. The balance of equities favors granting preliminary relief because "injunctions protecting First Amendment freedoms are always in the public interest." *Christian Legal Soc'y v. Walker,* 453 F.3d 853, 859 (7th Cir. 2006).

6. Preliminary relief would serve the public interest for the same reason.

7. The Court should issue a preliminary injunction without bond because Defendants will suffer no damages from an injunction against enforcement of an unconstitutional statute, *see All-Options, Inc. v. Att'y Gen. of Indiana*, 546 F. Supp. 3d 754, 770–71 (S.D. Ind. 2021), while requiring the posting of a bond would negatively impact Plaintiffs' ability to exercise their First Amendment rights.

5. Pursuant to Rule II.E of this Court's Practices & Procedures, counsel for Plaintiffs met and conferred with counsel for Defendants on October 30 and November 3, 2023. The parties jointly propose the following schedule for further proceedings in connection with this Motion:

- Defendants will answer or otherwise respond to the Complaint on or before December 1, 2023;
- Plaintiffs will submit their memorandum of law and accompanying evidence in support of this Motion on or before December 1, 2023;
- Defendants will submit their opposition(s) to Plaintiffs' Motion on or before December 15, 2023;
- In the event Defendants file a motion or motions to dismiss, Plaintiffs will submit their opposition(s) to such motions on or before December 15, 2023;
- Plaintiffs will submit their reply (if any) in support of this Motion on or before December 22, 2023;
- In the event Defendants file a motion or motions to dismiss, Defendants will submit their replies (if any) in support of such motions on or before December 22, 2023;

6. The parties do not anticipate that discovery will be required.

7. The parties jointly propose that an argument hearing on this Motion and any motions to dismiss be scheduled for a day and time convenient to the

Court as soon as practicable. Counsel for the Plaintiffs and the Defendants are available for an argument hearing on January 8, the afternoon of January 9, January 10, January 16, the afternoon of January 17, and January 18, 2024.

**WHEREFORE,** pursuant to Fed. R. Civ. P. 65(a), Plaintiffs respectfully request that the Court enter a preliminary injunction, without bond, restraining Defendants from enforcing Ind. Code § 35-44.1-2-14 pending a final judgment.

| | |
|---|---|
| Dated: November 3, 2023 | Respectfully submitted,<br><br>*/s/ Katie Townsend*<br>Katie Townsend<br>Gabe Rottman*<br>Grayson Clary*<br>Emily Hockett*<br>REPORTERS COMMITTEE FOR<br> FREEDOM OF THE PRESS<br>1156 15th Street NW, Suite 1020<br>Washington, DC 20005<br>Phone: 202.795.9300<br>Facsimile: 202.795.9310<br><br>*Attorneys for Plaintiffs Reporters Committee for Freedom of the Press, Indiana Broadcasters Association, Indiana Professional Chapter of the Society of Professional Journalists, Indianapolis Star, Nexstar Media Inc., Scripps Media, Inc., and TEGNA Inc.*<br><br>* Admitted pro hac vice |