United States District Court
Southern District of Indiana

| | |
|---|---|
| **Reporters Committee for Freedom of the Press**, **Indiana Broadcasters Association**, **Indiana Professional Chapter of the Society of Professional Journalists**, **Indianapolis Star**, **Nexstar Media Inc.**, **Scripps Media, Inc.**, and **Tegna Inc.**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **Todd Rokita**, in his official capacity as Attorney General of Indiana, **Ryan Mears**, in his official capacity as Marion County Prosecutor, and **Kerry Forestal**, in his official capacity as Marion County Sheriff, <br><br> *Defendants*. | **Case No.** 1:23-cv-1805 |

## Defendants' Joint Answer

Todd Rokita, in his official capacity as Attorney General of Indiana, Ryan Mears, in his official capacity as Marion County Prosecutor, and Kerry Forestal, in his official capacity as Marion County Sheriff (collectively, "**Indiana**"), answer the complaint filed by Plaintiffs ("**Plaintiffs' Complaint**") as follows:

1. Paragraph 1 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer.

2. Paragraph 2 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer.

3. Paragraph 3 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer. To the extent that an answer is required, Indiana admits that Indiana enacted

**Defs.' Joint Answer**

the statute and that it is codified and in effect, and denies all other allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Paragraph 4 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer. To the extent that an answer is required, Indiana Code § 35-44.1-2-14 ("**Buffer Law**") speaks for itself. Indiana denies the allegations to the extent that they are inconsistent with the law and denies all other allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Paragraph 5 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer. To the extent that an answer is required, Indiana denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Paragraph 6 of Plaintiffs' Complaint contains conclusions of law that do not require an answer, but, to the extent that an answer is required, the Buffer Law speaks for itself. Indiana denies all other allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Paragraph 7 of Plaintiffs' Complaint contains conclusions of law that do not require an answer, but, to the extent that an answer is required, the Buffer Law speaks for itself. Indiana denies all other allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Paragraph 8 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer. To the extent that an answer is required, the Buffer Law speaks for itself.

9. Paragraph 9 of Plaintiffs' Complaint contains conclusions of law that do not require an answer, but, to the extent that an answer is required, the Buffer Law speaks for itself. Indiana denies all other allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Paragraph 10 of Plaintiffs' Complaint contains a conclusion of law that does not

require an answer. To the extent that an answer is required, Indiana denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Paragraph 11 of Plaintiffs' Complaint contains conclusions of law that do not require an answer. To the extent that an answer is required, Indiana states that the cited cases speak for themselves and that the Buffer Law speaks for itself, and denies the implication that the Buffer Law permits law enforcement to ask onlookers to leave, to stop criticizing, or to stop filming.

12. Indiana admits that Paragraph 12 of Plaintiffs' Complaint accurately names the Plaintiffs. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Indiana lacks sufficient knowledge or information to form a belief as to Plaintiffs' intent in bringing this action, as described in Paragraph 13 of Plaintiffs' Complaint. To the extent that Paragraph 13 of Plaintiffs' Complaint contains conclusions of law, it does not require an answer.

14. Indiana admits that the Court has subject matter jurisdiction.

15. Indiana admits that venue is proper in this district.

16. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Indiana admits the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Indiana admits the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Indiana admits the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Although without direct knowledge, based on information and belief, Indiana admits the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. Indiana admits that the cited articles[1] appear to indicate that WANE reported at least twice on the subject referenced in Paragraph 29 of Plaintiffs' Complaint, but lacks sufficient knowledge or information to form any further belief as to the truth or falsity of the allegation in

---

[1] In making this and any other admissions or statements herein concerning sources cited by Plaintiffs, Indiana does not waive any objection to such sources.

Paragraph 29 of Plaintiffs' Complaint.

30. Indiana admits that the cited articles appear to indicate that WRTV reported at least twice on the subject referenced in Paragraph 30 of Plaintiffs' Complaint, but lacks sufficient knowledge or information to form any further belief as to the truth or falsity of the allegation in Paragraph 30 of Plaintiffs' Complaint.

31. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Indiana denies that the referenced reporting required photographers or videographers to be within 25 feet of law enforcement officers performing their official duties, and states that at least one such video source cited by Plaintiffs appears to have been recorded at a distance of more than 25 feet away from law enforcement officers performing their official duties. *E.g.*, Dirk Rowley, *Peaceful Protests Turn Violent, Police Arrest 29*, WANE (May 29, 2020), https://www.wane.com/news/local-news/fort-wayne-police-don't-anticipate-violent-protests-in-city/[2] (*e.g.*, timestamp 00:34, showing police line across multi-lane street from where video is taken).

33. Indiana denies that "assemblies, rallies, or public events" typically require reporters to be within 25 feet of law enforcement to record law enforcement activity. Indiana denies that the sources cited demonstrate a need to be within 25 feet of law enforcement in order to record law enforcement. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' past or future actions in Paragraph 33 of

---

[2]Where Plaintiffs' links include non-working videos, Indiana cites to the same material on the "live" page that is accessible from each "perma.cc" URL in Plaintiffs' citations.

**Defs.' Joint Answer**                             5

Plaintiffs' Complaint.

34. Indiana denies that it is essential for reporters to be within 25 feet of law enforcement in order to record them. Indiana denies that the cited videos of "crime scenes" show reporters recording within 25 feet of a crime scene, much less an essential need to do so. WXIN, *Live Interview: Update on Two Officers Shot in Mitchell, Indiana*, YouTube (Feb. 5, 2023), https://www.youtube.com/watch?v=Pnto-9PAevQ (*e.g.*, timestamp 00:44, nearest police vehicle appears to be more than 25 feet away from reporter; actual scene of incident appears to be even further away); Matt McKinney, *WATCH: IMPD Officer Gets Emotional After 1-Year-Old Shot and Killed, WRTV* (Mar. 29, 2018), https://www.wrtv.com/news/local-news/crime/watch-impd-discusses-shooting-death-of-1-year-old (reporter is clearly outside of police tape indicating the boundary of crime scene buffer zone, which can be clearly scene throughout the video). Indiana denies that the cited videos of consensual "interviews and press conferences" are relevant, since there is no realistic chance of even a threat of enforcement of the Buffer Law at such consensual events.

35. Indiana states that the texts of HB 1186 and Ind. Code § 35-44.1-2-14 speak for themselves. Otherwise, Indiana admits the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Indiana admits the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. The allegation in Paragraph 37 of Plaintiffs' Complaint contains a conclusion of law that does not call for an answer, but, to the extent that an answer is required, Indiana denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. The allegation in Paragraph 38 of Plaintiffs' Complaint contains a conclusion of

law that does not call for an answer, but, to the extent that an answer is required, Indiana denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. Indiana denies the allegations in Paragraph 39 of Plaintiffs' Complaint.

40. Indiana denies that a 25 foot distance often prevents capturing audio not intended to be private, and states that "the protection of personal conversational privacy . . . serves First Amendment interests because fear of public disclosure of private conversations might well have a chilling effect on private speech." *ACLU of Illinois v. Alvarez*, 679 F.3d 583, 605 (7th Cir. 2012).

41. Indiana denies that the allegation in Paragraph 41 of Plaintiffs' Complaint is relevant, since the Buffer Law does not prevent recording. To the extent the allegation in Paragraph 41 of Plaintiffs' Complaint presents a question of law, no answer is required. To the extent an answer is required, Indiana denies the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43 of Plaintiffs' Complaint, but denies that it is relevant, since the Buffer Law applies only to "knowing[]" or "intentional[]" violations. Ind. Code § 35-44.1-2-14.

44. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 44 of Plaintiffs' Complaint, but denies that it is relevant for the same reasons stated in response to Paragraph 43 of Plaintiffs' Complaint.

45. The allegation in Paragraph 45 of Plaintiffs' Complaint contains a conclusion of law that does not call for an answer, but, to the extent that an answer is required, Indiana denies the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. The allegations in Paragraph 46 of Plaintiffs' Complaint contain a conclusion of law that does not call for an answer, but, to the extent that an answer is required, Indiana states that it lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' activities, and denies all other allegations in Paragraph 46 of Plaintiffs' Complaint.

47. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' activities, but admits that the cited *Police, Protesters, and the Press* page and Emily Hockett article do appear to be publications of the Reporters Committee concerning the rights of journalists and the Buffer Law, respectively. Indiana denies all other allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' activities and intent, but admits that the cited source does appear to be a publication of the Reporters Committee concerning its trainings. Indiana denies all other allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. Indiana lacks sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations in Paragraph 51 of Plaintiffs' Complaint.

52. Indiana denies that the cited complaint alleges that the law was enforced (it alleges only that law enforcement referenced the law, not that an arrest or even a charge was made, *see generally* Complaint, *Nicodemus v. City of South Bend*, No. 3:23-cv-00744 (N.D. Ind. Aug. 8, 2023)) and denies that Plaintiffs are aware of all reported instances of enforcement of the Buffer Law. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52 of Plaintiffs' Complaint.

53. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 53 of Plaintiffs' Complaint.

54. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 54 of Plaintiffs' Complaint.

55. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 55 of Plaintiffs' Complaint.

56. Paragraph 56 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57. Paragraph 57 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Paragraph 58 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer. To the extent an answer is required, Indiana admits that the referenced proposed amendment was not passed, and denies all other allegations contained in Paragraph 58

of Plaintiffs' Complaint.

59. Paragraph 59 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer. To the extent an answer is required, Indiana admits that the referenced proposed amendment was not passed, and denies all other allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Indiana admits that no such findings are stated in the text of the Buffer Law itself, but otherwise denies the allegations in Paragraph 60 of Plaintiffs' Complaint.

61. Paragraph 61 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62. Paragraph 62 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Indiana denies that the Plaintiffs are entitled to any relief.

64. Indiana re-alleges and incorporates by reference the preceding paragraphs in this Answer in response to Paragraph 64 of Plaintiffs' Complaint, as if fully rewritten herein.

65. Indiana lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 65 of Plaintiffs' Complaint.

66. Paragraph 66 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67. Paragraph 67 of Plaintiffs' Complaint contains a conclusion of law that does not

require an answer, but to the extent an answer is required, Indiana states that it lacks sufficient knowledge to form a belief as to the truth or falsity of Plaintiffs' stated intentions, and otherwise denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68. Paragraph 68 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69. Paragraph 69 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70. Paragraph 70 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71. Paragraph 71 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72. Indiana re-alleges and incorporates by reference the preceding paragraphs in this Answer in response to Paragraph 72 of Plaintiffs' Complaint, as if fully rewritten herein.

73. Paragraph 73 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74. Paragraph 74 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations

contained in Paragraph 74 of Plaintiffs' Complaint.

75. Paragraph 75 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. Paragraph 76 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. Paragraph 77 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78. Paragraph 78 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79. Paragraph 79 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80. Indiana re-alleges and incorporates by reference the preceding paragraphs in this Answer in response to Paragraph 80 of Plaintiffs' Complaint, as if fully rewritten herein.

81. Paragraph 81 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82. Paragraph 82 of Plaintiffs' Complaint contains a conclusion of law that does not

require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83. Paragraph 83 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84. Paragraph 84 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85. Paragraph 85 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86. Paragraph 86 of Plaintiffs' Complaint contains a conclusion of law that does not require an answer, but to the extent an answer is required, Indiana denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87. Indiana denies that the Plaintiffs are entitled to any relief.

## Defenses

Indiana asserts the following defenses:

1. All of Plaintiffs' claims fail because the common-law right of law enforcement officers to require bystanders to move is recognized throughout state and federal courts, *e.g.*, *Lund v. City of Rockford, Illinois*, 956 F.3d 938, 943, 947 (7th Cir. 2020); *Colten v. Kentucky*, 407 U.S. 104, 109 (1972), and Plaintiffs cannot show that the Buffer Law does anything aside from limiting the discretion law enforcement holds pursuant to this constitutional authority.

Defs.' Joint Answer                              13

2. All of Plaintiffs' claims fail because, in addition to the other defenses listed herein, the Buffer Law is narrowly tailored to numerous compelling and substantial state interests.

3. Plaintiffs lack standing to assert any of their claims because they have alleged no injury in fact. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Speech First, Inc. v. Killeen*, 968 F.3d 628, 638 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (Sept. 4, 2020).

4. All of Plaintiffs' claims fail because they cannot show "objective evidence that [they] [were] arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech" were not. *Nieves v. Bartlett,* 139 S. Ct. 1715, 1727 (2019); *Lund v. City of Rockford, Illinois*, 956 F.3d 938, 945 (7th Cir. 2020).

5. Plaintiffs' facial claims fail, as they cannot show that the Buffer Law has no constitutional application or lacks a "plainly legitimate sweep," or that "a substantial number of its applications are unconstitutional" relative to its "plainly legitimate sweep," *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450, 450 n.6 (2008) (cleaned up; citations omitted), nor is any "stated purpose" of the Buffer Law unconstitutional, *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 565, 131 S. Ct. 2653, 2663, 180 L. Ed. 2d 544 (2011).

6. Plaintiffs' facial claims fail because they ignore the policies and interpretations of police agencies, which must be considered by the court. *See Ward v. Rock Against Racism,* 491 U.S. 781, 795–96 (1989). Police policies recognizing the rights of the press, including policies specifically directed toward permitting the press to record unimpeded, necessitate the conclusion that the Buffer Law is neither vague nor overbroad, but is constitutional.

7.  Plaintiffs' facial claims fail because they ignore plain statutory language. The Buffer Law's explicit reference to "encroachment on an investigation," Ind. Code § 35-44.1-2-14, demonstrates that it is narrowly tailored to compelling state interests, further necessitating the conclusion that the Buffer Law is neither vague nor overbroad, but is constitutional.

Defendants reserve the right to amend their answer and defenses as more information is obtained.

Dated: December 1, 2023

Respectfully Submitted,

OFFICE OF CORPORATION COUNSEL
John P. Lowrey, Ind. Bar No. 29349-53
Deputy Chief Litigation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
john.lowrey@indy.gov
*Counsel for Kerry Forestal*

Theodore E. Rokita
Indiana Attorney General
Attorney No. 18857-49

By:
/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
T. Shetina, Ind. Bar No. 37887-45
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
tshetina@bopplaw.com
*Counsel for Todd Rokita and Ryan Mears*

## Certificate of Service

I certify that on this 1st day of December 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ James Bopp, Jr.<br>
James Bopp, Jr.