UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Reporters Committee for Freedom of the Press**, **Indiana Broadcasters Association**, **Indiana Professional Chapter of the Society of Professional Journalists**, **Indianapolis Star**, **Nexstar Media Inc.**, **Scripps Media, Inc.**, and **Tegna Inc.**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **Todd Rokita**, in his official capacity as Attorney General of Indiana, **Ryan Mears**, in his official capacity as Marion County Prosecutor, and **Kerry Forestal**, in his official capacity as Marion County Sheriff, <br><br> *Defendants*. | Case No. 1:23-cv-1805 |

## Defendants' Joint Motion to Dismiss

Defendants Todd Rokita, in his official capacity as Attorney General of Indiana, Ryan Mears, in his official capacity as Marion County Prosecutor, and Kerry Forestal, in his official capacity as Marion County Sheriff (collectively, "**Indiana**") hereby move this Court to dismiss the Complaint of Plaintiffs Reporters Committee for Freedom of the Press, Indiana Broadcasters Association, Indiana Professional Chapter of the Society of Professional Journalists, Indianapolis Star, Nexstar Media Inc., Scripps Media, Inc., and Tegna Inc. (collectively, "**Media Organizations**") for lack of subject matter jurisdiction, to defer to parallel litigation under the first-to-file rule, and on collateral estoppel grounds based on the imminent decision in *Nicodemus v. City of South Bend*, No. 3:23-cv-00744 (N.D. Ind. Aug. 8, 2023).

In support of this Motion, as further explained in the accompanying *Defendant's Brief in Support of Joint Motion to Dismiss*, Indiana states the following:

1

(1)     Media Organizations lack standing because they fail to allege facts showing actual or imminent injury caused by Ind. Code § 35-44.1-2-14 ("**Buffer Law**") or a credible threat of enforcement against conduct in which they intend to engage. Nor are their claims ripe, because no injury is credibly likely ever to occur. Media Organizations' subjective fear of unconstitutional enforcement is purely speculative and, considering that the Buffer Law's enforcement history shows nothing but extraordinary deference to First Amendment rights, is not reasonable or credible. Therefore, this Court lacks jurisdiction over the subject matter and Indiana's Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(1).

(2)     The issues and relief sought in this action are substantially similar to those in the earlier-filed *Nicodemus* litigation, which serves to fully protect Media Organizations' interests. Under the first-to-file rule, Media Organizations' Complaint should be dismissed to avoid duplicative litigation of a parallel case, thus conserving judicial resources and avoiding potentially conflicting federal court decisions.

(3)     Media Organizations' claims regarding the constitutionality of the statute will likely be barred by collateral estoppel following an imminent decision in *Nicodemus*. A ruling in *Nicodemus* would preclude relitigation of the First Amendment issues presented in this case because the issues are precisely the same and because a ruling in favor of the plaintiff there would fully preserve the interests Media Organizations assert here. Therefore, Media Organizations' Complaint should be dismissed on collateral estoppel grounds. Alternatively, Indiana requests a stay pending the *Nicodemus* decision, which will determine the preclusive effect on Media Organizations' claims here.

The grounds for this Motion are set forth in the accompanying *Defendants' Brief in Support of Joint Motion to Dismiss*.

**WHEREFORE**, Indiana respectfully requests that this Court dismiss Media Organizations' Complaint or, in the alternative, stay this case to determine the effect of *Nicodemus v. City of South Bend*.

| | |
|---|---|
| Dated: December 1, 2023 | Respectfully Submitted, |
| OFFICE OF CORPORATION COUNSEL<br>John P. Lowrey, Ind. Bar No. 29349-53<br>Deputy Chief Litigation Counsel<br>200 E. Washington Street, Suite 1601<br>Indianapolis, Indiana 46204<br>T: (317) 327-4055<br>F: (317) 327-3968<br>john.lowrey@indy.gov<br>*Counsel for Kerry Forestal* | Theodore E. Rokita<br>Indiana Attorney General<br>Ind. Bar No. 18857-49<br><br>By:<br>/s/ James Bopp, Jr.<br>James Bopp, Jr., Ind. Bar No. 2838-84<br>Taylor Shetina, Ind. Bar No. 37887-45<br>THE BOPP LAW FIRM, PC<br>The National Building<br>1 South 6th Street<br>Terre Haute, Indiana 47807<br>jboppjr@aol.com<br>tshetina@bopplaw.com<br>Phone: 812/232-2434<br>Fax: 812/235-3685<br>*Counsel for Todd Rokita and Ryan Mears* |

## Certificate of Service

I certify that on this 1st day of December 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ James Bopp, Jr.
James Bopp, Jr.
