UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Reporters Committee for Freedom of the Press**, **Indiana Broadcasters Association**, **Indiana Professional Chapter of the Society of Professional Journalists**, **Indianapolis Star**, **Nexstar Media Inc.**, **Scripps Media, Inc.**, and **Tegna Inc.**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**Todd Rokita**, in his official capacity as Attorney General of Indiana, **Ryan Mears**, in his official capacity as Marion County Prosecutor, and **Kerry Forestal**, in his official capacity as Marion County Sheriff,<br><br>*Defendants*. | Case No. 1:23-cv-1805 |

## Joint Motion for Extension of Time for Response in Opposition to Plaintiffs' Motion for Preliminary Injunction

Pursuant to S.D. Ind. L.R. 6-1(c), Defendants Todd Rokita, in his official capacity as Attorney General of Indiana, Ryan Mears, in his official capacity as Marion County Prosecutor, and Kerry Forestal, in his official capacity as Marion County Sheriff (collectively, "**Indiana**"), jointly move and request that the Court grant a 21-day extension on the deadline for Indiana's response ("**PI Response**") to Plaintiffs' Motion for Preliminary Injunction ("**PI Motion**"), up to and including January 5, 2024. Indiana's response is currently due Friday, December 15, 2023. As set forth below, there is good cause for this extension.

      1.     Attorney James Bopp, Jr., counsel for Todd Rokita and Ryan Mears, is currently engaged in numerous cases as lead counsel in state and federal courts across the country. His

time working on this case is therefore divided among these numerous responsibilities.

2. Attorney Bopp employs various attorneys to aid in research, strategy formulation, and drafting. He and the attorneys assigned to this case have obligations in other cases and for other clients that predate this matter, requiring work on this case to be similarly divided among these numerous responsibilities.

3. One of the attorneys assigned to this matter underwent an unanticipated dental procedure on December 8, 2023, effectively resulting in being unable to work for the two days following the procedure, therefore losing integral time the attorney intended to use for developing research, strategy, and drafting for this matter.

4. The nature of the case requires Indiana to employ an expert witness. Conferring with this expert witness has taken and will take additional time beyond what is required in much preliminary injunction litigation.

5. The nature of the case also requires Indiana to seek potential declarants. Seeking and conferring with such declarants has taken and will take additional time beyond what is required in much preliminary injunction litigation.

6. As discussed in Indiana's memorandum in support of its Motion to Dismiss ("**MTD Brief**"), Dkt. 26, 14–24, litigation concerning the same issues and claims that Plaintiffs have brought is currently awaiting a final decision in *Nicodemus v. City of South Bend,* No. 3:23-cv-00744 (N.D. Ind. Aug. 8, 2023). Oral argument in *Nicodemus* took place on October 13, 2023, *see* Order Granting Consolidation, *Nicodemus*, No. 3:23-cv-744, Dkt. 32, and the decision may be announced any day now. Such a decision, if not determinative in this case, will at the very least serve to inform this Court regarding the issues raised.

7.      On this date, December 12, 2023, counsel for Todd Rokita and Ryan Mears inquired to counsel for Plaintiffs whether they objected to the requested extension. Plaintiffs' counsel stated that Plaintiffs object to any extension of the current deadline due to "the urgency of the preliminary injunctive relief sought by plaintiffs in this case[.]" However, as established in Indiana's MTD Brief, Plaintiffs have not been and are not likely to be harmed by the law Plaintiffs challenge, Ind. Code § 35-44.1-2-14  ("**Buffer Law**"). Dkt. 26, 3–14.

8.      Furthermore, Plaintiffs were not only *aware* of the Buffer Law even before it was signed into law on April 20, 2023, Mem. of Law in Support of Pls.' Mot. for Prelim. Inj. ("**PI Memorandum**") Dkt. 27, 11, but were concerned about it "[s]ince [it] was enacted," Decl. of Ryan Thedwall, Dkt. 27-1, ¶¶ 2, 9, or "immediately concerned about" it as early as its introduction well before it passed, Decl. of Scott Hums, Dkt. 27-2, ¶¶ 2, 9. Indeed, Indianapolis Star journalists' "uniform[] . . . concern" about the law arose "after it was first proposed." Decl. of Robert Scheer, Dkt. 27-3, ¶¶ 10–11. *See also, e.g.*, Emily Hockett, *Efforts to Criminalize 'Encroachment' on Police Encroach on First Amendment Rights*, Reporters Comm. for Freedom of the Press (June 26, 2023), https://perma.cc/B2HA-L7QN.

9.      Despite this concern, Plaintiffs did not file their Complaint until October 6, 2023, Dkt. 1, five and a half months after it was signed into law.

10.     Plaintiffs waited another month after that to file their motion for preliminary injunction. Dkt. 20 (filed 11/3/23).

11.     Plaintiffs waited yet another month to file their PI Memorandum in support of same. Dkt. 27 (filed 12/1/23).

12.     It strains credulity that Plaintiffs could consider three more weeks too great a

**Joint Mot. for Extension of Time for
Opp'n to Mot. for PI**                              3

delay after having taken more than seven moths since the Buffer Law was signed into law, five months since it became effective July 1, 2023, *id.* at 12, and nearly two months since filing their Complaint to file their PI Memorandum.

13. Indiana has not previously sought an extension for its PI Response.

14. The requested extension will not significantly interfere with any deadlines in this case. While the scheduling order adopted by the Court contemplates Plaintiffs' reply in support of their PI Motion being due on Friday, December 22, 2023, the Court may readily, in its ample discretion concerning its docket and scheduling, likewise extend that deadline by 21 days or whatever alternative extension the Court deems proper.

WHEREFORE, for the foregoing good cause, Indiana respectfully moves this Court to grant the requested 21-day extension, making Indiana's PI Response due Friday, January 5, 2023.

Dated: December 12, 2023

Respectfully Submitted,

OFFICE OF CORPORATION COUNSEL
John P. Lowrey, Ind. Bar No. 29349-53
Deputy Chief Litigation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
john.lowrey@indy.gov
*Counsel for Kerry Forestal*

Theodore E. Rokita
Indiana Attorney General
Attorney No. 18857-49

By:
/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar #2838-84
The Bopp Law Firm, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
*Counsel for Todd Rokita and Ryan Mears*

## Certificate of Service

I certify that on this 12th day of December 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ James Bopp, Jr.</u>
James Bopp, Jr.
