UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Reporters Committee for Freedom of the Press, Indiana Broadcasters Association, Indiana Professional Chapter of the Society of Professional Journalists, Indianapolis Star, Nexstar Media Inc., Scripps Media, Inc., and Tegna Inc.,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**Todd Rokita,** in his official capacity as Attorney General of Indiana, **Ryan Mears,** in his official capacity as Marion County Prosecutor, and **Kerry Forestal,** in his official capacity as Marion County Sheriff,<br><br>*Defendants.* | Case No. 1:23-cv-1805 |

## AFFIDAVIT OF CAPTAIN LEWIS PERRINE

Comes now Captain Lewis Perrine, being duly sworn upon his oath, and says that:

1. I am at least 18 years of age, of sound mind, and capable of making this affidavit.

2. I am the Captain of the Marion County Sheriff's Office ("MCSO") Warrant Service Division.

3. I have been employed by MCSO for twenty-three years, eleven of which have been in the Warrant Service Division.

4. As Captain of the Warrant Service Division, I oversee five teams responsible for serving high-risk felony search and arrest warrants and criminal summonses, securing locations, assisting with investigations, and responding to special events, civil unrest/public disorder, or natural disasters as needed.

5. Members of the public encroaching on police investigations present a number of safety and security concerns. Officers cannot know the intentions of the people encroaching on to the investigation. They could be present for the purposes of victim or witness intimidation, destruction of evidence, or the commission of other crimes.

6. Officers responding to reports of violent crime need to be able to control access to the scene for their own safety, as well as the safety of the public. Violence can erupt at any moment, especially at scenes where tensions are high. Bystanders are more likely to be injured if they are encroaching on the scene and violence erupts. If bystanders are encroaching on a scene, officers must divide their attention between securing the scene and the safety of the bystanders, which increases the risks to officer safety.

7. On November 16, 2023, while confronting an armed seriously violent felon living in a house on a cul-de-sac, several people who lived nearby insisted on moving through the perimeters set up by officers, placing themselves and officers at risk.

8. On November 23, 2023, officers attempting to serve a warrant on a suspect were forced to retreat due to a bystander repeatedly fighting and interfering with the officers. As a result, the suspect attempted to escape twice, but was later arrested when officers were able to enter the building after arresting a bystander for battery against a law enforcement officer.

9. These are only a few, recent examples of a recurring problem.

10. Establishing a twenty-five foot perimeter decreases the likelihood of interference with a scene and reduces the risks to officer and public safety, while still allowing bystanders the ability to safely observe.

Further, affiant sayeth not.

## VERIFICATION

I affirm, under penalties of perjury, that the foregoing representations are true.

_____
Captain Lewis Perrine
Marion County Sheriff's Office


**NOTARY VERIFICATION ON NEXT PAGE**
STATE OF INDIANA      )
                      )
COUNTY OF MARION      )

      Subscribed and sworn before me, a Notary Public, in and for Marion county and state, this __3__ day of __January__, 20__24__.

_____
Notary Public

__Wanda Placencia__
Printed Name

Commission Expires: __July 31, 2026__

County of Residence: __Marion__