**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **Reporters Committee for Freedom of the Press**, **Indiana Broadcasters Association**, **Indiana Professional Chapter of the Society of Professional Journalists**, **Indianapolis Star**, **Nexstar Media Inc.**, **Scripps Media, Inc.**, and **Tegna Inc.**, | **Case No. 1:23-cv-1805** |
| *Plaintiffs*, | |
| *v.* | |
| **Todd Rokita**, in his official capacity as Attorney General of Indiana, **Ryan Mears**, in his official capacity as Marion County Prosecutor, and **Kerry Forestal**, in his official capacity as Marion County Sheriff, | |
| *Defendants.* | |

### Declaration of Dr. Richard Celeste

I, Richard Celeste, make the following declaration pursuant to 28 U.S.C. Section 1746:

1.     I am the author of *Expert Report of Dr. Richard Celeste* (December 12, 2023) ("my Report" or "Celeste Report"), expert report for Defendants in the above-captioned case, attached hereto as **Exhibit A**.

2.     In my Report, I have relied on my own training, experience, education, and teaching, course development, and professional affiliations, details of which are provided in my Curriculum Vitae, attached hereto as **Exhibit B** hereto, as well as reference to other authorities addressing the subject matter of my Report.

3.     I have reached the opinions and conclusions stated in my Report using reasoning and methodology that is based on my education, my observations, and the extensive specialized

**Declaration of Dr. Richard Celeste**

experience and knowledge I have garnered over the course of the last 45 years, as well as familiarity with current social developments and police tactics and procedures.

4.      In sum, my experience, knowledge, skill, education, and training are recognized as producing specialized knowledge of the sort that qualifies as expert, and the subject matter of that specialized knowledge is the type that experts on police procedures, tactics, and interactions with the public would rely upon in answering the questions raised by this case.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this ___12th_____ day of December 2023.

/s/  *Richard Celeste*

Dr. Richard Celeste

**Declaration of Dr. Richard Celeste**

# *Expert Report of Dr. Richard Celeste*

## Exhibit A

**POLICE PRACTICES and PROCEDURES ANALYSIS REGARDING**

**[Indiana Code § 35-44.1-2-14]**

**PREPARED FOR:**

**THE BOPP LAW FIRM, P.C., LOCATED IN TERRE HAUTE, INDIANA**

**EXPERT REPORT OF DR. RICHARD CELESTE**

**LAW ENFORCEMENT TRAINING, CRIMINAL JUSTICE, USE OF
FORCE, POLICE PURSUIT AND POLICE PRACTICES
EXPERT/CONSULTANT**

Exhibit A to Declaration
of Dr. Richard Celeste

# TABLE OF CONTENTS

**I.**   **INTRODUCTION**
   **Page 3**


**II.**   **STRUCTURE and METHODOLOGY**
   **Page 4**


**III.**   **QUALIFICATIONS**
   **Page 4**


**IV.**   **MATERIALS REVIEWED**
   **Page 4**


**V.**   **CENTRAL ISSUE**
   **Pages 4-19**


**VI.**   **SUMMARY AND CONCLUSION**
   **Pages 19-21**


**VII.**   **SIGNATURE PAGE**
   **Page 22**

## I.  INTRODUCTION

This report was developed by me, Dr. Richard Celeste, a law enforcement training, criminal justice, police practices and procedures, police pursuit, and use of force expert and consultant.  I was retained by the Bopp Law Firm, PC, located in Terre Haute, Indiana. The scope of my analysis and the purpose of my retention was to review the impact, as it relates to police practices and procedures regarding the following:

> "A person who knowingly or intentionally approaches within twenty-five (25) feet of a law enforcement officer lawfully engaged in the execution of the law enforcement officer's duties after the law enforcement officer has ordered the person to stop approaching commits unlawful encroachment on an investigation, a Class C misdemeanor." **[Indiana Code § 35-44.1-2-14]**

I have reviewed documents forwarded to my office by the Bopp Law Firm which are listed in Section IV of this report. I have used other material which is cited in the report. I am being compensated for my time in this matter on an hourly basis.

Opinions contained in this report are based on my review of those listed items as well as my knowledge, experience, and training in the field of law enforcement and criminal justice, and includes other support material. My opinions are rendered to a reasonable degree of professional certainty based on the practices and procedures utilized in the law enforcement community.

My analysis in this matter will demonstrate that the State Government of Indiana has multiple "**Police  Related** interests" in enforcing the above statute.

## II.  STRUCTURE AND METHODOLOGY

To assist the reader, the structure of this report is as follows. First, I discuss my qualifications as they relate to the opinions contained herein. Second, I list documents that I reviewed while preparing to render the opinions contained herein. Third, I provide opinions and support material regarding the scope of my analysis. Lastly, I summarize my conclusions.

Additionally, as with all matters that I review, I do not start with a conclusion or belief and attempt to support a conclusion. The method is to objectively review the matter and then come to a conclusion.

## III.  QUALIFICATIONS

I have attached a complete cv outlining my qualifications. In addition, I have attached a document titled, "Expert Witness Experience," and a Declaration regarding this matter.

## IV.  MATERIALS FORWARDED FOR REVIEW

1.  Complaint for Declaratory and Injunctive Relief / Notice of Challenge to the Constitutionality of an Indiana Statute;
2.  Motion for Preliminary Injunction.
3.  Plaintiffs' Complaint for Declaratory and Injunctive Relief
4.  Plaintiffs' Motion for Preliminary Injunction
5.  Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction, and supporting declarations:
    a.  Declaration of Scott Hums
    b.  Declaration of Robert Scheer
    c.  Declaration of Rex Smith
    d.  Declaration of Lisa Zycherman
    e.  Declaration of Ryan Thedwall

## V.  CENTRAL ISSUE

Indiana Code § 35-44.1-2-14 provides, in its entirety:

> "A person who knowingly or intentionally approaches within twenty-five (25) feet of a law enforcement officer lawfully engaged in the execution of the law enforcement officer's duties after the law enforcement officer has ordered the person to stop approaching commits unlawful encroachment on an investigation, a Class C misdemeanor."

A.   There has been a challenge as to the constitutionality of Indiana Code § 35-44.1-2-14. The following are Police Related interests which support and achieve those interests based on my combined 45 years of experience in law enforcement, academia, and training:

## 1.   Citizen Safety

It has been my experience, irrespective of whether a citizen is a suspect or an arrestee, they still have the right to be free from harm. An officer or officers engaged with a private citizen in a law enforcement context, not only has the right to be free from harm from the officer, he/she also has a right to be protected from harm from others.

By way of example, if an officer is arresting a subject who committed an act where a third party was harmed, the officer is also tasked with the duty to protect that arrestee from others who may desire to harm that person as a form of punishment or retribution. Indiana Code § 35-44.1-2-14 provides a measure of safety for the private citizen by ensuring that person(s) who may desire to harm the arrestee are put at a reasonable distance from the arrest.

It has been my experience that once an officer engages and or takes control or custody of a subject, the officer(s), are now duty bound to ensure that subject's safety.

## 2.   Victim Rights

Based on my training, education, and experience, our society has evolved significantly into one that genuinely cares about victim rights. During my 40 plus years in law enforcement and criminal justice, I have observed that change whereby there is now a significant focus on victim witness assistance programs providing services to victims. A victim is a victim at the very moment that they suffer a harm as indicated by the following Indiana statute:

> Indiana Statute § 35-40-4-8 – defines "Victim," "Victim" means a person that has suffered harm as a result of a crime that was perpetrated

directly against the person. The term does not include a person that has been charged with a crime arising out of the same occurrence.

Indiana Statute §35-40-5-1- Right to fairness, dignity, and respect; freedom from intimidation, harassment, and abuse Sec. 1. A victim has the right to be: (1) treated with fairness, dignity, and respect; and (2) free from intimidation, harassment, and abuse; throughout the criminal justice process. **[National Crime Victim Law Institute/State of Indiana Constitutional and Statutory Victim Rights]**

If an officer is attending to a victim, the officer is supporting the concept of dignity and respect to that victim by not allowing another party to be at a distance that embarrasses, demeans, debases, or marginalizes the victim of a crime to a further degree. A victim has a right to be free from such potential harms.

To further demonstrate how important the issue of caring for victims in our society, the following are but just a few organizations that support victims:

- The Indiana Criminal Justice Division maintains a website **[CJI: Victim Services: Victim Services (in.gov)]** and has a "Victim Rights Division" to assist citizens who are victims of crime.

- The ACLU of Indiana may be able help you if you think your rights have been violated by a government agency or organization, including town government, schools, police officers or the state of Indiana. **[Get Legal Help | ACLU of Indiana (aclu-in.org)]**

- "The ACLU works in courts, legislatures, and communities to defend and preserve the individual rights and liberties that the Constitution and the laws of the United States guarantee everyone in this country." **[Human Rights and Criminal Justice | American Civil Liberties Union (aclu.org)]**

### 3.  Crime and Disaster Scene Integrity

Based on my training, education, and experience, one of the important aspects of solving crimes and protecting citizens is enforcing the integrity of a crime scene or disaster. It has been my experience, that Crime/Disaster scenes are fluid concepts.

For example, a chemical spill, fire, or extreme weather occurrence can move quickly and what becomes a close perimeter scene can become much wider in a short period of time. A shooting scene may be relatively compressed but increased in size if another shell casing is located at a distance from what was thought to be the terminus location of the shooting incident.

Other situations include, what is considered to be an active scene, where suspect(s) may be at large  and a danger to the community. Cordoning off an area is not meant to infringe on one's desire to enter the area but to protect that person and other citizens from harm.

Some support material regarding this important issue is as follows:

- Protection of the crime scene is essential to the protection of evidence. Safeguarding and preserving evidence is fundamental to the successful solution of a crime.  **[https://nij.ojp.gov/nij-hosted-online-training-courses/what-every-law-enforcement-officer-should-know]**

- Crime and Disaster Scene Integrity
  PURPOSE AND SCOPE The protection and integrity of a crime scene is of the utmost importance for the successful apprehension of criminals and successful prosecution. The integrity of a disaster scene is equally as critical for the protection of life and property and investigation by proper authorities. CRIME SCENE RESPONSIBILITY The first officer at the scene of a crime or major incident is generally responsible for taking reasonable efforts to preserve the scene. Officers shall also consider officer safety and public safety, including reasonable efforts to render medical aid to any obviously injured parties. Once an officer has assumed or been assigned to maintain the integrity of the crime/disaster scene, the officer shall continue to do so until

he/she is relieved by a supervisor. **[University of California Santa Cruz Police Department PD Policy Manual]**

- "Crime scenes can present a wide variety of physical, biological, chemical, and situational hazards with a level of personal risk of injury, illness, or exposure almost always present. Personnel shall not be exposed to an unreasonable level of risk to personal safety and shall be provided with the equipment and training necessary to mitigate risks." **[Guiding Principles for Crime Scene Investigation and Reconstruction Prepared by Crime Scene Investigation Subcommittee Version: 1.0 March 2020]**

- Crime scene investigators and re-constructionists shall document a crime scene in such a way that it preserves the context of the evidence to ensure others can later understand not just what was collected, but also where, how, and in what condition it was found. **[Guiding Principles for Crime Scene Investigation and Reconstruction Prepared by Crime Scene Investigation Subcommittee Version: 1.0 March 2020]**

- Maintaining Evidence Integrity Crime scene investigators and re-constructionists shall take appropriate steps to maintain evidence integrity by preventing contamination, tampering, alteration, or loss of evidence. Procedures and documents shall be utilized to account for the integrity and possession of evidence by tracking its handling and storage from its point of collection to its final disposition. **[Guiding Principles for Crime Scene Investigation and Reconstruction Prepared by Crime Scene Investigation Subcommittee Version: 1.0 March 2020]**

## 4.  Officer Safety

Officer safety is a key issue when analyzing the issue of distance away from an officer while he is working. I have taken the last 4 years of FBI statistics relative to officers killed and assaulted to demonstrate the importance of officer safety.

**2019 FBI Releases 2019 Statistics on Law Enforcement Officers Killed in the Line of Duty**

According to statistics reported to the FBI, 89 law enforcement officers were killed in line-of-duty incidents in 2019. Of these, 48 officers died as a result of felonious acts, and 41 officers died in accidents. Comprehensive data tables about these incidents and brief narratives describing the fatal attacks are included in Law Enforcement Officers Killed and Assaulted, 2019, released today.

**Felonious Deaths**

The 48 felonious deaths occurred in 19 states and in Puerto Rico. The number of officers killed as a result of criminal acts in 2019 was 8 less than the 56 officers who were feloniously killed in 2018. The 5- and 10-year comparisons show an increase of 7 felonious deaths compared with the 2015 figure (41 officers) and a decrease of 7 deaths compared with 2010 data (55 officers).

Circumstances. Of the 48 officers feloniously killed:

- 15 died as a result of investigative or law enforcement activities
    - 6 were conducting traffic violation stops
    - 4 were performing investigative activities
    - 2 were drug-related matters
    - 2 were interacting with wanted persons
    - 1 was investigating suspicious person or circumstance
- 9 were involved in tactical situations
    - 3 were barricaded/hostage situations
    - 3 were serving, or attempting to serve, search warrants
    - 2 were serving, or attempting to serve, arrest warrants
    - 1 was reported in the category titled "other tactical situation"
- 5 were involved in unprovoked attacks
- 4 were responding to crimes in progress
    - 2 were robberies
    - 1 was larceny-theft
    - 1 was reported in the category titled "other crime against property"
- 3 were involved in arrest situations and were attempting to restrain/control/handcuff the offender(s) during the arrest situations

- 3 were assisting other law enforcement officers
    - 2 with vehicular pursuits
    - 1 with foot pursuit
- 3 were responding to disorders or disturbances
    - 2 were responding to disturbances (disorderly subjects, fights, etc.)
    - 1 was responding to a domestic violence call
- 3 were involved in vehicular pursuits
- 2 were ambushed (entrapment/premeditation)
- 1 was serving, or attempting to serve, a court order (eviction notice, subpoena, etc.).

## 2020 FBI 2020 Data on Law Enforcement Officers Killed & Assaulted [OCT 21, 2021/HOMELAND SECURITY DIGITAL LIBRARY]

The Federal Bureau of Investigations' (FBI) Uniform Crime Reporting Program (UCR) recently released 2020 statistics for the Law Enforcement Officers Killed and Assaulted (LEOKA) portion of their Law Enforcement Data Explorer.

Data for 2020 shows a total of 60,105 law enforcement officers assaulted while performing their duties; an increase of 4,071 from the 56,034 assaults reported in 2019.

- Of the 60,105 officers who were assaulted in 2020, 18,568 (30.9%) sustained injuries.
- 44,421 officers were assaulted with personal weapons (e.g., hands, fists, or feet); 25.8% of these officers were injured.
- 2,744 officers were assaulted with firearms; 6.1% of these officers were injured.
- 1,180 officers were assaulted with knives or other cutting instruments; 9.7% of these officers were injured.
- The remaining 11,760 officers were assaulted with other types of dangerous weapons; 16.8% of these officers were injured.

- Statistics released earlier this year reported 93 law enforcement officers died in the line of duty in 2020. Of these, 46 officers died as a result of felonious acts, and 47 officers died in accidents.

"Through the Law Enforcement Officers Killed and Assaulted (LEOKA) Data Collection, the FBI provides data and training that helps keep law enforcement officers safe as they protect the nation's communities. The goal is to provide relevant, high quality, potentially lifesaving information to law enforcement agencies focusing on why an incident occurred, as opposed to what occurred during the incident, with the hope of preventing future incidents. The data collected is analyzed by the LEOKA team and the results are incorporated into the officer safety awareness training the FBI provides for partner agencies."

## 2021 [FBI Law Enforcement Bulletin/April 5, 2023/Crime Data/Law Enforcement Officers Assaulted in 2021]

According to statistics released by the FBI's Law Enforcement Officers Killed and Assaulted (LEOKA) program, 43,649 officers were assaulted while performing their duties in 2021. The data was collected from 7,886 law enforcement agencies employing 354,144 officers.

### Nationwide Estimates

Estimated trend tables in the release provide year-over-year trends for 2020 to 2021. They include national and regional estimates of assaults by data elements that include weapons, location type, time of day, and type of assignment.

- Assaults on law enforcement officers increased 11.2% from 2020 to 2021.
- Assaults against officers involving weapons increased 10.5%, from an estimated 72,300 incidents in 2020 to an estimated 79,900 incidents in 2021.
- The estimated number of officers sustaining at least one injury from the assaults increased 18.3% from 2020 to 2021.

Each of these estimated data points were deemed statistically significant based on the NIBRS calculation process.

Assaults and Injuries

- Of the 43,649 officers assaulted in 2021, 35.2% (15,369) sustained injuries.
- By region, 49.5% (21,609) of the reported assaults occurred in the South, 25.8% (11,261) occurred in the West, 17.0% (7,437) took place in the Midwest, and 7.7% (3,342) happened in the Northeast.

Circumstances

- 28.6% (12,463) of the reported assaults occurred while officers responded to disturbance calls.
- 18.4% (8,046) of officers assaulted were attempting "other arrests."
- 13.8% (6,037) of officers were assaulted while handling, transporting, or maintaining custody of prisoners.

Of the officers assaulted in the line of duty:

- 74.3% (32,421) were attacked with personal weapons (e.g., hands, fists, or feet).
- 5.1% (2,247) were assaulted with firearms.
- 2.3% (1,000) were attacked with knives or other cutting instruments.
- 18.3% (7,981) were assaulted with other dangerous weapons.

**2022 FBI Releases 2022 Statistics on Law Enforcement Officers Killed in the Line of Duty/ May 8, 2023**

According to statistics reported to the FBI by March 1, 2023, 118 law enforcement officers were killed in line-of-duty incidents in 2022. Of these, 60 officers died as a result of felonious acts, and 58 officers died in accidents. Comprehensive data tables about these incidents and brief narratives describing the fatal attacks were released on May 8 in the Law Enforcement Officers Killed and Assaulted (LEOKA) portion of the FBI's Law Enforcement Data Explorer (a subset of the Crime Data Explorer).

**Felonious Deaths**

Sixty officers were feloniously killed in 2022, a decrease of 17.8% when compared to the 73 officers who were killed as a result of criminal acts in 2021. The 60 felonious deaths occurred in 28 states and the District of Columbia.

The five- and 10-year comparisons show an increase of three felonious deaths when compared with the 2018 figure (57 officers) and an increase of 33 deaths when compared with 2013 data (27 officers).

**Circumstances Encountered by Victim Officer Upon Arrival at Scene of Incident.** Of the 60 officers feloniously killed:

- Six officers were killed in unprovoked attacks.
- 12 officers died as a result of investigative/enforcement activities.
- 12 officers were ambushed (entrapment/premeditation).
- Four officers encountered/assisted an emotionally disturbed person.
- Four officers were involved in pursuits.
- Six officers responded to disorders/disturbances.
- Six officers were involved in tactical situations.
- One officer was involved in arrest situation.
- Three officers responded to crimes in progress.
- Three officers were assisting other law enforcement officers.
- Two were serving/attempting to serve a court order (eviction notice, subpoena, etc.).
- One officer was providing/deploying equipment (flares, traffic cones, etc.).

Continuing with the concern for officer safety as a police issue, I offer the following scenario:

Police officers are engaged with a subject who is on the ground. It may be for the purpose of providing medical attention or it may be an arrest situation. A subject is 25 feet from the scene. The subject wants to harm either the officer or the subject on the ground.

The average walking speed of an individual is generally considered to be approximately 3 mph as indicated in the following resource:

- "Studies show that the average adult walking speed is a little over 3 miles an hour, and 3.13 mph is the standard which most crosswalks, cities, bridges, airports, and other pedestrian spaces are designed for. This is also the standard for entertainment purposes, like video games and virtual reality, because it influences how we process visual and spatial imagery." [**Average Walking Speed: How Fast Do You Walk? (endurancely.com)**]

An individual walking at 3 mph will cover 25 feet in 6 seconds. An individual walking briskly will generally travel at 3.5 mph will cover 25 feet in 5 seconds. These numbers are actually very conservative. The aforementioned article indicates that a male age 30-39 will actually travel at 5.49 mph as a maximum walking speed which equates to 8.052 feet per second which results in covering 25 feet in just over 3 seconds. [**Convert 5.49 Miles per Hour to Feet per Second (calculateme.com)**]

Naturally, running will further decrease the time needed to cover 25 feet. These times are important when considering that if an individual has bad intentions he/she will be able to make contact with an officer or the subject on the ground in a time between less than 3 seconds and 6 seconds.

These times are further compressed because of the concept of stimulus-response or action-reaction. If an officer is  attending to a task, such as rendering medical attention or controlling an individual, the officer's focus will be on the person(s) involved in the event and it is reasonable to believe that the officer will not recognize an approaching subject immediately which further compresses the officer's response time and places the officer in danger because of the split-second scenario.

Another issue present in current day society are the amount of protests that have occurred. Additionally, based on my experience, there appears to be an anti-law enforcement animus that has exacerbated the officer safety issue.

The Stimulus-Response is one in which I have trained police officers for over 3 decades and is described as follows:

The concept of action/reaction, stimulus/response or the reactionary gap has been part and parcel of law enforcement training for many years. Over the past 30 years I personally have trained thousands of officers and addressed these concepts over and over again. 37 years ago the concept of a reactionary gap was discussed in the following cited text:

> "There will be times when you want to widen the gap, especially if you know your lag time tends to be slow. **Remember that the time you need to react will always be longer than the time he needs to act.** [emphasis added] If he's holding a knife or other weapon that extends his reach, like a club, expand your reactionary gap to 21 feet or more. Have your side arm pointed at him while you're dealing with him. Don't rely only on verbal persuasion against potentially deadly weapons. If he has a gun or has one or both of his hands in his pockets, get and stay behind cover; distance and dialogue then are strictly secondary. Don't move out until you can clearly see his palms, your primary areas of responsibility." **[The Tactical Edge/Surviving High Risk Patrol by Charles Remsberg, page 437, 1986]**

Retired FBI agent John Michael Callahan authored a book titled, **["Lethal Force and the Objectively Reasonable Officer."]** Agent Callahan devoted an entire chapter titled, "Action versus Reaction – The Deadly Reactionary Gap."

Former FBI agents Hall and Patrick authored the book titled, "In Defense of Self and Others (**2005, 2010**) in which they state on page 140:

> "The generally accepted rule of thumb is that it takes 0.72- 1.0 seconds for an individual to first recognize another's action, identify the nature of the action, then formulate an initiator response (the reaction). This is an immutable physiological reality. The response itself will then entail additional time, depending on its nature, before any effect can be expected. For example, to react by drawing a holstered weapon could then add 0.5- 1.25 seconds to the interval proceeding firing a shot in self-defense.

Reaction times are increased by a substantial magnitude when the individual is under stress, emotional duress (such as fear), were operating in new and uncertain circumstances. The increase can amount to 50-100% more time than normal, i.e., calm and unstressed reaction times. Yet in the space of the first 0.7- 1.0 seconds of an event, an unseen weapon can be raised and fired several times. A well-trained police officer understands that he cannot wait to see what happens. Nor is the officer required to be certain that death or injury is imminent. The perception of its imminent likelihood must only be reasonable."

The following references a journal article titled "Reasonableness and Reaction Time." **[J. Pete Blair/Advanced Law Enforcement Rapid Response Training. Police Quarterly (December 2011).]**

"The process of perceiving the suspect's movement, interpreting the action, deciding on a response, and executing the response for the officer generally took longer than it took the suspect to execute the action of shooting, even though the officer already had his gun aimed at the suspect. While our sample size is not large, our results are consistent with previous research and our general understanding of the reaction process (Brebner and Welford, 1980; Grossman and Christensen, 2004; Honig and Lewinski, 2008; Luce; 1986; Welchman et al., 2010). Completing all of the steps necessary to interpret a situation, select, and then execute a response simply tends to take longer than it takes to execute an already decided upon action.

I offer the above references to demonstrate that stimulus-response is a very real concept and not an unsupported conclusion on my part. Officers and subjects they may be interacting with can have great difficulty maintaining safety if another desires to harm them and those subjects are at a close distance.

## 5. Cameras

In my experience,  a picture is able to be shot and an event captured at a distance of 25 feet. My experience has been that not only can high quality pictures be shot, but

the zoom function on the camera produces remarkable results. Additionally, in the many cases in which I have been involved that come with video or still shots, I can computer-zoom with significant results. My experience in investigating criminal acts, a distance of 25 feet has not hindered any such investigation. Drug transactions would be an example where investigators are often at a distance of more than 25 feet and visual observation is achieved along with photography.

In my experience, audio is of less quality unless there is an external microphone. Both of these issues are issues that have been present over time. There is no requirement to have a standard that provides citizens with the best environment and equipment so they can capture the "best" shot possible.

## 6. Body Cameras

From my perspective, based on my experience, body cameras are being increasingly utilized for the very purpose of capturing interaction between police officers and citizens in a variety of calls for service. The footage is generally available at some point in time depending on the nature of the call. To that end, I provide the following:

> "The State of Indiana, through procedures established by the Indiana State Police and administered by the Indiana Department of Homeland Security, will provide matching grants to city, town and county law enforcement agencies for the acquisition of body-worn cameras to enable the provision of essential government services, despite substantial reductions in revenue suffered by local entities because of the COVID-19 public health emergency. This program will be known as the Indiana Local Body Camera (ILBC) Grant Program.
>
> The state will provide matching grants to city, town and county law enforcement agencies for the acquisition of body cameras through annual appropriations. Grant funds may only be used for the purchase of body cameras and may not be used to purchase video storage equipment or services." **[Indiana Department of Homeland Security]**

Additionally, it should be noted that law enforcement has strict rules regarding who and what can be recorded. This is done for privacy purposes relating to victims of crimes, the young age of a person, or medical concerns relating to privacy. Citizens would not have these same requirements and citizen rights may be impacted without mandating a standard distance.

### 7.   Elimination of Unclear Police Actions and Officer Subjectivity

Officers in New Jersey are taught that unless person(s) "interfere," with an officer, officers do not direct them away. There exists no guidance as to how interference is defined except with the application of common sense. This results in subjectivity being used to develop a calculus of reasonableness by each individual officer.

Officers are taught that they need to operate on the basis of objective facts yet, in States without an objective standard such as the 25 foot rule, a subjective standard is implemented.

Having a standard (25 feet) eliminates defining the term "interferes" with an officer as is the case in the State of New Jersey and prevents arbitrary enforcement of the law.

### 8.   Contemporary Tactics

Based on my Law enforcement experience and training officers for over three decades, it is noteworthy that, depending on the event, police shut down entire roadways, blocks of streets and whole areas in an effort to protect the community (fires, armed subjects, barricaded subjects, shootings, toxic leaks etc.) There is no public outcry when law enforcement selects, to the best of their ability, what is a safe distance and this will continue to be a tactic or strategy for the benefit of citizens irrespective of the 25 foot rule. The police officer's job is to "protect" and serve.

### 9.   Support for the current distance

I am uncertain as to how the 25 foot distance was determined because I do not have any documents which address the distance selected. To that end, based on the concern of how quickly a person can get upon a subject, to include a victim, police

officer, suspect, arrestee, or one in need of medical attention, I believe the distance is actually very reasonable.

Based on my experience, I would push the distance out further when considering the concept of action-reaction previously discussed in this report. That being said, as an example of a known reference, the width of a lane of travel on a freeway is 12 feet. **[U.S, Department of Transportation/Federal Highway Administration]**

In my opinion, based on my experience, requiring a subject stand 2 lanes of travel away from a police event is not unreasonable when taking into consideration other material addressed in this report.

## 10. Harmed Parties

With consideration to parties that are harmed, my experience has been that weight is given to any person(s) who desires to challenge the law and any party that may be potentially harmed (to include a victim, police officer, suspect, arrestee or one in need of medical attention). I am of the opinion that the potential harm to the later outweighs any desire to be closer to a police event for the purpose of observing, video-taping, recording, or livestreaming the event.

If the argument is that a subject's livelihood is compromised because of the 25 foot rule, I believe they could obtain what they desire by other means, such as a legal remedy to obtain body-camera footage or using higher quality equipment which are both common sense solutions when weighing the rights of others that I have identified (victim, police officer, suspect, arrestee or one in need of medical attention).

## VI.  Summary/Conclusion

Opinions contained in this report are based on my review of those listed items as well as my 45 years of education, knowledge, experience and training in the field of law enforcement and criminal justice and are rendered to a reasonable degree of professional certainty based on the practices and procedures utilized in the law enforcement community. It is noted that opinions expressed in this report regarding this matter are included throughout this report and are not confined to the conclusion section of this report.

I respond in the following manner regarding my experience in law enforcement which includes crime scene management and significant experience in managing motor vehicle accidents:

- The distance of 25 feet does not stop any person from "observing and recording" the police but rather mandates a distance from where that citizen can accomplish that desire.
- The standard does not set forth an absolute prohibition to remain at a distance of 25 feet but consists of 2 distinct elements to include that the law enforcement officer be **lawfully engaged in the execution of the law enforcement officer's duties** [emphasis added] and the officer **orders the person** [emphasis added] to remain at a distance of 25 feet.
- The 25 foot standard is not designed to target a specific individual or individuals but rather, all citizens. The scope of my analysis is to address the requirements based on my training, education, and experience.
- It is reasonable to believe that absent a standard (25 feet rule) that there would be a greater chance of officers using unbridled discretion. For example, a citizen may engage in **live streaming which further supports my concern for citizens** capturing video and audio of a victim of a crime or a medical event. This is actual unbridled discretion. The image of an injured child or person in the throes of a medical event is unconscionable.
- **Any inference** that police officer accountability cannot be accomplished at 25 feet of visual observation is a vacuous assertion. Furthermore, the purpose of the body camera initiative is for the specific purpose of police officer accountability and protection of all concerned parties.

I have identified 10 Police Related interests that support enforcement of Indiana Code § 35-44.1-2-14. They include:

1. Citizen Safety;
2. Victim Rights;
3. Crime and Disaster Scene Integrity;

4. Officer Safety;
5. Citizen Cameras;
6. Body Worn Cameras;
7. **Elimination of Unclear Police Actions and Officer Subjectivity**
8. **Contemporary Tactics**
9. Support for Current Distance
10. Harmed Parties


Based on my training, education and experience, I am of the opinion that I have identified multiple single issues that support the overall issue. When addressing this matter in combination with all my identified issues contained herein, I am of the opinion that these issues are consistent with being reasonable for all concerned parties. While officers are already trained and retain the ability to control a scene, the need for this type of standard is critical because even with training, this is inherently discretionary and can lead to potential inconsistency.

## VII.  SIGNATURE PAGE

I reserve the right to amend this preliminary report upon receipt  and review of additional discovery materials.


*/s/ Richard Celeste*                                           *12/12/2023*

_____

Dr. Richard Celeste                                           Date

# *Curriculum Vitae of Dr. Richard Celeste*

## Exhibit B

## *CURRICULUM VITAE*

Dr. Richard Celeste retired in 2002 after 26 years in Law Enforcement. He was the civilian Director of the Somerset County Police Academy for the next 20 years which was located at the Somerset County Public Safety Training Center in Hillsborough, New Jersey. Dr. Celeste retired at the rank of Deputy Chief. Dr. Celeste designed the former police academy and the Somerset County Firearms Range located in Hillsborough, New Jersey.

As the Academy Director he was responsible for the daily operation of the academy which generally administered two (2) 24-week Police Recruit Training Programs, and (2) 13-week Correction Officer Training Programs per year from 1989-2013. The current mission of the academy is to develop and administer continuing education programs. Approximately 100 Advanced Law Enforcement Continuing Education Programs are administered annually under his command.

Dr. Celeste provided Use of Force training for approximately 2000 sworn officers on an annual basis. In addition to training law enforcement officers, approximately 7000 citizens have received training through the academy in a variety of programs developed and administered by Dr. Celeste.

Dr. Celeste's academic credentials include a Bachelor of Arts degree in American History, a Master of Arts degree in Education and a Doctorate degree in Adult Education.  He is also a graduate of the New Jersey State Police Academy for Municipal Officers. In addition, Dr. Richard Celeste holds certifications as a Use of Force Instructor, Community Policing Instructor, and Community Policing Officer. Dr. Richard Celeste has also received a certification in Less Lethal Use of Force through Penn State University. Dr. Celeste is also a Force Science Analyst through the Force Science Institute.

Dr. Celeste has been an adjunct professor at Seton Hall University, Center for Public Service, Graduate School Division. He instructed in Organizational Theory and Behavior and the Administration and Management of Criminal Justice Organizations.  In addition, he also has instructed in the undergraduate division teaching such courses as Criminology, Criminological Theory, and Victimology. Dr. Celeste has also developed and taught two courses, Leadership, Management, Supervision, a primer for professionals and Contemporary Policing Issues.

Dr. Celeste has also been an adjunct professor at Centenary College teaching Introduction to Criminal Justice and Juvenile Justice at the undergraduate level and

Exhibit B to Declaration
of Dr. Richard Celeste

Effective Management Practices at the graduate level. Dr. Celeste taught Introduction to Criminal Justice and previously instructed Introduction to Criminal Law at Raritan Valley Community College over a period of 15 years.

He has developed many Criminal Justice related programs to include; personal safety programs for women, female college students, and new drivers of motor vehicles.  He developed a "Skills of Life" Program, Juvenile Offender Leadership Training Course and a "Police Youth Week" Program.

His doctoral thesis addressed how to administer a comprehensive recruit training program and was the model for the Basic Training Program at the Somerset County Police Academy and has been requested for use by other New Jersey academies and outside of the State of New Jersey. Dr. Celeste has lectured at Rutgers, Seton Hall, and Rider University regarding the topics of Use of Force and training law enforcement officers. Dr. Celeste continued to provide mandatory instruction to officers in Somerset, Hunterdon, and Warren Counties during the Pandemic of 2020 through the use of web-based programming.

## *CURRICULUM VITAE*

I.         *PERSONAL*

    A.     Richard Celeste, Ed.D.
    B.     Resides in Frenchtown, New Jersey.

II.        *EDUCATION*

    A.     Attended Edison Township Public School Systems, Edison, New Jersey.
    B.     Bachelor of Arts, American History, St. Francis College, Loreto, Pennsylvania. Graduated May, 1975.
    C.     Master of Arts, Education, Seton Hall University, South Orange, New Jersey. Graduated May, 1989.

    D.     Doctor of Education, Nova Southeastern University, Philadelphia Campus.
             Graduated December, 1996. Doctoral Dissertation Topic:
             "The Police Academy Administrators Handbook for Administering a Comprehensive Police Recruit Training Program"

III.         *__HIGHER EDUCATION TEACHING EXPERIENCE__*

A.    Adjunct Professor, Seton Hall University Center for
       Public Service, Graduate Division 1996-2000.
       Courses Taught;
       1.  Organizational Theory and Behavior.
       2.  Criminal Justice Organizations; Administration and Management.

B.    Adjunct Professor, Seton Hall University,
       Criminal Justice Department, Undergraduate Division,
       January 1998 to 2003
       Courses Taught;
       1.  Criminological Theory
       2.  Victimology
       3.  Intro to Criminology
       4.  Contemporary Policing Issues (developed by Dr. Celeste)
       5.  Leadership/Management/Supervision (developed by Dr. Celeste)
       6.  Spring 2011 / Introduction to Criminal Justice

C.    Adjunct Professor, Centenary College,
       Sociology Department, Undergraduate Division,
       June 1998
       Courses Taught;
       1.  Juvenile Justice
       2.  Introduction to Criminal Justice

D.    Adjunct Professor, Centenary College,
       Sociology Department, Graduate Division,
       Fall 2006
       Courses Taught;
       1.  Effective Management Practices

E.    Adjunct Professor, Raritan Valley Community College
       Courses Taught;
       Fall 2005 / Criminal Law
       Spring 2006 / Introduction to Criminal Justice
       Fall 2006 / Introduction to Criminal Justice
       Spring 2007 / Introduction to Criminal Justice
       Fall 2007 / Introduction to Criminal Justice
       Fall 2008 / Introduction to Criminal Justice
       Spring 2009 / Introduction to Criminal Justice
       Fall 2009 / Introduction to Criminal Justice
       Spring 2010 / Introduction to Criminal Justice
       Fall 2010 / Criminal Law

Fall 2010 / Introduction to Criminal Justice
Spring 2011 / Introduction to Criminal Justice
Fall 2011 / Criminal Law
Fall 2011 / Introduction to Criminal Justice
Spring 2012 / Introduction to Criminal Justice
Fall 2012 / Criminal Law
Fall 2012 / Introduction to Criminal Justice
Spring 2013/ Introduction to Criminal Justice
Fall 2013/ Introduction to Criminal Justice
Fall 2013 / Criminal Law
Spring 2013/ Introduction to Criminal Justice
Fall 2014/ Introduction to Criminal Justice
Fall 2014 / Criminal Law
Spring 2015/ Introduction to Criminal Justice
Fall 2015/ Introduction to Criminal Justice
Spring 2016/ Introduction to Criminal Justice
Fall 2016/ Introduction to Criminal Justice
Spring 2017/ Introduction to Criminal Justice
Fall 2017/ Introduction to Criminal Justice
Fall 2018/ Introduction to Criminal Justice
Spring 2019/ Introduction to Criminal Justice

IV.  ***WORK EXPERIENCE***

A. Civilian Director, Somerset County Police Academy/ September 2002-March 2023

B. Somerset County Police Academy,  Academy Director, rank of Major,(1989-1993) rank of Deputy Chief (1993-2002) January 1989 - September 2002

C. Bridgewater Township Police Department, Bridgewater, New Jersey Police Officer/Patrol Sergeant/ May 1978-January 1989

D. Bound Brook Police Department, Bound Brook, New Jersey Police Officer/ October 1976-May 1978

V.   ___*PROGRAM DEVELOPMENT PROJECTS/ACCOMPLISHMENTS*___

A.   Authored a booklet entitled "Personal Safety Program for the New Driver." This program was designed for high school students who are about to obtain their driver's license. The program addresses personal safety issues for the adolescent who will be operating a motor vehicle for the first time and needs to employ proactive safety measures.

B.   Designed and administered a Basic Detectives Course for newly assigned personnel to a Detective Bureau in 1990-91

C.   Developed and taught a "Personal Safety Program" attended by 3,000 women in 60 sessions from Somerset County. This was in response to an outcry from the community in reference to the abduction and murder of a housewife in 1993.

D.   Guest Host New Jersey News Network, 1993, "How to Train Police Officers in Use of Force."

E.   Developed the "Skills of Life" program which provides interaction of High School students with various members of the Law Enforcement community.

F.   Developed Juvenile Offender Leadership Training (JOLT), a court mandated weekend boot camp.

G   Developed an Advanced Methods of Instruction course for law enforcement trainers in the State of New Jersey.

H.   Developed a High-Speed Police Pursuit training program for use during in-service training by police departments in Somerset County as per Attorney General Guidelines.

I.   Conducted research relating to the psychological and physiological responses visited upon law enforcement officers as a result of using emergency lights and sirens during pursuit driving.

J.   Developed a Personal Safety Handbook for first year female college students who may be away from home for the first time in their life.

K.   In January of 1995 developed a "Pursuit Training Manual" for police departments in the County of Somerset. In conjunction with the material located in the manual, wrote and produced a video which relates to "High Speed Pursuit and the Law Enforcement Officer."

L   In 1997 designed and oversaw construction of the current Somerset County Firearms Range to include the development of a financial structure to facilitate the construction thereof.

M.   In January of 1997 developed a "Use of Force Manual" which was used by all Law Enforcement Agencies in Somerset County.   In conjunction with this manual, wrote, produced and directed a video

which is the mandatory training video for all Somerset County Police Departments. The video was viewed twice a year for several years by every officer in Somerset County as part of the Attorney General's mandatory Use of Force training directive.

N. Doctoral Thesis is a training model which identifies the concepts and strategies that are required when administering a comprehensive Police Recruit Training Program. The model is titled the "Challenge Program" whereby police recruits are challenged on a daily basis during the training program. This "testing" process is used to identify both strengths and weaknesses of a particular trainee. The mission of the program was to develop a well-rounded professional police officer who will not overreact or under react in the often-challenging environment of law enforcement.

O Developed a guidebook from the doctoral thesis titled the "Challenge Program."
The guidebook was provided for use by academies across the State of New Jersey.

P. As Director of the Somerset County Police Academy, the academy was;

1. The first in the State of New Jersey to pilot and implement the "Alternate Route Program,"
2. The first in the State of New Jersey to certify trainees in the basic program in the use of the defibrillator,
3. The first in the Nation to certify police recruits though the United States Department of Justice as Community Police Officers,
4. The first in the State of New Jersey to certify the entire academy staff as community policing instructors and community policing officers,
5. The first in the state to have correction officer staff certified as Community Policing Officers,
6. The first in the state to pilot a combined County Corrections Officer and Police Officer Basic Training Course,
7. Selected for a documentary on training police recruits. Show aired on Court TV with a viewing audience of 72 million (July 9, 2002),
8. Selected to appear on the Today Show to discuss recruit training (Interview by TV personality Al Roker, July 9, 2002),

Training while an active-duty uniformed police officer:

- Basic Narcotics Investigation/ New Jersey State Police Academy NJ
- Advanced Narcotics Investigation/ New Jersey State Police Academy NJ
- Basic Sex Crimes Investigation/ New Jersey State Police Academy NJ
- Advanced Sex Crimes Investigation/ New Jersey State Police Academy NJ
- Officer Survival/ New Jersey State Police Academy NJ
- Advanced Officer Survival/ New Jersey State Police Academy NJ
- PR-24 Baton Training/ Bridgewater Township Police Department NJ
- Accident Investigation I/ New Jersey State Police Academy NJ
- Accident Investigation II/ New Jersey State Police Academy NJ
- Hostage Negotiation/ New Jersey State Police Academy NJ **[1985]**
- Hostage Negotiation/ NYPD Hostage School/ Held at RVCC NJ **[1985**
- Methods of Instruction/Somerset County Police Academy NJ **[1987]**
- Radar Operators Course/ New Jersey State Police Academy NJ
- Breathalyzer Operators Course/ New Jersey State Police Academy NJ
- Physical Fitness Instructors Course/ Cooper Institute/Dallas Texas **[1987]**
- Certified Community Policing instructor by New Jersey Regional Community Policing Institute **[June, 2001]**
- Certified Community Policing officer by New Jersey Regional Community Policing Institute **[June, 2001]**
- Nationally certified Use of Force instructor, National Criminal Justice Training Council **[May 2002]**
- Selected to be the Lead Instructor nationwide to develop and administer training relative to Use of Force in a Community Policing Environment by the U.S. Department of Justice and New Jersey Regional Community Policing Institute **[April 2003]**. As of December 2003, Dr. Richard Celeste delivered instruction to trainers representing 30 states.
- In **[2004]** Dr. Richard Celeste named to the American Association of Community Colleges, "Homeland Security and Public Safety Group."
- In **[2004]** Dr. Richard Celeste named Project Coordinator Learning for a Federal Service-Learning Grant relative to Homeland Security.
- In **[2004]** Dr. Richard Celeste edited the year one Mandatory Agency

Training Series (MATS) program which addresses the New Jersey Attorney General's mandated training programs in Use of Force, Domestic Violence, and Pursuit.

- In **[2005]** Dr. Richard Celeste edited the year two Mandatory Agency Training Series (MATS) program which addressed the New Jersey Attorney General's mandated training programs in Use of Force, Domestic Violence, and Pursuit.

- In **[2005-2022]**, Dr. Celeste authored and instructed the "Use of Force" MATS program which is the Attorney General's mandatory training requirement.

- In **[2005-2022]**, Dr. Celeste reviewed and/or instructed the "Vehicular Pursuit" MATS program which is the Attorney General's mandatory training requirement.

- In 2005 Dr. Celeste developed the Raritan Valley Community College Policing Institute to fill the certification gap created by the New Jersey Regional Community Policing Institute which became defunct in **[May 2005]**

- Dr. Celeste was contracted to be a graduate school reader/editor for Thomas Edison State College **[April 2005]**

- Lead instructor for all Use of Force Training conducted in basic training for police, corrections, county investigators and parole officers from **[1993-2013]**

- Advisory Board Member – Raritan Valley Community College Criminal Justice Program, **[2002 – 2019]**

- Advisory Board Member – Somerset Vo-tech Law Enforcement Program, **[2007]**

- Advisory Board Member – Stockton University Center for Public Safety and Security. **[Fall 2011]**

VI.    ***PROFESSIONAL AFFILIATIONS***

A.    Member/ American Society of Criminology, **[2015 to present]**
B.    Member/Society for Applied Research in Memory and Cognition **[2014 to present]**
C.    Member/Somerset County Chiefs Association, Education Committee **[Jan/1989-Present]**
D.    Member/New Jersey Police Academy Directors Association **[Jan/1989-Dec 2013]**
E.    Member/ Association of Force Investigators (AFI) **[January 2021]**

F.    Member International Association of Chiefs of Police **[January 2023]**

VII.    **_HONORS AND AWARDS_**

A.    Prosecutor's Achievement Award **[1988]**
B.    Bridgewater Township Dedicated Service Award **[1989]**
C.    Prosecutor's Achievement Award **[1992]**
D.    Prosecutor's Achievement Award **[1996]**
G.    Somerset County Chiefs of Police Association Recognition Award **[1997]**
H.    Somerset Medical Center Recognition Award **[2000]**
I.    Somerset Medical Center Recognition Award **[2001]**
J.    Somerset Medical Center Recognition Award **[2002]**
K.    New Jersey Regional Community Policing Recognition Award **[2001]**
L.    Honorable Discharge Medal for Outstanding Service, Somerset County Prosecutor's Office **[December 2002]**
M.    Prosecutor's Achievement Medal for being recognized by Court Television for the production of a documentary concerning the Somerset County Police Academy **[December 2002]**
N.    State of New Jersey Senate and General Assembly Citation for 26 years of Outstanding Law Enforcement Service **[December 2002]**
O.    State of New Jersey Senate and General Assembly Citation for being recognized on National Television for the documentary on Court Television concerning the Somerset County Police Academy **[December 2002]**
P.    Honored by the Newark Office of the Federal Bureau of Investigation for Lifetime Achievement in the area of Law Enforcement Training **[February 2003]**
Q.    Honored by the Somerset County Chiefs Association for Professionalism and Dedication to Duty as Director of the Academy **[February 2003]**
R.    Honored by Raritan Valley Community College recognizing leadership for the College's Service- Learning Program in achieving two national honors;
    1.    Service Learning and Civic Engagement Award **[2008]**
    2.    President's Higher Education Community Service Honor Roll Special Achievement Award **[2008]**
S.    Honored by the New Jersey State Parole Board by form of State Resolution for providing state of the art training. Adopted in formal session **[November 26, 2008]**

T.      Honored by the International Association of Martial Arts, receiving a lifetime achievement award for the outstanding training of law enforcement officers **[November 19, 2011]**

U.      Honored by the Somerset County Office of the Sheriff. Civilian Sheriff's Recognition Award **[December 2016]**

- Represented New Jersey State Chiefs of Police Association on the topic of "Less Lethal Munitions" before New Jersey Attorney General Committee on Less Lethal Policy development **[2007]**
- Attended the AELE Law Enforcement Legal Center Workshop on "Lethal and Less Lethal Force," San Francisco, CA. **[March 24-26, 2008]**
- In **[2008]**, testified before Attorney General Blue-Ribbon Committee as expert witness and consultant relative to the feasibility of Conducted Energy Devices and their use in the State of New Jersey.
- In **[2008]**, successfully completed 62-hour certificate program from Penn State University on the topic of Less Lethal weapons; considered to be the only program of its kind in the United States.
- Attended a special Federal Bureau of Investigation school relative to use of force and the "Color of Law." **[September 2008]**
- Attended the Institute for the Prevention of In-Custody Deaths, Inc. National Conference , Las Vegas, Nevada **[October 29-31, 2008]**
- Co-authored the "Less Lethal Certificate Program" curriculum for the State of New Jersey.
- Attended the AELE Law Enforcement Legal Center Workshop on "Discipline and Internal Investigations," (Internal Affairs) **[April 13-15, 2009]**
- Certified by AELE as a "Certified Litigation Specialist." The first individual in the Pennsylvania, New York, New Jersey area to hold that certification **[April 2009]**
- Attended the Institute for the Prevention of In-Custody Deaths Instructor Course, Fairfax, Virginia, County Criminal Justice Academy, **[June 14-15, 2010]**
- Co-authored the "Conducted Energy Device" curriculum for the State of New Jersey.
- Attended the AELE law enforcement Legal Center Workshop on "Jail and Prisoner Security and Incident Liability," **[March 7-9, 2011]**
- Certified as an Instructor, TASER ELECTRONIC CONTROL DEVICES, **[May 5, 2011]**, Instructor Identification Number 110531545931412871346C **(Expired 2019)**

- Delivered instruction to the initial group of Conducted Energy Device Instructors for the State of New Jersey, **[December 1 and 2, 2011]**
- Certified as a Use of Force Analyst by the Force Science Institute. Dates of training **[April 16-20, 2012]**
- Attended the Police Agency Training Council course regarding Conducted Energy Devices and Liability. Hampton, New Hampshire **[October 1 and 2, 2012]**
- Trained the initial group of New Jersey State Police outfitted with electronic control devices **[October 16, 2012]**
- Attended the AELE Law Enforcement Legal Center Workshop on "Discipline and Internal Investigations," (Internal Affairs) **[December 10-12, 2012]**
- Attended the "Five Phases of the Active Shooter "training seminar at Iona College on **[January 10, 2013]**
- Re-certified as a TASER Instructor on **[February 26, 2013]**. Currently certified as a TASER Instructor for the following devices; X-26, X-2, AXON camera headset.
- Attended the AELE Law Enforcement Legal Center Workshop on "Management, Oversight and Monitoring of Use of Force," **[April 2-4, 2013]**
- Re- certified as a "Certified Litigation Specialist" in the area of Police Litigation by the American for Effective Law Enforcement **[April 22, 2013]**
- Designed three separate active shooter presentations for Somerset County Employees **[2013 to present]**
- Delivered over 150 sessions regarding "Active Shooter Awareness" in the State of New Jersey **[2013 to present]**
- Provided instruction regarding Conducted Energy Devices and Less Lethal for new instructors throughout New Jersey, **[November 18, 2014]**
- Attended New Jersey Internal Affairs Training, Somerset County Prosecutor's Office. **[December 16 and 17, 2014]**
- Attended Public Agency Training Council 5-day Internal Affairs Certification Course, Rutgers University, **[May 18-22, 2015]**
- IPICD Webinar/ "One Breath: The Importance of Recognizing Agonal and Other Breathing Problems." Dr. John Peters **[October 11, 2015]**
- Attended the IPICD 10th Annual Excited Delirium, Agitated Chaotic Events, Arrest-Related and In-Custody Deaths Conference, Las Vegas, Nevada, **[November 16-18, 2015]**
- Delivered Use of Force Instruction to Somerset County Clergy and Public Officials Conference, **[December 1, 2015]**

- Delivered Use of Force Instruction to Hunterdon County Clergy and Public Officials Conference, **[December 15, 2015]**
- Guest lecturer/ New Jersey Internal Affairs Training. Somerset County Prosecutor's Office **[December 2015]**
- Active Shooter presentation for the Somerset County Governing Officials Association **[July 14, 2016]**
- Guest Lecturer/New Jersey Internal Affairs Training, Somerset County Prosecutor's Office **[August, 2016]**
- Re-certified as a TASER Instructor on December, 2016.  Certified as a TASER Instructor for the following devices; X-26, X-2, AXON camera headset.  **[expired 2019]**
- Attended the AELE Law Enforcement Legal Center Workshop on "Lethal and Less Lethal Force," **[April 3-6, 2017]**
- Guest Lecturer New Jersey Jail Wardens Annual Conference, Atlantic City, NJ regarding Use of Force and Excited Delirium **[October 3, 2017]**
- Delivered Use of Force training as part of the New Jersey Attorney General's Mandatory "Special Needs" program during the **[Fall of 2017]**
- Designed and delivered 16 sessions of a 3-hour program regarding hands-on self-defense training for Somerset County employees in positions dealing with clientele who may be prone to acting out in a physical manner **[May 2018- August 2018]**
- Guest Panelist on "Fox and Friends" for Law Enforcement Appreciation Day, **[January, 2019, 2020]**
- Designed and Delivered "De-escalation Training" to 1500 Somerset County employees, **[February 2019-November 2019]**
- Attended the Daigle Law Group Use of Force Summit, **[December 2-4, 2019]**
- AELE Webinar/ "Metallic Handcuffs" Dr. John Peters **[April 23, 2020]**
- AELE Webinar/ "Distraction Devices" David Berman **[June 6, 2020]**
- AELE Webinar/ "Use of Force Accountability" Michael Brave **[June 6, 2020]**
- Daigle Law Group Webinar/ "De-Escalation- What Does This Mean: Use of Force Legal Standards and Tactics **[June 25, 2020]**
- Delivered Use of Force training at Somerset/Hunterdon/Warren "Town Hall" at the request of respective Prosecutors in those counties **[July 28, 2020]**
- Attended Attorney General's Mandatory Use of Force Training regarding Instructor re-certification for Conducted Energy Devices **[October 26, 2020]**
- Developed the "Principles of Policing" Program for agencies in the

Academy's service area. The program addresses policing topics in a 10-15-minute format for use during roll-call training and shift overlap **[11/2020]**

- Guest Lecturer in the Somerset County Internal Affairs Investigators Course/Civil Liability regarding Internal Affair Investigations **[11/2020]**
- International Association of Directors of Training on-demand webinar/ Police Pursuit Training **[November 30, 2020]**
- Crisis Intervention Team Course Overview/ Washington State Criminal Justice Training Commission **[December 2, 2020]**
- CLE presentation for NJ lawyers providing an overview of the Principles of Policing Program and an analysis of the George Floyd case **[December 2020]**
- Attended New Jersey Internal Affairs Training [New Policy], January 28, 29, and February 4, 2021. Hosted by the Hunterdon, Warren, and Sussex County Prosecutor's Office.
- Guest Presenter at the Somerset County Clergy Group. Topic: A Conversation on Racial Justice and Policing **[February 4, 2021]**
- IPICD Webinar/ "Recognizing and Managing Abnormal Breathing 2.0," Certificate Program. Dr. John Peters **[February 17, 2021]**
- Association of Force Investigators Webinar. Topic: The Psychology of Deadly Force Encounters presented by Dr. Alexis Artwohl **[February 23, 2021]**
- Guest Presenter, Hunterdon/Somerset/Warren County Prosecutor's Town Hall Session regarding Use of Force. **[April 28, 2021]**
- Certified "Active Bystandership in Law Enforcement" (ABLE) Instructor on June 21, 2021 by University of Georgetown Law Center.
- Certified "Integrating Communications, Assessment, and Tactics" (ICAT) Instructor on July 15, 2021 by Police Executive Research Forum (PERF)
- Appointed Coordinator of ABLE/ICAT training initiative in Somerset County, New Jersey.
- Coordinated and Instructed ABLE/ICAT program to every law enforcement officer in Somerset County, New Jersey in over 30 programs.
- Developed five narrated Power Point presentations on the current New Jersey Attorney General's Use of Force Policy which was disseminated to several counties in New Jersey **[1/26/22]**
- Developed and narrated Power Point presentation on the current New Jersey Attorney General's Vehicular Pursuit Policy which was disseminated to several counties in New Jersey **[1/26/22]**

- Received Training from the New Jersey Attorney General's Office regarding the new Conducted Energy Device and Less Lethal Munitions policy **[1/27/2022]**
- Developed the "Principles of Policing" initiative which addresses a variety of topically cogent issues for use at law enforcement agencies throughout the State of New Jersey **[1/2022]**
- "Unconscious Bias Training," County of Somerset Government, presented by Kimberly Cowart **[5/2/2022]**
- "Implicit Bias Training," NACOLE, by Dr. Lori Fridell **[5/23/2022]**
- "Use of Force Continuum training," Daigle Law Group, presented by Eric Daigle **[5/25/2022]**
- "Investigating Human Error," Association of Force Investigators, presented by Dr. Paul Taylor **[5/31/2022]**
- "The Importance of Skill Transfer in Law Enforcement," Association of Force Investigators, presented by Mike Musengo **[6/3/2022]**
- Fairness in Policing Coordinator in Somerset County
- Developed three narrated Power Point presentations on the current New Jersey Attorney General's Use of Force Policy which was disseminated to several counties in New Jersey **[9/1/22]**
- Fairness in Policing Instructor Certified/ **[10/20/2022]**
- Coordinated and Instructed Fairness in Policing program to every law enforcement officer in Somerset County, New Jersey in over 30 programs. **[Fall 2022]**
- Presenter at Somerset County Superintendents Forum on Active Shooter **[10/28/22]**
- Attended the Daigle Law Group Use of Force Summit, **[November 29-December 1, 2022]**
- Internal Affairs Instructor Certification/ Somerset County Police Academy **[February 2023]**
- NJ Use of Force Presentation/ Bridgewater Citizens Academy/**[May 2023]**

## IX.   *EXPERT WITNESS WORK*

Concerning experience in the area of use of force, Dr. Celeste has instructed all basic and advanced instruction on this topic at the police academy.  Student officers that have received this training include; police, parole, corrections, county investigators, firearms instructors, active shooter course attendees, Forensic Program attendees and SWAT team members.

Dr. Celeste was qualified as an expert in Warren County Superior Court in March of 2006 in the area of Use of Force, Police Training and Police Procedures.  He was qualified in the area of Criminal Justice in Middlesex County in 2009. He was further qualified in Police Pursuits in Essex County Superior Court in April 2016. He has testified in Federal and Superior Court (Civil and Criminal), been deposed, written expert reports and consulted on a number and in a variety of cases.

Dr. Celeste has authored over 150 expert reports and has handled use of force cases ranging from minor uses of force up to over 30 officer involved shootings and in-custody deaths.  The experience and knowledge gained from these cases are passed on to student-officers in an effort to provide them with current day standards in an effort to facilitate the development of professional law enforcement officers.

June 28, 2023

# EXPERT WITNESS/CONSULTANT EXPERIENCE

# DR. RICHARD CELESTE

# LISTING OF EVENTS

**At the request of clients, I have listed my experience as individual events in order to best assess such experience based on the categories of reports, consultations, trial testimony, deposition testimony, Grand Jury testimony, areas of expertise as qualified by the courts, Plaintiff v. Defense work and attorney client names.**

1.   Watters v. Emery and the Township of Mansfield, et al. (Warren County, NJ). Warren County Superior Court. Docket No. WAR-L-19-05.  Report submitted on behalf of the Defense. March 2006.  Attorney James MaCreedy. Use of Force.

**2.   Watters v. Emery and the Township of Mansfield, et al. (Warren County, NJ). Qualified as an expert in Warren County Superior Court in the Watters v. Emery matter. Qualified as an expert in the areas of Police Procedures, Training and Use of Force.  Attorney James MaCreedy.**

3.   Artilles v. Township of Hanover, et al. (Morris County, NJ).  United States District Court of NJ.  Case No. 06-CV-5427 (KSH) (PS).  Report submitted on behalf of the Defense.  April 24, 2008.  Attorney Thomas Keenan. Use of Force.

4.   Ratajzak v. Township of Franklin, et al. (Warren County, NJ).  Warren County Superior Court. Report submitted on behalf of the Defense. September 29, 2008. Attorney Thomas Keenan. Use of Force.

5.   Scalchi v. County of Bergen, et al. (Bergen County, NJ).   Bergen County Superior Court.  Docket No. L-7672-07. Report submitted on behalf of the Defense. January 27, 2009.  Attorney Eric Marcy. Use of Force.

6.   Scalchi v. County of Bergen, et al. (Bergen County, NJ).   Deposition testimony provided.  Attorney Eric Marcy. Use of Force.

7.   Henning v. Township of Blairstown, et al. (Warren County, NJ). United States District Court. Case No. 3:08-EV-3735. Report submitted on behalf of the Defense.  August 18, 2009.  Attorney Thomas Keenan. Use of Force.

8.   Rivera v. Hopatcong Borough Police Department, N.J. and Sussex County Prosecutors Office, et al. (Warren and Sussex County, NJ).  United States District Court.  Case No. SSX-L-140-08.  Report submitted on behalf of the Defense. September 13, 2009.  Attorney Thomas Keenan. Police Practices.

9.   Rivera v. Hopatcong Borough Police Department, NJ. and Sussex County Prosecutors Office, et al. (Warren and Sussex County, NJ).  Deposition testimony provided.  Attorney Thomas Keenan. Police Practices.

10.   Kovalchik v. Hunterdon County Corrections, et al. (Hunterdon County, NJ). United States District Court.  Case No. 3:08-CV-00507- FLW-TJB.  Report submitted on behalf of the Defense.  November 25, 2009.  Attorney   Thomas Keenan.  Standard of Care.

11.   Nodzak v. Township of Blairstown, et al. (Warren County, NJ).  United States District Court.  Case No. 3:07-CV-01067.  Consulted for Defense/no report submitted.  November 30, 2008.  Attorney Thomas Keenan. Police Practices.

12.   Jacobs v. City of Belleville, et al. (Essex County, NJ). NJ Superior Court. Docket No. ESX-L- 93-08.  Report submitted on behalf of the Defense.  June 22, 2010.  Use of Force, In-Custody Death.  Attorney Deborah Rosenthal.

13.   Bolton v. Jersey City, et al. (Hudson County, NJ).  United States District Court. Case No. 2:08-4298 (FJH) (PJS). Report submitted on behalf of the Defense regarding use of Force.  February 25, 2010.  Attorney Thomas Jardim. Use of Force.

14.   Bolton v. Jersey City, et al. (Hudson County, NJ).  United States District Court. Case No. 2:08-4298 (FJH) (PJS). Report submitted on behalf of the Defense regarding police procedures.  February 25, 2010.  Attorney Thomas Jardim. Police Practices.

15.   Bolton v. Jersey City, et al. (Hudson County, NJ).  Deposition testimony provided.  Attorney Thomas Jardim. Use of Force.

16.   Kehoe v. Township of Blairstown, et al. (Warren County, NJ).  Consulted for Defense/ no report submitted.  Attorney Thomas Keenan. Police Practices.

17.  Sernitsky v. Essex County, et al. (Essex County, NJ).  NJ Superior Court. Docket No. ESX-L- 9709-07.  Report submitted on behalf of the Plaintiff. November 1, 2010.  Attorney Bernard Shirar. Standard of Care.

18.  Bozarth v. Deptford Police Department. (Gloucester County, NJ).  United States District Court. Docket No. 08-CV-05798.  Report submitted on behalf of the Plaintiff.  February 9, 2011. Use of Force.

19.  Weingart v. Sofo. (Middlesex County, NJ). Superior Court.  Docket No. MID-L- 6545-09.  Report submitted on behalf of the Plaintiff.  August 25, 2010. Attorney Jack Kane. Standard of Care.

20.  Weingart v. Sofo. (Middlesex County, NJ).  Deposition testimony provided. October 26, 2010. Attorney Jack Kane. Standard of Care.

**21.  Weingart v. Sofo. (Middlesex County, NJ). Trial testimony provided. May 25, 2011.  Attorney Jack Kane.  Qualified as an expert in the field of Criminal Justice. Standard of Care Case.**

22.  DeCosmis v. Weehawken, et al. (Hudson County, NJ). United States District Court.  Report for the Plaintiff. Case No. 2:09-CV-01437 (SRC-MAS).  July 17, 2011. Police Practices.

23.  DeCosmis v. Weehawken, (Hudson County, NJ).  Deposition testimony provided.  December 9, 2011. Attorney David Montag. Police Practices.

24.  Rasiewitcz v. Pohatcong, et al. (Warren County, NJ). Warren County Superior Court.  Docket No. WRN-L- 165-09.  Report submitted on behalf of the Defense. November 1, 2011.  Attorney Thomas Keenan. Police Practices.

25.  Kobesky v. Stillwater, et al. (Sussex County, NJ).  United States District Court. Case No. 2:09-CV- 03702.  Report submitted on behalf of the Defense. June 22, 2010.  Attorney Deborah Rosenthal. Police Practices.

26.  Brady v. Glen Ridge, et al. (Essex County, NJ).  Essex County Superior Court. Docket No. ESX-4321-08.  Report submitted on behalf of the Defense.  May 13, 2010.  Attorney Thomas Keenan. Police Practices.

27.  Cofi v. Brick Township, NJ (Ocean County, NJ). Consulted with Plaintiff's attorney.  No report submitted.  Attorney Mitchell Perlmutter. Use of Force.

28.  Pearl v. County of Somerset, NJ (Somerset County). Consulted with Defense attorney.  No report submitted.  Attorney Scott Rodgers. Use of Force.

29.  Castro v. Union City, (Hudson County, NJ). Hudson County Superior Court. Case No. 2:09-CV-02176- JLL-MAH.  Report submitted on behalf of the Plaintiff. June 19, 2012.  Attorney Louis Zayas. Police Practices.

30.  Lamplugh v. City of Bridgeton, et al. (Cumberland County, NJ).  Cumberland County Superior Court.  Docket No. L-39-11.  Report submitted on behalf of the Defense.  October 24, 2012.  Attorney Virginia Pallotto. Use of Force.

31.  Lamplugh v. City of Bridgeton, et al. (Cumberland County, NJ).  Cumberland County Superior Court.  Docket No. L-39-11.  Deposition testimony provided. Attorney Virginia Pallotto. Use of Force.

32.  State of New Jersey v. Officer Stephen Solari. (Monmouth County, NJ).  Case No. 10-00153, Indictment No.11-08-01555.  Report submitted on behalf of the Monmouth County Prosecutor's Office.  September 14, 2012.  Assistant Prosecutor Melanie Falco. Use of Force.

33.  Dawkins v. Union County, NJ. (Union County). United States District Court. Case No. 2:09-CV-04811- WJM-CCC.  Report submitted on behalf of the Defense. November 25, 2012. Use of Force, In-custody death.

34.  State of New Jersey v. Thomas Rafferty. (Mercer County, NJ).  File No. 10-1277/ Indictment No. 10-12-12791.  Report submitted on behalf of the Defense of a civilian charged with homicide.  August 1, 2011.  Attorney Jerome Ballarotto. Use of Force.

35.  State of New Jersey v. Thomas Rafferty. (Mercer County, NJ).  File No. 10-1277/ Indictment No. 10-12-12791.  Testimony provided at sentencing hearing on behalf of the Defense of a civilian charged with homicide.  Attorney Jerome Ballarotto. Use of Force.

36.  Marquez v. City of Perth Amboy, et al. (Middlesex County, NJ).  United States District Court.  Civil Action No. 09-909.  Report Submitted on behalf of the Defense.  February 15, 2012.  Attorney John Harrington.  Use of Force.

37.  Kuminka v. Atlantic County Sheriff's Office, et al. (Atlantic County, NJ).  United States District Court.  Case No. 1:10-CV-05233.  Report Submitted on behalf of the Defense.  December 21, 2012.  Attorney James Dugan.  Use of Force.

38.  Suchocki v. Paulsboro Police Department, et al. (Gloucester County, NJ).  Gloucester County Superior Court.  Civil Action Docket No. GLO-L-1007-11.  Report submitted on behalf of the Plaintiff.  December 27, 2012.  Attorney Raymond Zane.  Use of Force.

39.  Wolford v. Toms River, et al. (Ocean County, NJ).  United States District Court.  Case No. 3:11-cv-05776-FLW-DEA.  Report submitted on behalf of the Defense.  February 22, 2013.  Attorney Guy Ryan.  Officer Involved Shooting.

40.  Miller v. Mountainside Police Department, et al. (Union County, NJ).  Superior Court of New Jersey, Union County.  Civil Action Docket No. UNN-L-1289-09.  Report submitted on behalf of the Defense.  April 11, 2013.  Attorney Richard Guss.  Use of Force.

41.  Raab v. Ocean City Police Department, et al. (Ocean County, NJ).  United States District Court, District of New Jersey.  Cape May County.  Civil Action No. 11-cv-6818 (RBK/KMW).  Report submitted on behalf of the Plaintiff.  May 14, 2013.  Attorney Nicholas Pompelio.  Use of Force.

42.  Monique Rodwell v. Newark Police Department. (Essex County, NJ).  United States District Court, District of New Jersey.  Essex County.  Civil Action No. 11-3522 (JLL).  No report submitted, consultation only.  May 2013.  Corporation Counsel of the City of Newark.  Police Practices.

43.  Canales v. Toms River Police Department. (Ocean County, NJ).  United States District Court.  District of New Jersey.  Civil Action No. 11-3159 (MLC-LHG).  Report submitted on behalf of the Defense.  May 8, 2013.  Attorney Mary McCudden.  Police Practices.

44.  State of New Jersey v. Carlton Clark. (Essex County, NJ).  Case No. / Indictment No. 12-5-1226].  Report submitted on behalf of the Defense.  April 2, 2013.  Attorney Anthony Iacullo. Use of Force.

45.  State of New Jersey v. Carlton Clark. (Essex County, NJ).  Case No. / Indictment No. 12-5-1226].  Pre-Trial hearing testimony submitted on behalf of the Defense.  Attorney Anthony Iacullo. Use of Force.

46.  Ragin v Newark Police Department, et al. (Essex County, NJ).  Superior Court of New Jersey.  Law Division – Essex County.  Docket No. ESX-L-42-10.  Report submitted on behalf of the Defense.  May, 2013.  Attorney Gary Lipshutz. Police Practices.

47.  Alexander v. Toms River Police Department, et al. (Ocean County, NJ).  Superior Court of New Jersey.  Law Division – Ocean County.  Docket No. L-3351-11.  Report submitted on behalf of the Defense completed 8/2013.  Attorney Mary McCudden. Police Practices.

48.  Lopez v. Manchester Township. (Ocean County, NJ). United States District Court.  District of New Jersey.  Civil Action No. 12-cv-03167-(JAP) (LHG).  Report submitted on behalf of the Defense.  Attorney Guy Ryan. Officer Involved Shooting. (2013)

49.  Jackson v. Hamilton Township Police Department. (Mercer County, NJ).  United States District Court.  District of New Jersey.  Civil Action No. 10-3989 (AET) (LHG).  Report submitted on behalf of the Defense. Attorney Jared Monaco. Use of Force. (2013)

50.  Jackson v. Hamilton Township Police Department.  (Mercer County, NJ).  United States District Court.  District of New Jersey.  Civil Action No. 10-3989 (AET) (LHG).  Deposition Testimony on behalf of the Defense.  Attorney Jared Monaco. Use of Force.

51.  Mincey v. Rinnier (Salem County, NJ). United States District Court, District of New Jersey. Civil Action No. 11-1727 (JBS-KMW). (In-custody   death of Moshowon Leach/ Penns- Grove/ Salem County).  Report submitted on behalf of the Defense on October 3, 2013.  Attorney Robert Baxter. Use of Force, In-custody death.

52.  Mincey v. Rinnier (Salem County, NJ). (In-custody death of Moshowon Leach/ Penns- Grove/ Salem County).  Deposition Testimony on behalf of the Defense.  Attorney Robert Baxter. Use of Force, In-custody death.

53.  Price v. City of Jersey City (Hudson County, NJ).  Case settled prior to submission of an expert report for the Defense. Officer Involved Shooting.

**54.  The State of New Jersey v. Officer Steven Solari. (Monmouth County, NJ). Qualified as an Expert Witness in Use of Force, Police Training and Police Practices on October 9, 2013.  Qualified in Monmouth County Superior Court by Judge Frances Vernoia. Retained by the Monmouth County Prosecutor's Office.**

55.  Rosario and Roman v. Ridgefield Park, et al. (Bergen County, NJ). Superior Court of New Jersey Law Division: Bergen County. Docket No. BER-L-7671-11. Report submitted on behalf of the Plaintiff.  Attorney David Chazen. Use of Force.

56.  Morris v. United States of America et al. United States District Court, District of New Jersey. Docket No. 12-2926 (NLH) (JS). No.12-2926. Report submitted on behalf of the Defense on December 20, 2013.  Attorney Elizabeth Pascal. Use of Force.

57.  Torrez v. Homdel, et als. (Monmouth County, NJ). Superior Court of New Jersey, Monmouth County, Law Division. Civil Action/ Docket No. MON-L-2385-11. Report submitted on behalf of the Defense on December 3, 2013.  Attorney David Swartz. Use of Force.

58.  Hatze v. Seaside Heights, et als. (Ocean County, NJ).  United States District Court. District of New Jersey. Civil Action No. 3:12-cv-06067 (FLW-LHG). Report submitted on behalf of the Defense on March 22, 2014.  Attorney Guy Ryan. Use of Force.

59.  Hatze v. Seaside Heights, et als. (Ocean County, NJ). Deposition Testimony Completed on behalf of the Defense.  Attorney Guy Ryan. Use of Force.

60.  Sorrentino v. Westfield Police Department, et als. (Union County, NJ). Consultation for the Defense.  Attorney Richard Guss. Police Practices.

61.  Johns v. City of Elizabeth, et als. (Union County, NJ). Superior Court of New Jersey. Law Division, Essex County. Civil Action No. 2:12-cv-00955.  Report

submitted on behalf of the Defense.  Officer Involved Shooting/ Subject Deceased. Attorney Robert Varady.

62.  Farrar v. Township of Teaneck, et als. (Bergen County, NJ). United States District Court, District of New Jersey. Civil Action No. 2:12-cv-03096-SRC. Report submitted on behalf of the Plaintiff on March 10, 2014.  Attorney Nicholas Pompelio. Use of Force.

63.  Bailey v. Township of Blairstown, et als. (Warren County, NJ).  Warren County Superior Court.  Docket No. WRN-L- 358-12.  Report submitted on behalf of the Defense in 2014. Attorney Thomas Keenan. Police Practices.

64.  Angelo v. Borough of Rutherford, et als. (Bergen County, NJ). Superior Court of New Jersey. Law Division- Bergen County. Docket No. BER-L-8541-12. Report submitted for the Defense.  Attorney Ian Doris. Police Practices.

65.  Persad v. Township of Dumont, et als. (Bergen County, NJ). United States District Court, District of New Jersey. Case No. 2:13-CV-02944-SRC-CLW. Case settled prior to submission of a report for the Defense.  Attorney Ian Doris. Use of Force.

66.  Adi v. Passaic County Sheriff Department, et als. (Passaic County, NJ). Consultation, no report submitted.  Attorney Ian Doris. Use of Force.

67.  Hasson Ali George v. Hudson County, et als. (Hudson County, NJ). United States District Court, District of New Jersey. Hudson County. Civil Action No. 13-2957 (KM-MCA). Report submitted on behalf of the Plaintiff.  Attorney Michell Perlmutter. Police Practices.

68.  Burris v. Millville, et als. (Cumberland County, NJ). United States District Court. Civil Action No. 1:12-CV-04678-JEI-KMW. Report submitted on behalf of the Defendants. Use of Force, In-Custody Death. Attorney Todd Gelfand.

69.  Rivera v. County of Bergen, et als. (Bergen County, NJ). United States District Court, District of New Jersey. Docket No. 2:13-cv-00152 (DMC-JAD) Report submitted on behalf of the Defendants. Officer Involved shooting/ Subject Deceased. Attorney David Pack.

70.  Chique v. City of Newark, et als. (Essex County, NJ).  Superior Court of New Jersey. Law Division- Essex County. Docket No. ESX-L-9032-12.  Report

submitted on behalf of the Defendants.  Attorney Gary Lipshutz. Officer Involved Shooting.

71.  Grand Jury Testimony provided in the case of Victor Rodriguez who was shot and wounded by two New Brunswick police officers, (Middlesex County, NJ), April/ 2012. No Bill. Officer Involved Shooting.

72.  Alqanawi v. City of Paterson, et als. (Passaic County, NJ). United States District Court. Civil Action No. 13-1578 (FSH). Report submitted on behalf of the Defendants. Attorney Victor Afanador. Use of Force.

73.  State v. Yasmeen Anderson. (Somerset County). Trial File Case No. 14000091. Indictment No. 14-04-00211-1. Consultation for the State. Attorney Anthony Parenti. Use of Force.

74.  Martesse Gilliam v. Bloomfield, et als. (Essex County). Superior Court of New Jersey. Law Division- Essex County. Docket No. ESX-L-7215-12.   Report submitted for the Defense.  Attorney Daniel Bevere and Steven Martino. Use of Force.

75.  Farrar v. Township of Teaneck, et als. (Bergen County, NJ). United States District Court, District of New Jersey. Civil Action No. 2:12-cv-03096-SRC. Deposition Testimony provided on January 13, 2015. Attorney Paul Rizzo. Use of Force.

**76.  Torrez v. Homdel, et als. (Monmouth County, NJ). Superior Court of New Jersey, Monmouth County, Law Division. Civil Action/ Docket No. MON-L-2385-11. Qualified as an expert for the Defense in Use of Force, Police Procedures and Training (Self Defense) during trial on January 22, 2015. Attorney David Swartz.**

77.  Molock v. Clementon, et als. (Camden County, NJ). United States District Court, District of New Jersey. Civil Action No. 1:13-cv-03316. Report submitted on behalf of the Plaintiff. Attorney Paul Rizzo. Police Practices.

78.  Alqanawi v. City of Paterson, et als. (Passaic County, NJ). United States District Court. Civil Action No. 13-1578 (FSH). Deposition Testimony. Attorney Victor Afanador. Use of Force.

79. Simmons v. Paterson, et als. (Passaic County, NJ).  United States District Court. Civil Action No. 11-640 (WJM) Attorney Victor Afanador. Report submitted on behalf of the Defendants. 4/14/15. Use of Force.

80. Candelaria v. Newark, et als. (Essex County, NJ).  Superior Court of New Jersey. Law Division- Essex County. Docket No. ESX.  Report submitted on behalf of the Defendants.  Attorney Gary Lipshutz. Officer Involved Shooting.

81. Jones v. Vineland, et als. (Cumberland County).  United States District Court. District of New Jersey. Civil Action No.: 13-cv-07132. Report submitted on behalf of the Defendants. Use of Force, In-custody death.

82. Rickert v. Woodbury. (Gloucester County).  Superior Court of New Jersey/ Law Division/Docket No. GLO-L-1650-13. (REMOVED TO FEDERAL COURT) Report submitted on behalf of the Plaintiff. Use of Force.

83. Delellis v. Township of Morris. (Morris County, NJ). Superior Court of New Jersey Law Division: Morris County. Docket No.: MRS-L-2543-12. Report submitted for the Defense. Attorney David Ruitenberg. Police Pursuit.

84. Shuman v. Township of Raritan. (Hunterdon County).  United States District Court. District of New Jersey. Civil Action No. 3:14-cv-03658-FLW-LHG. Report submitted for the Defense. Attorney Richard Guss. Use of Force.

85. Shuman v. Township of Raritan. (Hunterdon County).  United States District Court. District of New Jersey. Civil Action No. 3:14-cv-03658-FLW-LHG.Supplemental Report submitted for the Defense. Attorney Richard Guss. Use of Force.

86. Hasson Ali George v. Hudson County, et als. (Hudson County, NJ). United States District Court, District of New Jersey. Hudson County. Civil Action No. 13-2957 (KM-MCA). Deposition Testimony provided.  Attorney Michell Perlmutter. For the Plaintiff. Police Practices.

87. Simmons v. Paterson, et als. (Passaic County, NJ).  United States District Court. Civil Action No.: 11-640 (WJM).  Attorney Victor Afanador. Deposition Testimony provided. Use of Force.

88. Bouie v. Paterson. (Passaic County, NJ). Consultation for the Defense. Attorney Erik Sardina. Use of Force.

89. Bouie v. Paterson. (Passaic County, NJ). United States District Court. District of New Jersey. Civil Action No.: 2-17-cv-04109 (NJD). Report Submitted for the Defense. Officer Involved Shooting. Attorney Jonathan Carrillo.

90. Tankard v. Elizabeth. (Union County, NJ). United States District Court. District of New Jersey. Civil Action No.: 2:14-cv-1351. Report submitted for the Defense. Attorney Robert Varaday. Officer Involved Shooting.

91. Norman v. Haddon Township. (Camden County). United States District Court. District of New Jersey. Civil Action No.: 14-6034 (JEI-JS). Report submitted for the Defense. Attorney Francis Donnelly. Use of Force, In-Custody Death

92. Newsome v. Newark. (Essex County). United States District Court. District of New Jersey. Civil Action No. 13-cv-6234 (CCC-MF). Report submitted for the Defense. Attorney Gary Lipshutz. Police Practices.

93. Shuman v. Township of Raritan. (Hunterdon County). United States District Court. District of New Jersey. Civil Action No. 3:14-cv-03658-FLW-LHG. Deposition Testimony provided. Attorney Richard Guss. Use of Force.

94. Sexton v. Edwards. (Hunterdon County, NJ). United States District Court for the District of New Jersey. Civil Action No. 3:12-cv-05524-PGS-DEA. Report submitted for the Defense. Attorney Randall Weaver/ New Jersey Department of Law. Use of Force.

95. Hatton v. City of Hackensack. (Bergen County, NJ). Superior Court of New Jersey. Law Division Bergen County. Docket No.: 10881-14. Report submitted for the Defense. Attorney Nicholas Milewski. Police Practices.

**96. Chique v. City of Newark, et als. (Essex County, NJ). Superior Court of New Jersey. Law Division- Essex County. Docket No. ESX-L-9032-12. Trial Testimony. Qualified as an expert in Use of Force, Pursuit Driving, Police Procedures and Law Enforcement Training. Judge Vena, Essex County Superior Court. May 5, 2016. Attorney Gary Lipshutz. Officer Involved Shooting.**

97. Piserchia v. County of Bergen. (Bergen County, NJ). United States District Court. District of New Jersey. Civil Action No. 2:12-CV-02520 (CCC/JBC).

Report submitted for the Defense/ May 4, 2016. Attorney Ian Doris. Officer Involved Shooting.

98.  Bland v. County of Camden. (Camden County, NJ).  Consultation for the Plaintiff/May 2, 2016. Attorney Christopher K. Koutsouris. Use of Force.

99.  Lee v. Hoboken. (Hudson County, NJ). Municipal Court. Consultation for the City of Hoboken/ May 1, 2016. Attorney Susan Ferraro. Police Practices.

100.  Rosario and Roman v. Ridgefield Park, et al. (Bergen County, NJ). Superior Court of New Jersey Law Division: Bergen County. Docket No. BER-L-7671-11. Deposition Testimony provided.  Attorney David Chazen. Use of Force.

101. Small v. Fort Lee. (Bergen County, NJ). Consultation for the Defendant/ June/ 2016. Attorney Ian Doris. Police Practices.

102. Telzer v. Englewood Cliffs. (Bergen County, NJ). United States District Court. District of New Jersey. Civil Action No.: 2:13-cv-4306 (KM-MAH). Report submitted for the Defense. Attorney Kathy Kennedy. Police Practices.

103. Danielson v. Chester Township. (Morris County, NJ). United States District Court. District of New Jersey. Civil Action No. 2:13 CV-05427-JLL-JAD. Report submitted for the Defense. Attorney Leslie Parikh. Use of Force.

104. Azana v. Officer Torres and the Somerset County Jail. (Somerset County, NJ). Superior Court of New Jersey. Civil Action No. SOM-L-565-15. Report submitted for the Defense, Attorney Richard Guss.  Use of Force.

105. Crawford v. Finkelstein. (Monmouth County, NJ). Superior Court of New Jersey. Docket No.: MON-L-3438-14. DOL. No. 14-03575. Report submitted for the Defense. Attorney Benjamin Zeiman. DAG of the State of New Jersey. Pursuit.

106. Webb v. City of Newark. (Essex County, NJ.) United States District Court. District of New Jersey. Case No.: 12-cv-03592 (ORO-SCM). Report submitted for the Defense. Attorney Gary Lipshutz. Officer Involved Shooting.

107. Gibbons v. State of New Jersey. (Camden County, N.J.) United States District Court. District of New Jersey. Civil Action No. 13-cv-3530 (JHR-AMD).  Report submitted for the Defense (12-12-16). Attorney DAG Marvin Freeman. Trooper Involved Shooting.

108. Elissetche v. Wall Township. (Monmouth County, N.J.) Superior Court of New Jersey. Docket No.: MON-L-337214. Report submitted for the Defense. Attorney Andrew Walsh. Use of Force.

109. Bland v. City of Newark. (Essex County, N.J.) United States District Court. District of New Jersey. Civil Action No. 13-cv-2985 (KSH-CLW).  Report submitted for the Defense. Attorney Gary Lipshutz. Officer Involved Shooting.

110. Wright v. City of Elizabeth. (Union County, N.J.) United States District Court. District of New Jersey. Civil Action No. 2:15-cv-04429-MC. Report submitted for the Defense. Attorney Robert Varady. Use of Force.

111.  Anamdi v. Kean University et. al (Union County, N.J.) Docket No. UNN-L-774-15. Report submitted for the Defense. Deputy Attorney General Robert McQuire. Use of Force.

112. Gardner v. New Jersey State Police et. al (Atlantic County, N.J.) United States District Court. District of New Jersey- Camden Vicinage. Civil Action No. 15-cv-08982 (RBK-AMD).  Report submitted for the Defense. Attorney A. Michael Barker. Officer Involved Shooting.

113. Velaquez v. City of Newark. (Essex County, NJ). United States District Court. District of New Jersey. Case No.: 12-cv-03592 (ORO-SCM). Report submitted for the Defense. Attorney Avion Benjamin. Use of Force, In-custody death.

114. Israel v. Township of Freehold. (Monmouth County, NJ). United States District Court. District of New Jersey. Civil Action No.: 13-97 (PGS-LHGSCM). Report submitted for the Defense. Attorney Jared Monaco. Use of Force.

**115. Israel v. Township of Freehold. (Monmouth County, NJ). United States District Court. District of New Jersey. Civil Action No.: 13-97 (PGS-LHGSCM). Testimony provided for the Defense. Qualified as an expert in Use of Force and Police Procedures. Attorney Jared Monaco. Use of Force.**

116. Ezekwo v. City of Englewood. (Bergen County, NJ). United States District Court. District of New Jersey. Civil Action No.: 2:15-cv-03167 (SDW-SCM). Report submitted for the Defense. Attorney David Pack. Use of Force.

117. Williams v. City of Bayonne. (Hudson County, NJ). United States District Court for the District of New Jersey. Civil Action No.  2:15-cv-01050-JMV-JBC. Report submitted for the Defense. Attorney Michael Goldman. Use of Force, In-custody death.

**118. Velaquez v. City of Newark. (Essex County, NJ). United States District Court. District of New Jersey. Case No.: 12-cv-03592 (ORO-SCM). Trial Testimony provided for the Defense. Attorney Avion Benjamin. Use of Force, In-custody death.**

119. Mathos v. County of Passaic. (Passaic County, NJ). Superior Court of New Jersey. Law Division- Passaic County. Docket No.: PAS-L-1246-16. Report submitted for the Defense. Attorney Paul Giblin. Police Pursuit.

120. Rodriquez v. Perth Amboy. (Middlesex County, NJ). United States District Court. District of New Jersey. Case No.: 2:15-CV-04429-MCA-LDW. Report submitted for the Defense. Attorney Timothy Koch. Officer Involved Shooting.

121. Clancy v. Jefferson. (Morris County, NJ). Superior Court of New Jersey. Law Division – Morris County. Docket No. MRS-L-860-13. Report Submitted for the Defense. Attorney Leslie Parikh. Police Practices.

122. Love – Skinner v. City of Bridgeton. (Camden County, NJ). United States District Court. District of New Jersey. Docket No.: 1:16-cv-01937-JBS-KMW. Report submitted for the Defense. Attorney Tracy Bussel. Use of Force.

123. Murphy v. Spring Lake. (Ocean County, NJ). United States District Court. District of New Jersey. Civil Action No.: 3:14-cv-06896 (FLW-DEA). Report submitted for the Defense. Attorney John Bazzurro. Use of Force.

124. Brotzman v. Hackettstown. (Warren County, NJ). United States District Court. District of New Jersey. Trenton Vicinage. Civil Action No.  3:16-cv-00619-PGS-LHG. Report submitted for the Defense. Attorney Tracy Bussel and Chryzanta Hentisz. Use of Force and Police Practices.

125. State of New Jersey v. Justin Cherry. (Ocean County) Ocean County Superior Court.  Indictment No. 17-09-1419. Report submitted for the Prosecution. Use of Force.

126. Kyheem Davis v. Township of Neptune. (Monmouth County) Monmouth County Superior Court. Law Division: Monmouth County. Docket No.: MON-L-4209-15. Report Pending for the Defense. Attorney Thomas Kelly. Police Practices.

127. Williams v. City of Bayonne. (Hudson County, NJ). United States District Court for the District of New Jersey. Civil Action No. 2:15-cv-01050-JMV-JBC. Deposition testimony provided, 11-21-17. Attorney Michael Goldman. Use of Force, In-custody death.

128. Rivera v. New Jersey State Police. (Warren County, NJ). United States District Court for the District of New Jersey. Civil Action No. 2016-9320. Report submitted for the Defense. Attorney DAG Victor DeFrancesco. Use of Force and Police Procedures.

129. Mastrofilippo v. Little Ferry. (Bergen County). Superior Court of New Jersey. Law Division-Bergen County. Docket No. BER-L-3552-12. Report submitted for the Defense. Attorney Tom Hanrahan. Police Procedures.

130. State of New Jersey v. Jeffrey Proffit. (Cumberland County) Cumberland County Superior Court. Indictment No. 11-08-01555. Report submitted for the Prosecution. Use of Force.

131. Diez v. New Jersey State Police. (Morris County). Superior Court of New Jersey. Law Division-Morris County. Docket No. L-1709-16. Report submitted for the Defense. Attorney DAG Victor DeFrancesco. Use of Force and Police Procedures.

132. Villafana v. City of Elizabeth. (Union County). Superior Court of New Jersey. Law Division-Union County. Docket No. UNN-L-2331-16. Report submitted for the Defense. Attorney Robert Varady. Use of Force and Police Procedures.

133. Richardson v. City of Newark. (Essex County). United States District Court. District Court of the State of New Jersey. Law Division-Essex County. Civil No. 2:16-cv-00265-(MCA/LDW). Report submitted for the Defense. Attorney Wilson Antoine. Use of Force and Police Procedures. Officer Involved Shooting.

134. Diaz v. Hackensack. (Bergen County). United States District Court. District Court of the State of New Jersey. Law Division-Bergen County. Civil Action No.

2:16-cv-03270 (JLL/JAD). Report submitted for the Defense.  Attorney Thomas Hanrahan. Use of Force and Police Procedures. Officer Involved Shooting.

135.  Reyes v. Paramus. (Bergen County). United States District Court. District of New Jersey. Civil No. 2:16-cv-06774-(ES-MAH). Report submitted for the Defense.  Attorney Bryan Reagan. Use of Force and Police Procedures. Officer Involved Shooting.

136. Jefferson v. City of Elizabeth. (Union County). United States District Court. District of New Jersey. Civil No. 2:15-cv-1086-(KM-MAH). Report submitted for the Defense.  Attorney Robert Varady. Use of Force and Police Procedures. Officer Involved Shooting.

137. Teel v. Glassboro. (Gloucester County). United States District Court. District of New Jersey. Civil No. 1:17-cv-02253-(RBK-AMD). Report submitted for the Defense.  Attorney Jeffrey Craig. Use of Force and Police Procedures. 5/13/18

138. Villafana v. City of Elizabeth. (Union County). Superior Court of New Jersey. Law Division-Union County. Docket No. UNN-L-2331-16. Deposition Testimony provided.  Attorney Robert Varady. Use of Force and Police Procedures. (2018)

139. Jacobs v. Cumberland. (Cumberland County). United States District Court for the District of New Jersey, Camden Vicinage. Civil No. 16-1523 (JHR/AMD). Report submitted for the Defense. Attorney Michael Barker. Use of Force. (2018)

140. Moeller v. Little Egg Harbor Township. (Atlantic County). United States District Court. District of New Jersey. Docket No. OCN-L-2914-16. Report submitted for the Defense. Attorney Thomas Monahan. Police Practices and Procedures. (2018)

141. Moeller v. Little Egg Harbor Township. (Atlantic County). United States District Court. District of New Jersey. Docket No. OCN-L-2914-16. Deposition Testimony provided. Attorney Thomas Monahan. Police Practices and Procedures. (2018)

142. Veneziale v. New Jersey State Police. (Burlington County, NJ) United States District Court. District of New Jersey. Civil Action No. 1:14-cv-06015-JHR-JS. Report submitted for the Defense. Attorney Victor Defrancesco. Police Practices and Procedures, Use of Force. (2018)

143. Jacobs v. Cumberland. (Cumberland County). United States District Court for the District of New Jersey, Camden Vicinage. Civil No. 16-1523 (JHR/AMD). Deposition Testimony provided. Attorney Michael Barker. Use of Force. (2018)

144. Mazur v. Marlboro et al. (Monmouth County, NJ). United States District Court District of New Jersey Case Number 3:16-CV-05527-BRM-LHG. Report submitted for the Defense. Police Practices and Use of Force. Attorney Charles Uliano. (2019)

145. Sakoutis v. Hamilton (Mercer County, NJ). Superior Court of New Jersey Mercer County-Law Division. Docket No. L-40-16. Report submitted for the Defense. Police Practices and Use of Force. Attorney Michael Nagurka. (2018)

146. Smith v. Mercuri (Burlington County, NJ). United States District Court for the District of New Jersey. Civil No. 1:17-cv-01278-(JBS-KMW). Report submitted for the Defense. Police Practices and Use of Force. Attorney Dean Wittman. (2019)

147. Del Rosario v. City of Paterson (Passaic County, NJ). United States District Court for the District of New Jersey. Civil No.: 2:14-cv-05167 (WJM). Officer Involved Shooting. Report submitted for the Defense. Police Practices and Use of Force. Attorney Keith Murphy. (2019)

148. Russo v. City of Paterson (Passaic County, NJ). United States District Court for the District of New Jersey. Vicinage of Newark. Civil No. :16-5665 (ES).  Case Settled/No report. Police Practices and Use of Force. Attorney Keith Murphy. (2019)

149. Veteri v. Camden (Camden County, NJ). Superior Court of New Jersey, Law Division, Camden County. Docket No.: CAM-L-004492-17. Report submitted for the Defense. Police Training Practices. Attorney William Cook. (2018)

150. Wagner v. Roxbury (Morris County, NJ). United States District Court for the District of New Jersey, Newark. Case No.: 2:18-cv-06357-ES-CLW. Report submitted for the Defense. Police Practices and Use of Force. Attorney Tracy Bussel. (2019)

151. Alexander v. Pine Hill (Camden County, NJ). United States District Court, District of New Jersey, Camden. Docket No.: 1:17-CV-6418-NLH-KMW. Report submitted for the Defense. Police Practices. Attorney Michael O'Neill.

152. Mendola v. Monroe Township (Gloucester County) United States District Court, District of New Jersey, Civ. No. 17-13220. Report submitted for the Defense. Police Practices and Use of Force. Attorney Vanessa James.

153. Krake v. Boro of Hopatcong (Morris County, NJ). Superior Court of New Jersey Morris County: Law Division. Docket No.: MRS-L-1029-18. Report submitted for the Defense. Police Practices and Use of Force. Attorney Bradley Tishman.

**154. State of New Jersey v. Justin Cherry (Ocean County). Ocean County Superior Court.  Indictment No. 17-09-1419. Testimony provided for the Prosecution. Qualified as an expert in Use of Force.**

155. Balough v. Toms River (Ocean County). Ocean County Superior Court. Civil Action. Docket No. L-269-18. Report submitted for the Defense. Police Practices, Police Pursuit. Attorney Christen McCullough.

156. Padilla v. Bellville (Essex County). Essex County Superior Court. Civil Action. Docket No.: ESX-L-1444-17. Report for the Defense. Police Practices. Attorney Daniel Bevere. (2020)

157. Gimenez v. Elmwood Park (Bergen County) United States District Court for the District of New Jersey, Civil Action No. 2:17-cv-07177. Report pending for the Defense. Police Practices. Attorney Thomas Hanrahan.

158. Union Beach Social Club v. Union Beach (Monmouth County) United States District Court, District of New Jersey (Trenton), Case Number No. 3:16-cv-06856 (FLW-DEA). Report submitted for the Defense. Police Practices. Attorney Charles Uliano. (2019)

159. Salda v. New Jersey State Police. Superior Court of New Jersey (Atlantic County) Law Division/Civil Part. Docket No. ATL-L-297-17. Report submitted for the Defense. Police Practices and Use of Force. Deputy Attorney General Adam Gibbons. (2019)

160. Dean v. Glassboro (Gloucester County) United States District Court for the District of New Jersey. Civil Action Number 17-cv-07344 (JBS/JS). Report submitted for the Defense. Police Practices and Use of Force. Attorney Vanessa James. (2019)

161. Bouie v. Paterson (Passaic County) United States District Court District of New Jersey. Civil Action No. 17-cv-4109 (SDW/SCM). Report submitted for the Defense. Police Practices and Use of Force. Attorney Jonathan Carrillo. (2019)

162. Schweizer v. Middle Township (Cape May County). United States District Court for the District of New Jersey. Civil Action No. 17-cv-00960 (NLH/JS). Report submitted for the Defense.  Police Practices and Use of Force. Attorney Vanessa James. (2019)

163. State v. Jose Paz. Superior Court of New Jersey Law Division (Criminal) Cumberland County. Indictment Number 19-01-76-I/B. Report submitted for the Defense. Police Practices and Use of Use of Force. Assistant Prosecutor Lindsey Seidel. (2019)

164. Van Horn v. Franklin Borough (Sussex County). Superior Court of New Jersey. Law Division/Sussex County. Docket No. SSX-L-126-18. Report submitted for the Defense. Police Practices. Attorney Tracy Bussel. (2019)

165. Giron v. Paramus (Bergen County). Superior Court of New Jersey. Law Division: Bergen County. Docket No. BER-L-2901-18. Report completed for the Defense. Police Practices and Police Pursuit. Attorney Scott Frahney. (2020)

166. Mendelson v. City of Newark (Essex County). United States District Court for the District of New Jersey. Civil Action No. 2:16-cv-04831-(WJM/MF). Report completed for the Defense. Police Practices and Police Pursuit. Attorney Francis Kenny. (2020)

167. McDowell v. City of Ventnor (Atlantic County) Superior Court of New Jersey. Atlantic County-Law Division. Civil Part Docket No. L-000793-16. Report submitted for the Defense. Police Practices. Attorney Mike Barker. (2020)

168. Rappisi v. Hazlet (Monmouth County) Superior Court of New Jersey. Law Division: Monmouth County. Docket No. MON-L-3070-15. Report submitted for the Defense. Police Practices and Use of Force. Attorney Charles Uliano. (2020)

169. Sanders v. City of Summit (Union County) Superior Court of New Jersey. Law Division: Union County. Docket No. UNN-L-1421-18. Report submitted for the Defense. Police Practices. Attorney Timothy Beck. (2020)

170. Waychoff v. NJSP Superior Court of New Jersey. Law Division: Union County. Docket No. UNN-768-18. Report submitted for the Defense. Vehicular Pursuit. Attorney Timothy Saia. (2019)

171. State v. Proffit State of New Jersey v. Jeffrey Proffit. (Cumberland County) Cumberland County Superior Court.   Indictment No. 11-08-01555. Report submitted for the Prosecution regarding additional charges against Defendant. Use of Force. Attorney/ Assistant Prosecutor Harold Shapiro. (2020)

172. Capra v. Hackensack (Bergen County) United States District Court/District of New Jersey. Case No. 2:15-cv-03215-ES-JAD. Report submitted for the Defense. Police Practices and Excessive Force. Attorney John Visconi. (2020)

173. Harris v. City of Newark (Essex County) District Court of the State of New Jersey. District Court of the State of New Jersey. Law Division: Essex County. Civil No. 2:16-cv-00265- (MCA/LDW). Report submitted for the Defense. Police Practices. Attorney Wilson Antoine. (2020)

174. Giron v. Paramus (Bergen County). Superior Court of New Jersey. Law Division: Bergen County. Docket No. BER-L-2901-18. Deposition Testimony provided. Police Practices. Attorney Scott Frahney. (2020)

175. Diaz v. Hackensack. (Bergen County). United States District Court. District Court of the State of New Jersey. Law Division-Bergen County. Civil Action No. 2:16-cv-03270 (JLL/JAD). Deposition Testimony provided.  Attorney Thomas Hanrahan. Use of Force and Police Procedures. Officer Involved Shooting.

176. Capra v. Hackensack (Bergen County) United States District Court/District of New Jersey. Case No. 2:15-cv-03215-ES-JAD. Deposition Testimony provided. Police Practices and Excessive Force. Attorney John Visconi. (2020)

177. Ameri v. Paterson (Passaic County) United States District Court. District of New Jersey. Case No.: 2:16-cv-04878-MCA-MAH. Report submitted for the Defense. Use of Force and Police Procedures. Attorney Michael Nagurka. (7/23/20)

178. Ameri v. Paterson (Passaic County) United States District Court. District of New Jersey. Case No.: 2:16-cv-04878-MCA-MAH. Deposition Testimony provided. Use of Force and Police Procedures. Attorney Michael Nagurka. (report 7/23/20)

179. Smith v. Plainfield (Union County) United States District Court. Law Division- Essex County. Case No.: 2:16-cv-00265-(MCA-LDW). Report submitted for the Defense. Police Practices and Procedures. Attorney Charles Simmons. (5/20)

180. Phillips v. Plainfield (Union County) Superior Court of New Jersey. Law Division- Union County. Docket No.: UNN-L-1487-18. Report submitted for the Defense. Police Practices and Procedures. Attorney Victoria Flynn. (8/20)

181. Lankford v. Clifton (Passaic County) United States District Court. District of New Jersey. Civil Action No.: 2:16-cv-06643-(KM-CLW). Report submitted for the Defense. Use of Force and Police Practices and Procedures. Attorney Thomas Egan. (7/13/20)

182. Horne v. Clifton (Passaic County) United States District Court. District of New Jersey. Civil Action No.: 2:15-cv-03215-(ES-JAD). Report submitted for the Defense. Use of Force and Police Practices and Procedures. Attorney Thomas Egan. (6/10/20)

183. Fallen v. Newark (Essex County) United States District Court. District of New Jersey. Civil Action No. 215-cv-2286 (CCC-JBC). Report submitted for the Defense. Police Practice and Procedures. Attorney Gary Lipshutz.

184. Jane Doe v. Atlantic City (Atlantic County) Superior Court of New Jersey. Law Division- Atlantic County. Docket No.: ATL-L-1883-16. Report submitted for the Defense. Police Practices and Procedures. Attorney John C. Hegarty. (9/25/20)

185. Rhines v. NJSP (Essex County) Superior Court of New Jersey. Law Division- Essex County. Docket No.: ESX-L-580-19. Report submitted for the Defense. Police Practices and Procedures. Deputy Attorney General John Cascio.

186. Sykes v. NJSP (Cumberland County) Superior Court of New Jersey. Law Division- Cumberland County. Docket No.: L-626-17. Report submitted for the Defense. Use of Force and Police Practices and Procedures. Attorney Victor DiFrancesco. Officer Involved Shooting.

187. Minguela v. Camden County (Camden County). United States District Court. District of New Jersey. Civil Action No. 1:20-cv-01893-NLH-AMD. Report

requested for the Defense. Case settled prior to any written report. Use of Force. Attorney William Cook. (1/21)

188. Diaz v. Clayton (Gloucester County) Superior Court of New Jersey, Law Division, Civil Part. Civil Action No.: L-222-20. Report submitted for the Defense. Use of Force, Police Training, and Police Practices. Attorney William Cook. (2-4-21)

189. Fitzpatrick v. Hazlet (Monmouth County) United States District Court. District of New Jersey, Trenton. Report completed for the Defense. Use of Force and Police Practices. Attorney Charles Uliano

190. Toe v. Trenton (Mercer County) United States District Court. District of New Jersey. Law Division, Mercer County, Civil Action No.: 2:16-cv-(JLL/JAD). Report submitted for the Defense. Officer Involved Shooting. Attorney Brooks DiDonato.

191. DiLorio v. Clark (Union County) United States District Court. District of New Jersey. Civil Action No. 2:17-cv-737. Report submitted for the Defense. Use of Force. Attorney Steven Parness.

192. DiLorio v. Clark (Union County) United States District Court. District of New Jersey. Civil Action No. 2:17-cv-737. Supplemental Report submitted for the Defense. Use of Force. Attorney Steven Parness.

193. Fillichio v. Toms River (Ocean County). United States District Court. District of New Jersey. Case No. 3:19-cv-00575-FLW-DEA. Report submitted for the Defense. Use of Force and Police Practices. Attorney Thomas E. Monahan.

194. Apostolos v. Toms River (Ocean County). Superior Court of New Jersey-Law Division Ocean County. Docket Number OCN-L-450-194. Report submitted for the Defense. Officer Involved Shooting and Police Practices. Attorney Thomas Monahan.

195. Carter v. New Jersey State Police. Superior Court of New Jersey. Law Division, Burlington County. Docket No. BUR-L-2637-19. Report pending for the Defense. Police Pursuit. Deputy Attorney General John Cascio.

196. Dowell v. Berlin. Superior Court of New Jersey. Camden County Law Division. Docket No: CAM-l-002514-19. Report completed for the Defense. Police Practices. Attorney Christopher Wolk.

197. Gurvey v. Monclair. United States District Court. District of Newark, New Jersey. Civil Action No.: 2:19-CV-17525-KM-ESK. Report submitted for the Defense. Police Practices. Attorney Claudia Marchese.

198. Diaz v. Clayton (Gloucester County) Superior Court of New Jersey, Law Division, Civil Part. Civil Action No.: L-222-20. Court Testimony provided in Officer Diaz Appeal regarding his Termination. Qualified in Criminal Justice, Use of Force, Police Training, and Police Practices. Attorney William Cook.

199. Anderson v. Deptford Report Pending for the Defense. Use of Force and Police Practices. Officer Involved Shooting. Attorney Todd Gelfand.

200. Chaoul v. Palisades Park. Superior Court of New Jersey, Law Division: Bergen County. Docket Number BER-L-6731-19.   Report submitted for the Defense. Police Practices. Attorney Camelia Grymes.

201. Rossi v. Trenton. United States District Court for the District of New Jersey. Case No.: 3:18-cv-12708-MAS-LHG. Report submitted for the Defense. Police Practices and Use of Force. Attorney Rashaan Williams.

202. Rossi v. Trenton. United States District Court for the District of New Jersey. Case No.: 3:18-cv-12708-MAS-LHG. Deposition. Attorney Rashaan Williams.

203. Crum v. Franklin. Superior Court of New Jersey/Sussex County. Docket No. L-568-18. Report submitted for the Defense. Police Practices. Attorney Katherine Fina.

204. Boden v. Toms River. Superior Court of New Jersey/Ocean County. Docket No. OCN-L-2287-29. Report submitted for the Defense. Police Practices. Attorney Thomas Monahan.

205. Altidor v. Toms River. United States District Court for the District of New Jersey. Case No.:3:18-cv-14834 (MAS-DEA). Report submitted for the Defense. Police Practices and Use of Force. Attorney Thomas Monahan.

206. Altidor v. Toms River. United States District Court for the District of New Jersey. Case No.:3:18-cv-14834 (MAS-DEA). Supplemental Report submitted for the Defense. Police Practices and Use of Force. Attorney Thomas Monahan.

207. Diamanty v. Beach Haven. United States District Court for the District of New Jersey. Case No.:3:20-cv-08262. Police Practices and Use of Force. Report submitted for the Defense. Attorney Michael McKenna.

208. Widmaier v. City of Newark. United States District Court for the District of New Jersey. Case No.:2:16-cv-02533-(JMV/MF). Police Practices and Use of Force. Report submitted for the Defense. City Attorney Emilia Perez.

209. Wang v. NJSP. United States District Court for the District of New Jersey/Vicinage of Trenton. Case No.:3:18-cv-11933 (ZNQ-TJB). Police Practices. Report submitted for the Defense. Attorney DAG Victor DiFrancesco.

210. Devlin v. Lacey. United States District Court for the District of New Jersey. Case No.:3:20-cv-04068. Police Practices and Use of Force. Report submitted for the Defense. Attorney Michael Nagurka.

211. Edwards v. City of Trenton. Consultation for City of Trenton. Attorney Rashaan Williams.

212. Braunstein v. Paramus. Superior Court of New Jersey/Bergen County. Docket No.:BER-L-2888-21. Police Practices. Report Pending for the Defense. Attorney Scott Sears.

213. Braithwaite v. Long Branch. United States District Court for the District of New Jersey. Case No.:3:19-cv-18332 (LHG-MAS). Police Practices and Use of force. Report submitted for the Defense. Attorney Brian Trelease.

214. Fiore v. Jackson. Superior Court of New Jersey/Ocean County. Docket No.:OCN-L-1777-19. Police Practices and Police Pursuit. Report submitted for the Defense. Attorney Thomas Monahan.

215. Digiesi v. Township of Bridgewater. United States District Court for the District of New Jersey. Case No.:3:19-cv-14557 (MAS-LHG). Police Practices. Report submitted for the Defense. Attorney Richard Guss.

216. Digiesi v. Township of Bridgewater. United States District Court for the District of New Jersey. Case No.:3:19-cv-14557 (MAS-LHG). Police Practices. Supplemental Report submitted for the Defense. Attorney Richard Guss.

217. Harrison v. NJSP. United States District Court for the District of New Jersey. Case No.:2:18-cv-16358. Police Practices and Use of Force. Report submitted for the Defense. Attorney DAG Marvin Freeman.

218. Damaskinos v. Asbury. Superior Court of New Jersey/Monmouth County. Docket No.:MON-L-001772-20. Police Practices and Police Pursuit. Report submitted for the Defense. Attorney Ethan Sheffet.

219. Boone v. City of Elizabeth. United States District Court for the District of New Jersey. Case No.:2:18-cv-13994 (MCA-MAH). Police Practices. Report submitted for the Defense. Attorney Bob Varady.

220. Bassitt v. City of Elizabeth. United States District Court for the District of New Jersey. Civil Action No.: 2:20-cv-12680-KM-JBC. Police Practices. Report pending for the Defense. Attorney Bob Varady.

221. Bates v. City of Elizabeth. United States District Court for the District of New Jersey. Case No.:2:20-cv-20129 (CCC-CLW). Police Practices, Police Pursuit, and Use of Force. Report submitted for the Defense. Attorney Bob Varady.

222. Pulyado v. City of Orange. United States District Court for the District of New Jersey. Case No.:2:17-cv-11304- (KM-CLW). Police Practices and Use of Force. Report submitted for the Defense. Attorney David Stanziale.

223. DeGroat v. City of Englewood. Superior Court of New Jersey/ Bergen County. Docket No.: BER-L-005218-20. Police Practices. Report submitted for the Defense. Attorney Tom Monahan.

224. Hildago-Duran v. Linden. Superior Court of New Jersey/Union County. Docket No.: UNN-L-3677-20. Police Practices. Report submitted for the Defense. Attorney Victoria Lucido.

225. Officer Involved Shooting. February 12, 2022, City of Trenton New Jersey, Case Number: Trenton Police Department: 22-001413. Mercer County Prosecutor's Office: HO22-00012. Union County Prosecutor's Office: # 2022-148. Report Completed/In Preparation for Grand Jury Testimony.

226. Stevens v. NJSP. United States District Court for the District of New Jersey/Vicinage of Camden. Case No.: 18-15257 (RMB-KMW). Police Practices and Use of Force (Officer involved shooting). Report for the Defense. DAG Marvin Freeman.

227.   Diaz v. Reynoso. Superior Court of New Jersey (Bergen County). Docket No.: BER-L-008244-19. Police Practices. Report completed for the Defense. Attorney James Dronzek/Thomas Zuppa.

228.   Alfaiate v. Clifton. United States District Court for the State of New Jersey. Case No.:2:15-cv-03215-(ES-JAD). Police Practices and Use of Force. Report pending for the Defense. Attorney Thomas Egan.

229.   Anderson v. Deptford (Gloucester County) Officer Involved Shooting. Report completed for the Defense. Attorney Todd Gelfand.

230.   Gandy v. Millville (Cumberland County). United States District Court for the District of New Jersey. Case No.:1:20-cv-00641-(NLH-AMD). Report Completed for the Defense. Officer Involved Shooting. Attorney Michael Barker.

231.   Boone v. City of Elizabeth (Union County). United States District Court for the District of New Jersey. Case No.:2:18-cv-13994 (MCA-MAH). Police Practices. Deposition Testimony provided.

232.   Fiore v. Jackson. Superior Court of New Jersey/Ocean County. Docket No.: OCN-L-1777-19. Police Practices and Police Pursuit. Deposition Testimony provided.

233.   Duverge v. Scotch Plains. Superior Court of New Jersey/Middlesex County. Docket No.:MID-L-7181-2019. Report Completed for the Defense. Vehicle Operation. Attorney Thomas Schoendorf.

234.   Hess v. Wayne. Superior Court of New Jersey/Passaic County. Docket No.: PAS-L-2520-20.  Report Completed for the Defense. Police Practices. Attorney Kathleen Devlin.

235.   Richardson v. Newark. Superior Court of New Jersey/Essex County. Docket No.: ESX-L-8598-20. Report Completed for the Defense. Police Practices. Attorney Tiara Samuel City of Newark, NJ Law Department.

236.   Servais v. Caccia (CMCPO). United States District Court. CIVIL ACTION No.: 1:20-cv-14601 (NLH-AMD). Report Completed for the Defense ) Officer Involved Shooting). Police Practices and Use of Force. Attorney DAG Barkha Patel.

237.   Cohan v. Berlin. United States District Court for the District of New Jersey. DOCKET NO.: 1:21-cv-15452-RMB-AMD. Report Completed for the Defense. Police Practices. Attorney Chris Wolk.

238.   Manning v. City of Elizabeth. Superior Court of New Jersey. Law Division/Union County. DOCKET NO. UNN-L-897-20. Report Completed for the Defense. Police Practices. Use of Force. Attorney Robert Varady.

239.   Shadon White v. City of Trenton. Superior Court of New Jersey. Law Division/Mercer County. Docket No. MER-L-001911. Report completed for the Defense. Police Practices. Attorney Rashaan Williams.

240.   Billips v. City of Belleville. United States v. District Court. District of New Jersey. Civil Action No.: (TBD). Report completed for Plaintiff. Police Practices. Attorney Ethan Sheffet.

241.   Jordon v. Township of Brick. Superior Court of New Jersey. Law Division-Ocean County. Docket No.: OCN-L-0016-21. Report Completed for the Defense. Police Practices. Attorney Thomas Schoendorf.

242.   McDowell v. City of Ventnor. Superior Court of New Jersey. Deposition Testimony provided. Attorney Michael Barker.

243.   Frazier v. Cumberland. Superior Court of New Jersey. Law Division/Cumberland County. Docket No.: CUM-L-406-20. Report completed for Defense. Use of Force. Attorney David Madden.

244.   Pyzik v. New Providence. Superior Court of New Jersey. Law Division/Monmouth County. Docket No.: MON-L-. Report Pending for the Defense. Police Practices. Attorney Richard Guss.

245.   Boden v. Toms River. Superior Court of New Jersey/Ocean County. Docket No. OCN-L-2287-29. Surrebuttal Report submitted for the Defense. Police Practices. Attorney Thomas Monahan.

246.   Livoti and Quinerly v. Bergen County Sheriff's Office. Administrative Discipline regarding Use of Force. Report completed for the BCSO. Attorney Brian Hak.

247.   Rhines v. NJSP (Essex County) Superior Court of New Jersey. Law Division- Essex County. Docket No.: ESX-L-580-19. Supplemental Report

submitted for the Defense. Police Practices and Procedures. Deputy Attorney General John Cascio.

248.   Brasher v. NJPP. United States District Court for the District of New Jersey. Civil Action No.: 20-cv-01351-KM-ESK. Report Completed for the Defense. Use of Force. Attorney Deputy Attorney General Barbara Berretski.

249.   Lovato v. Clifton. Superior Court of New Jersey. Law Division/Passaic County. Docket No.: PAS-L-3006-20. Report Completed for the Defense. Police Pursuit. Attorney Joseph Keane.

250.   Lovato v. Clifton. Superior Court of New Jersey. Law Division/Passaic County. Docket No.: PAS-L-3006-20. Supplemental Report Completed for the Defense. Police Pursuit. Attorney Joseph Keane.

251.   Underwood v. Camden. United States District Court for the District of New Jersey (Camden Vicinage). Civil Action No.:1:22-cv-02268-KMW-SAK. Report Completed for the Defense. Police Procedure. Attorney William Cook.

252.   Acerra v. Asbury Park. United States District Court for the District of New Jersey. Civil Action No.:3:19-cv-02268-MAS-TJB. Report Completed for the Defense. Police Procedure. Attorney Anthony Seijas.

253.   Bradley v. Newark. United States District Court for the District of New Jersey. Civil Action No.:2:17-cv-4221-KSH-CLW. Report Completed for the Defense. Police Procedure. Attorney Thomas Schoendorf.

254.   Hernandez v. Lyndhurst. United States District Court for the District of New Jersey (Camden Vicinage). Civil Action No.:2:23-cv-01272-JXNCLW. Report Pending for the Defense. Police Procedure. Attorney Ian Doris.

255.   Kirby v. Woodcliff Lake. United States District Court for the District of New Jersey. Civil Action No.:20-cv-01670-JMV. Report Completed for the Defense. Police Procedure. Attorney Mary McDonnell.

256.   Underwood v. Camden. United States District Court for the District of New Jersey (Camden Vicinage). Civil Action No.:1:22-cv-02268-KMW-SAK. Deposition Testimony Provided. Attorney William Cook.

257.   Boden v. Toms River. Superior Court of New Jersey/Ocean County. Docket No. OCN-L-2287-29. Trial Testimony Provided for the Defense. Qualified as Police Practices Expert, Accident Investigation. Attorney Thomas Monahan.

258.   Anderson v. Deptford (Gloucester County) Officer Involved Shooting. Deposition Testimony Provided. Attorney Todd Gelfand.

259.   Tornes v. City of Elizabeth (Union County). United States District Court District of New Jersey. Civil Action No.: 2:2019-cv-1847-ESK-BRM. Report Pending for the Defense. Police Practices and Use of Force. Attorney Robert Varady.

260.   Sabeth v. Township of Cranford (Union County). Superior Court of New Jersey. Law Division: Union County. Docket No.: UNN-L-02862-18. Report Pending for the Defense. Police Practices  and Use of Force. Attorney John McCarthy.

261.   Peterson v. Asbury (Monmouth County). Superior Court of New Jersey. Law Division: Monmouth County. Docket No.:MON-L-1421-20. Report Pending for the Defense. Police Practices and Use of Force. Attorney Anthony Seijas.