UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, INDIANA BROADCASTERS ASSOCIATION, INDIANA PROFESSIONAL CHAPTER OF THE SOCIETY FOR PROFESSIONAL JOURNALISTS, INDIANAPOLIS STAR, NEXSTAR MEDIA INC., SCRIPPS MEDIA, INC., and TEGNA INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> TODD ROKITA, *in his official capacity as Attorney General of Indiana*, and RYAN MEARS, *in his official capacity as Marion County Prosecutor*, and KERRY FORESTAL, *in his official capacity as Marion County Sheriff*, <br><br> *Defendants*. | CASE NO. 1:23-cv-1805-JRS-MG |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS**

Pursuant to Federal Rule of Civil Procedure 65(a)(2), Plaintiffs respectfully move this Court to consolidate the hearing on Plaintiffs' Motion for Preliminary Injunction (ECF No. 20); *see also* Order (ECF No. 23) (noting the parties' request for an argument hearing on that motion), with the trial on the merits of Plaintiffs' Complaint (ECF No. 1). Defendants consent to the relief sought by this Motion.

Under Rule 65(a)(2), this Court "may advance the trial on the merits and consolidate it with the hearing on a motion for a preliminary injunction," Fed. R. Civ. P. 65(a)(2), whenever doing so would "serve the interests of justice," *Pughsley v. 3750 Lake Shore Drive Co-op. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972). Consolidation is typically "appropriate" where it would "preserve judicial resources," including where a dispute is "purely legal" and a complaint seeks only injunctive and declaratory relief, such that "holding two separate proceedings . . . would be a waste of the court's time." *Am. Train Dispatchers Dep't of Int'l Bhd. of Locomotive Engineers v. Fort Smith R. Co.*, 121 F.3d 267, 270 (7th Cir. 1997). Consolidation is also warranted where "discovery has been concluded or . . . it is manifest that there is no occasion for discovery," such that the preliminary injunction and trial records would be largely identical. *Pughsley*, 463 F.3d F.2d at 1057.

Those considerations counsel in favor of consolidation here. The parties have represented to the Court that "no discovery or evidentiary hearing is needed" in this case, *see* Order (ECF No. 23), because this Court can resolve the parties' disputes on the basis of those facts set forth in the declarations that this Court deems relevant and admissible. That leaves only issues of law "ripe for final determination," *Am. Train Dispatchers*, 121 F.3d at 270, namely: whether Indiana Code § 35-44.1-2-14 violates the First or Fourteenth Amendment to the U.S.

Constitution, on its face or as applied to Plaintiffs. As a result, any trial on the merits would entail repetition of the same facts—and duplicative briefing of the same legal arguments—that are already before the Court in connection with Plaintiffs' Motion for a Preliminary Injunction. Consolidation would preserve the Court's resources and advance the interests of justice.

## CONCLUSION

For the reasons herein, Plaintiffs respectfully request that the Court enter the accompanying proposed order granting Plaintiffs' unopposed motion to consolidate the preliminary injunction hearing with the trial on the merits.

Dated: January 19, 2024                    Respectfully submitted,

By /s/ *Katie Townsend*
Katie Townsend
Gabe Rottman*
Grayson Clary*
Emily Hockett*
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310
ktownsend@rcfp.org

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on January 19, 2024.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Katie Townsend*
Katie Townsend
*Counsel for Plaintiffs*

4