**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **Reporters Committee for Freedom of the Press**, **Indiana Broadcasters Association**, **Indiana Professional Chapter of the Society of Professional Journalists**, **Indianapolis Star**, **Nexstar Media Inc.**, **Scripps Media, Inc.**, and **Tegna Inc.**, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> **Todd Rokita**, in his official capacity as Attorney General of Indiana, **Ryan Mears**, in his official capacity as Marion County Prosecutor, and **Kerry Forestal**, in his official capacity as Marion County Sheriff, <br><br> *Defendants*. | **Case No. 1:23-cv-1805** |

## Defendants' Joint Motion to Stay Proceedings

Defendants Todd Rokita, in his official capacity as Attorney General of Indiana, Ryan Mears, in his official capacity as Marion County Prosecutor, and Kerry Forestal, in his official capacity as Marion County Sheriff (collectively, "**Indiana**") respectfully request and move that all proceedings in this case be stayed pending resolution of *Nicodemus v. City of South Bend*, No. 24-1099 (7th Cir. Jan. 23, 2024), which is directly related to this action. The Seventh Circuit's determination of various issues raised in the underlying case (*Nicodemus v. City of South Bend*, No. 3:23cv744 DRL, 2024 U.S. Dist. LEXIS 6710 (N.D. Ind. Jan. 12, 2024)) will give clear answers to numerous identical arguments raised in this case. Accordingly, a stay would simplify these issues, streamline the trial, and reduce litigation burdens. For these reasons, and because Plaintiffs Reporters Committee for Freedom of the Press, Indiana Broadcasters Association, Indiana Professional Chapter of the Society of Professional Journalists, Indianapolis Star,

Nexstar Media Inc., Scripps Media, Inc., and Tegna Inc. (collectively, "**Media Organizations**")

would not be prejudiced thereby, Indiana asks that the requested stay be granted. Counsel for

Media Organizations has advised counsel for Indiana that Media Organizations oppose a stay.

## Procedural History

Media Organizations filed suit in this Court on October 6, 2023, seeking declaratory and

injunctive relief against Ind. Code § 35-44.1-2-14 ("**Buffer Law**") on First and Fourteenth

Amendment grounds, facially and as-applied. Dkt. 1, ¶¶ 2, 63–86. On November 3, 2023, they

filed their Motion for Preliminary Injunction. Dkt. 20. On December 1, 2023, Indiana filed its

Motion to Dismiss and accompanying brief. Dkt. 25–26. That same day, Media Organizations

filed their brief in support of their Motion for Preliminary Injunction. Dkt. 27. Both motions have

now been fully briefed. *See* Dkt. 32–34, 38.

In the meantime, the earlier-filed *Nicodemus* litigation, which involved a challenge to the

Buffer Law on similar grounds (as detailed below) was ongoing. *See, e.g.*, Compl., *Nicodemus*,

No. 3:23-cv-00744, Dkt. 1 (N.D. Ind. Aug. 8, 2023). A decision was issued in that case,

upholding the Buffer Law in favor of the defendants, on January 12, 2024. 2024 U.S. Dist.

LEXIS 6710. The plaintiff appealed on January 23, 2024. Notice of Appeal, Dkt. 1, No. 24-1099,

6. The Seventh Circuit's ruling in that appeal will undoubtedly be determinative regarding many

issues in the present case.

## Argument

Pursuant to "the power inherent in every court to control the disposition of the causes on its

docket," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), a district court "has broad discretion"

in determining whether to stay an action, *Clinton v. Jones*, 520 U.S. 681, 706 (1997). There are

three key factors in determining "whether a stay pending appeal is appropriate: '(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Goodcat v. Cook*, No. 1:16-cv-01514-RLY-DML, 2016 U.S. Dist. LEXIS 199152, at *2 (S.D. Ind. Nov. 21, 2016) (quoting *Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009)).

**I. A stay will not significantly disadvantage or prejudice Media Organizations.**

A stay will present little disadvantage or prejudice to Media Organizations. Briefing is completed on all pending substantive motions, so there can be no tactical disadvantage. And Media Organizations have demonstrated that they face no urgency in receiving the preliminary injunction they seek. Indeed, they delayed significantly in moving for same and delayed even more in filing their brief in support of that motion. Specifically, they were not only *aware* of the Buffer Law even before it was signed into law on April 20, 2023, Mem. of Law in Support of Pls.' Mot. for Prelim. Inj., Dkt. 27 ("**PI Memorandum**" or "**Media Org. PI Mem.**"), 11, but had weighty and numerous *concerns* about it as early as its introduction. *See* Decl. of Scott Hums, Dkt. 27-2, ¶¶ 2, 9 (explaining that Tegna, Inc.-owned "WTHR's newsroom leadership . . . was immediately concerned about" the Buffer Law as early as its introduction, well before it passed); *see also* Decl. of Ryan Thedwall, Dkt. 27-1 ("**Thedwell Decl.**"), ¶¶ 2, 9 (WTHR journalist declaring he and other journalists were concerned about the Buffer Law "[s]ince [it] was enacted"); Decl. of Robert Scheer, Dkt. 27-3 ("**Scheer Decl.**"), ¶¶ 10–11 (Indianapolis Star journalists' "uniform[] . . . concern" about the law arose "after it was first proposed."); Emily Hockett, *Efforts to Criminalize 'Encroachment' on Police Encroach on First Amendment Rights*, Reporters Comm. for Freedom of the Press (June 26, 2023), https://perma.cc/B2HA-L7QN.

**Defs.' Joint Mot. to Stay Proceedings**          3

Despite these concerns, Media Organizations did not file their Complaint until October 6, 2023, Dkt. 1 ("**Compl.**"), five and a half months after the Buffer Law was signed into law. They then waited another month after that to file their motion for preliminary injunction. Dkt. 20 (filed 11/3/23). Finally, they waited yet another month to file their PI Memorandum in support of same. Dkt. 27 (filed 12/1/23).

These facts demonstrate that Media Organizations themselves accord no great urgency to preliminary injunction they seek. Further demonstrating this is the fact that they intend either to "continue" their reporting as always with no Buffer Law-inspired change—"to engage in peaceful, non-obstructive news gathering within 25 feet of law enforcement officers performing their duties in public spaces," Compl. ¶¶ 33, 65—or to "err on the side of caution," Media Org. PI Mem. 25 (citing Thedwall Decl. ¶ 16; Scheer Decl. ¶ 14), despite failing to articulate any instance in which such caution has been employed or actual reporting practices have changed, Defs.' Joint Reply Supp. Mot. Dismiss, Dkt. 33 ("**MTD Reply**"), 3–4, 7.

Media Organizations' allegations on these fronts have been thoroughly briefed. *See* Defs.' Br. Supp. Joint Mot. Dismiss, Dkt. 26, 4–13; Defs.' Joint Resp. Opp'n Pls.' Mot. Prelim. Inj., Dkt. 34 ("**PI Resp.**"), 4–5, 7–15 (also discussing failure of additional allegations of injury to support standing); MTD Reply at 3–9; *see also id.* at 9–11 (discussing failure of additional allegations of injury to support standing). Suffice it to say that Media Organizations' own pleadings, just like the timeline of their filings, demonstrate that there is no urgent need for the injunction they seek.

Accordingly, a stay will not "unduly prejudice or tactically disadvantage" Media Organizations, *Se-Kure Controls, Inc.*, 675 F. Supp. 2d at 879, so this factor weighs in favor of granting a stay.

## II. A stay will simplify the issues.

A stay to await the Seventh Circuit's determination in the *Nicodemus* appeal will also plainly "simplify the issues in question and streamline the trial," *id.* Just as Media Organizations have done, Mr. Nicodemus asserted a facial, First Amendment challenge to the Buffer Law. Mem. Supp. of Mot. Prelim. Inj., *Nicodemus*, No. 3:23-cv-00744, Dkt. 20 ("***Nicodemus* PI Mem.**"), 10; *Nicodemus*, 2024 U.S. Dist. LEXIS 6710, at *2. Mr. Nicodemus and Media Organizations raised many of the same arguments against the Buffer Law. *Compare Nicodemus* PI Mem. 11, 13–14 (arguing that Buffer Law permits unconstitutional unbridled discretion) *with* Media Org. PI Mem., 22–24, 33–35 (same); *compare Nicodemus* PI Mem. 14–15 (arguing that Buffer Law must be narrowly tailored but is not) *with* Media Org. PI Mem. 30–31, 35 (same); *compare Nicodemus* PI Mem. 15–16 (arguing that Buffer Law does not leave open adequate alternative channels of observation) *with* Media Org. PI Mem. 31–32 (same). So the plaintiffs in each case raised many of the exact same issues and arguments.

Likewise, many of the defenses raised in both cases were the same. The defendants argued in *Nicodemus*, and the court found, that any burden imposed by the Buffer Law was only incidental to its regulation of conduct, *Nicodemus*, No. 3:23cv744 DRL, 2024 U.S. Dist. LEXIS 6710, at *18–*23 (N.D. Ind. Jan. 12, 2024), just as Indiana has argued here, *e.g.*, PI Resp. 21–22, 28–29. The same is true of the argument and finding that the Buffer Law's "plainly legitimate sweep" well exceeds any potential illegitimate applications thereof. 2024 U.S. Dist. LEXIS 6710, at *11–*17; *see* PI Resp. 30–34.

The *Nicodemus* appeal will necessarily consider these arguments, defenses, and findings. The Seventh Circuit's determinations thereon will directly answer numerous questions raised in the present case, and will be binding. Notably, these determinations will likely be determinative even

**Defs.' Joint Mot. to Stay Proceedings**          5

of Media Organizations' as-applied claims. For example, if the Seventh Circuit court affirms the determination that the Buffer Law burdens speech only incidentally, Media Organizations will not be able to prevail on their claim, grounding its as-applied arguments, that its "only evident purpose is to reach expressive activity that does not involve physical interference with law enforcement," Media Org. PI Mem. 28 (quotation marks and citation omitted). Likewise, the Seventh Circuit's findings regarding the tailoring of and interests served by the Buffer Law will likely be determinative regarding Media Organizations' arguments concerning the same in its as-applied claim. *See id.* at 28–32. In short, because the constitutional analysis for an as-applied challenge is the same as a facial challenge—which Media Organizations recognized at least partially in their arguments—the Seventh Circuit's determinations will bear on their as-applied claims.

Finally, although no Fourteenth Amendment vagueness challenge was raised in *Nicodemus*, the issues raised by Media Organizations in their vagueness claim significantly overlap with the issues raised in their unbridled discretion argument, as both require a determination of whether the law is clear enough to prevent arbitrary enforcement. That determination will likely also be determinative of whether the law is clear enough to allow citizens to understand what is prohibited. *See, e.g.*, *Bell v. Keating*, 697 F.3d 445, 455 (7th Cir. 2012) ("Although [the void-for-vagueness doctrine] derives from the Fourteenth Amendment, a statute that is vague may implicate . . . First Amendment rights, fostering those same chilling concerns").

For all of these reasons, there can be no doubt that a stay to await the appellate court's decision will "simplify the issues in question and streamline the trial," *Se-Kure Controls, Inc.*, 675 F. Supp. 2d at 879. Accordingly, this factor weighs heavily in favor of a stay.

**Defs.' Joint Mot. to Stay Proceedings**          6

### III. A stay will reduce litigation burdens.

Finally, a stay to await the Seventh Circuit's determination in *Nicodemus* "will reduce the burden of litigation on the parties and on the court." *Se-Kure Controls, Inc.*, 675 F. Supp. 2d at 879. The burden on the Court will be reduced for all of the reasons explained in Part II. The potential litigation burdens on the parties would also very likely be reduced. While briefing on all current arguments is complete, oral arguments may still ensue. *See* Dkt. 40, 2 (Court order stating, "any trial, if necessary, will take place . . . later."). Further, awaiting the Seventh Circuit's decision will reduce the likelihood of appeal, and would almost certainly reduce the number of issues that could reasonably be raised in any appeal, since (as discussed above) the Seventh Circuit's determinations will give clarity to many of the exact issues raised in this case. Awaiting these determinations will likely reduce the number of issues and arguments that can realistically be made in oral argument or on appeal, thus reducing the parties' burden of litigation. As such, this factor also weighs in favor of a stay.

## Conclusion

For all of the foregoing reasons, Indiana respectfully requests that this Court grant a stay pending the Seventh Circuit's decision in the *Nicodemus* appeal.

**Defs.' Joint Mot. to Stay Proceedings**          7

Dated: February 21, 2024

Respectfully Submitted,

OFFICE OF CORPORATION COUNSEL
John P. Lowrey, Ind. Bar No. 29349-53
Deputy Chief Litigation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
john.lowrey@indy.gov
*Counsel for Kerry Forestal*

Theodore E. Rokita
Indiana Attorney General
Ind. Bar No. 18857-49

By:
/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
Taylor Shetina, Ind. Bar No. 37887-45
THE BOPP LAW FIRM, PC
The National Building
1 South Sixth Street
Terre Haute, Indiana 47807
Telephone: 812/232-2434
Facsimile: 812/235-3685
jboppjr@aol.com
tshetina@bopplaw.com
*Attorneys for Defendants Todd Rokita and Ryan Mears*

**Defs.' Joint Mot. to Stay Proceedings**          8