UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, INDIANA BROADCASTERS ASSOCIATION, INDIANA PROFESSIONAL CHAPTER OF THE SOCIETY FOR PROFESSIONAL JOURNALISTS, INDIANAPOLIS STAR, NEXSTAR MEDIA INC., SCRIPPS MEDIA, INC., and TEGNA INC., | CASE NO. 1:23-cv-1805-JRS-MG |

*Plaintiffs*,

v.

TODD ROKITA, *in his official capacity as Attorney General of Indiana, and* RYAN MEARS, *in his official capacity as Marion County Prosecutor*, and KERRY FORESTAL, *in his official capacity as Marion County Sheriff*,

*Defendants*.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY PROCEEDINGS**

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), and the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he

prays will work damage to someone else," *id.*; *see also, e.g.*, *McLane Co., Inc. v. Pence*, No. 1:04-cv-1283, 2005 WL 1939905, at *1 (S.D. Ind. May 25, 2005) (movant bears burden of showing clear hardship "if there is even a slight chance" a stay will prejudice the other party).  Here, Defendants—citing no hardship of any kind in a case in which they face no pending obligations—seek an indefinite delay of this Court's imminent decision on a fully briefed motion for a preliminary injunction, in order to await the outcome of an appeal that Defendants have already conceded cannot and will not resolve this case.  *See* Defs.' Notice of Supplemental Authority at 2 n.2 (ECF No. 37-1) (withdrawing Defendants' argument that *Nicodemus* would resolve Plaintiffs' as-applied First Amendment claim).

That request is meritless.  "A stay pending adjudication in another tribunal should not be granted unless that tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed action," but here there is no dispute that the *Nicodemus* appeal raises only an issue that is not necessary to the disposition.  *Itel Corp. v. M/S Victoria U*, 710 F.2d 199, 203 (5th Cir. 1983).  Even setting that threshold problem aside, Defendants have not attempted to demonstrate any hardship they would suffer absent a stay; their motion does not even mention the governing standard, a standard it is clear they cannot meet.  And Plaintiffs, for their part, would be badly prejudiced by a delay that would amount in substance to a denial of their motion for preliminary relief.

For all the reasons herein, Defendants' Motion to Stay Proceedings should be promptly denied.

## ARGUMENT

The decision whether to stay proceedings pending a determination by another court requires weighing "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources." *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008). Those considerations must then be balanced in view of the bedrock rule "that federal courts have a virtually unflagging obligation absent exceptional circumstances to exercise jurisdiction when a case is properly before it." *Grice Engineering v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citation omitted). None of the relevant factors support a stay of proceedings here; on the contrary, they weigh heavily against Defendants' delay.

### I.    Plaintiffs would be prejudiced by a stay.

A stay is especially inappropriate where, as here, the matter "being stayed involves a not insubstantial claim of present and continuing infringement of constitutional rights." *Dellinger v. Mitchell*, 449 F.2d 782, 787 (D.C. Cir. 1971). Here, the delay that would result from a stay would have the practical effect of denying Plaintiffs' pending motion for a preliminary injunction against a statute that applies, by its terms, to the First Amendment-protected newsgathering they

3

engage in daily.  None of Defendants' cited cases involve a stay of preliminary injunction proceedings, for good reason:  "A request for a preliminary injunction is a request for prompt relief in an emergency, and the requester is entitled to a quick hearing and an early decision after the hearing is completed."  *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 530 (7th Cir. 1996) (Posner, J.).[1]

Defendants make no secret of the fact that their arguments for a stay are indistinguishable from their arguments in opposition to Plaintiffs' motion for a preliminary injunction, which are already addressed in Plaintiffs' reply.  *See* Reply in Support of Pls.' Mot. for Preliminary Injunction at 6–11 (ECF No. 38) (injury in fact); *id.* at 24–25 (irreparable harm).  But setting aside the fact that those arguments lack merit on their own terms, Defendants' suggestion that Plaintiffs face no prejudice because Defendants believe they will prevail on the merits puts the cart before the horse:  Prejudice for purposes of the stay inquiry only requires a "fair possibility" of injury,  *Landis*, 299 U.S. at 255, a "slight chance" of harm, *McLane Co., Inc.*, 2005 WL 1939905, at *1, or a "not insubstantial claim," *Dellinger*, 449 F.2d at 787—not an anticipatory determination of the merits.  And stripping Plaintiffs of the opportunity to litigate

---

[1]        *See also, e.g.*, *Tonn & Blank Const., LLC v. Sebelius*, 968 F. Supp. 2d 990, 994 (N.D. Ind. 2013) (granting stay where court had "already enjoined Defendants from enforcing" the challenged law against the plaintiff); *Goodcat LLC v. Cook*, No. 1:16-cv-01514, 2016 WL 10490470, at *1 (S.D. Ind. Nov. 21, 2016) (same).

their ongoing injuries amounts to much more than a "fair possibility" of harm.

That prejudice is exacerbated by the indefinite length of Defendants' requested stay.  Stays that terminate only "upon the resolution of an appeal" are especially suspect because they are necessarily "indefinite"—for all Plaintiffs or Defendants know, Defendants' requested stay "could remain in effect for a lengthy period, perhaps for years." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (citation omitted).  "[T]he ossification of rights which attends inordinate delay" poses the prospect of substantial prejudice to Plaintiffs, *Hines v. D'Artois*, 531 F.2d 726, 737 (5th Cir. 1976), and requires Defendants to carry the burden of demonstrating "a clear case of hardship or inequity in being required to go forward," *Landis*, 299 U.S. at 255

## II.    Defendants have not shown—and cannot show—a clear case of hardship or inequity.

Defendants make no attempt to demonstrate hardship should their stay request be denied; indeed, their motion does not use the word or even acknowledge the relevant standard.  But that should be no surprise, because it is a standard they plainly cannot satisfy.  At present, the parties are awaiting a ruling from the Court on Plaintiffs' fully-briefed motion for a preliminary injunction, which this Court has indicated it plans to resolve promptly on the basis of the papers.  *See* Order at 2 (ECF No. 40).  Defendants have no briefing or hearing deadlines to work towards, they face no discovery, *see* Minute Order (ECF No.

23), and "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*," *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).  Defendants' motion points to no harm they would suffer absent a stay, and any purported injury that they might attempt to offer for the first time in their reply in support of it would be waived.

### III.   Judicial economy would not be advanced by a stay.

The prejudice to Plaintiffs and the complete absence of hardship to Defendants necessarily dooms Defendants' stay motion under *Landis*.  But even if judicial economy alone could support a stay—it can't, *see Dependable Highway Exp., Inc.*, 498 F.3d at 1066 ("[C]ase management standing alone is not necessarily a sufficient ground to stay proceedings.")—it would provide no justification for a stay here.  "A stay pending adjudication in another tribunal should not be granted unless that tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed action," *Itel Corp.*, 710 F.2d at 203, but Defendants have already conceded that the lone question presented in *Nicodemus* is unnecessary to the disposition of this case.

As the parties have already extensively briefed in connection with Defendants' (partially abandoned) motion to dismiss, *see* Defs.' Notice of Supplemental Authority at 2 n.2, the *Nicodemus* appeal will decide only whether the challenged statute violates the First Amendment on its face; it cannot and will

not resolve Plaintiffs' vagueness claim or their as-applied First Amendment

claim.  *See Nicodemus v. City of South Bend*, No. 3:23-cv-00744 (N.D. Ind. Jan.

12, 2024), slip op. at 6 n.4, 7 https://perma.cc/AT7D-JGUD (expressly reserving

the questions whether HB 1186 is unconstitutionally vague or unconstitutional as

applied to individuals engaged in non-obstructive newsgathering).  The question

whether HB 1186 violates the First Amendment on its face is therefore not

"necessary to the disposition" of this action, *Itel Corp.*, 710 F.2d at 203; *see also*

Reply at 2 n.1, and a stay would not obviate the need to decide the other issues

presented in this case, whose adjudication would be needlessly delayed.  At its

outer limit, the pending *Nicodemus* appeal could only justify a partial stay of that

one claim—not a stay of the action as a whole.  *See Se-Kure Controls, Inc. v.*

*Sennco Solutions, Inc.*, 675 F. Supp. 2d 877, 879–881 (N.D. Ill. 2009) (granting

stay only as to specific claim on appeal and denying stay as to remaining claims).

But even as to that claim, the balance of hardships would not excuse denying

Plaintiffs a prompt adjudication when Defendants cannot demonstrate any harm.

Finally, Defendants' suggestion that a stay would reduce the possibility of

an appeal makes no sense.  A stay order that had the practical effect of a

"constructive denial" of Plaintiffs' motion for a preliminary injunction would be

just as "appealable" as a "formal denial," *IDS Life Ins. Co.*, 103 F.3d at 526, and

Plaintiffs would be compelled to seek immediate appellate review of the stay to

avoid "irreparable injury," *id.*  Defendants cannot overcome the obvious in this case:  "A request for a preliminary injunction is a request for prompt relief in an emergency, and the requester is entitled to a quick hearing and an early decision after the hearing is completed."  *Id.* at 530.  That basic principle controls here.

## CONCLUSION

In each respect, this case presents none of the "rare circumstances" that would justify a stay.  *Landis*, 299 U.S. at 255.  Not having attempted to show "a clear case of hardship or inequity in being required to go forward," Defendants have fallen well short of carrying their burden, *id.*, and judicial economy would not be served by awaiting the outcome of an appeal that cannot resolve this case.

For the reasons herein, the Court should deny Defendants' Motion to Stay Proceedings.

Dated: February 23, 2024

Respectfully submitted,

By /s/ *Katie Townsend*
Katie Townsend
Gabe Rottman*
Grayson Clary*
Emily Hockett*
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310
ktownsend@rcfp.org

*Counsel for Plaintiffs*

\* Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed on February 23, 2024.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Katie Townsend*
Katie Townsend
*Counsel for Plaintiffs*
