UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, INDIANA BROADCASTERS ASSOCIATION, INDIANA PROFESSIONAL CHAPTER OF THE SOCIETY OF PROFESSIONAL JOURNALISTS, INDIANAPOLIS STAR, NEXSTAR MEDIA INC., SCRIPPS MEDIA, INC., TEGNA INC.,<br><br>        Plaintiffs,<br><br>     v.<br><br>TODD ROKITA Attorney General of Indiana, RYAN MEARS Marion County Prosecutor, KERRY FORESTAL Marion County Sheriff,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  No. 1:23-cv-01805-JRS-MG |

**ORDER**

Pending before the Court is Defendants' Joint Motion to Stay. [Filing No. 41.] For the reasons below, the Court **DENIES** Defendants' Motion.

**I.**
**LEGAL STANDARD**

When evaluating whether to stay proceedings due to a pending determination in a different court, this Court must weigh "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources." *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Indiana State Police Pension Trust v. Chrysler LLC*, 129 S. Ct. 2275, 2276 (2009) (quoting *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009)). A stay is an "exercise of judicial discretion, and the 'party requesting a stay bears the

1

burden of showing that the circumstances justify an exercise of that discretion." *Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc.*, No. 4:05-CV-180-RLY-WGH, 2010 WL 11569534, at *1 (S.D. Ind. May 26, 2010) (quoting *Indiana State Police Pension Trust*, 129 S. Ct. 2276 (2009)). Stays "bring resolution to a standstill" and, as such, are viewed skeptically. *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (denying stay of discovery).

## II.
### DISCUSSION

First, Defendants argue a stay is warranted because another case—"directly related to this action"—is pending appeal in the Seventh Circuit.[1] [Filing No. 41 at 1.] Defendants argue the *Nicodemus* appeal concerns "many of the exact same issues and arguments" as the instant case ("*Reporters Committee*") and points out the two cases share several similar defenses and findings.[2] [Filing No. 41 at 5-6.] Second, but relatedly, Defendants argue the litigation burdens imposed upon the Court and parties will be reduced. [Filing No. 41 at 7]. They argue the Seventh Circuit's determinations will clarify the issues and guide the Southern District's ruling on the preliminary injunction. And finally, Defendants argue a stay imposes little to no prejudice to Plaintiffs because they face no urgency "in receiving the preliminary injunction they seek" and, because briefing is closed, Plaintiffs are not at a tactical disadvantage. [Filing No. 41 at 3.]

Plaintiffs oppose a stay. They argue the *Nicodemus* issues are not nearly so similar as to warrant a stay pending the Seventh Circuit's resolution of the appeal. [Filing No. 43 at 2 ("[T]he

---

[1] *Nicodemus v. City of South Bend*, No. 24-1099 (7th Cir. Jan. 23, 2024) ("*Nicodemus*").

[2] Among other considerations, Defendants argue that because the constitutional analysis for as-applied challenges is the same as for facial challenges—the Seventh Circuit's determinations in *Nicodemus* will shed light on as-applied challenges in *Reporters Committee*. [Filing No. 41 at 6.]

*Nicodemus* appeal raises only an issue that is not necessary to the disposition [of this case].").] Plaintiffs argue they would be prejudiced by a stay—their motion for preliminary injunction is an inherently urgent proceeding invoking First Amendment speech. [Filing No. 43 at 3.] Moreover, Defendants' requested stay is indefinite—it would require a break in the litigation for as long as it takes the Seventh Circuit to resolve *Nicodemus*. [Filing No. 41 at 5.] Finally, Plaintiffs point out that Defendants face no hardship if a stay is denied. [Filing No. 41 at 5.]

In reply, Defendants argue that Plaintiffs incorrectly advance the *Landis* standard, which only applies when there is "a fair possibility that the stay . . . will work damage to" Plaintiffs. [Filing No. 44 at 2.] Defendants say this standard should not apply because there is "very little possibility" of damage to Plaintiffs. Defendants make various other arguments, including that (i) Plaintiffs already have had the opportunity to litigate their claim, (ii) that Plaintiffs would face "little trouble" from an indefinite stay of the Southern District's ruling in *Reporters Committee* pending the Seventh Circuits ruling in *Nicodemus*, (iii) that Plaintiffs fail to show they face emergent circumstances for a preliminary injunction, (iv) that Indiana *would* face clear hardship if the stay were denied, and (v) a stay promotes judicial economy. [Filing No. 44.]

First, the Court disagrees that the *Landis* standard does not apply. To combat this standard, Defendants understandably argue that Plaintiffs do not face the "fair possibility" of damage. Although Defendants disagree with the assessment, Plaintiffs can and do articulate a fair possibility of damage. [Filing No. 43 at 3-5]. Moreover, the Court has studied the briefing and would reach the same conclusion under the *Goodcat* standard Defendants advance.[3]

---

[3] A stay pending appeal is appropriate depending on "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Goodcat v. Cook*, No. 1:16-cv-01514-RLYDML, 2016 U.S. Dist. LEXIS 199152, at *2 (S.D. Ind. Nov. 21, 2016) (quoting *Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, 675

However, applying *Landis*, Plaintiffs would be prejudiced by a stay. Defendants believe that because Plaintiffs waited (in Defendants' view, an unreasonable amount of time) to file their preliminary injunction, they can't now credibly claim harm by another waiting period imposed by a stay. Defendants also argue that Plaintiffs are not prejudiced by a stay, in part because they have already fully litigated the issue and the parties are simply waiting for a decision. First, the Court declines to make its decision along these lines of thinking. The preliminary injunction is fully briefed and ripe for decision. The Court has denied a motion for oral argument and is poised to resolve the issue on the closed briefing. [Filing No. 40.] Second, Defendants' argument that Plaintiffs have already been afforded the opportunity to litigate is semantic. [Filing No. 44 at 2-4.] The decision Plaintiffs wait for is the purpose of their litigation, its nature is emergent, and Plaintiffs will—as they argue—be prejudiced by an indefinite delay on the Court's decision on their preliminary injunction motion. However, the Court does not make its decision on prejudice alone—a denial or grant of a stay often inflicts some level of perceived or actual prejudice on one party or the other.

---

F. Supp. 2d 877, 879 (N.D. Ill. 2009)). First, the Court finds that, under the circumstances, Plaintiffs would be unduly prejudiced by a lengthy stay of a resolution of their motion for preliminary injunction. Second, because the constitutional issue in *Nicodemus* only shares some partial overlap with the various constitutional claims in *Reporters Committee*, awaiting resolution of *Nicodemus* would not sufficiently simplify the issues in question or streamline the trial such that a stay is warranted. Third, the parties' preliminary injunction briefing has closed and pending discovery is not anticipated. The motion to dismiss briefing is also closed [Filing No. 33]. So, a stay would not reduce the litigation burden of the parties beyond making the possibility of appeal more or less likely, and the Court declines to impose a stay of a preliminary injunction decision on the basis of achieving *some* partial streamline of issues on appeal. Finally, the burden on the Court would not be greatly reduced as it remains ready to decide the issues before it. While the Seventh Circuit's decision on facial overbreadth may have bearing, the remaining issues of an as-applied First Amendment violation and Fourteenth Amendment void for vagueness violation will not be controlled by the outcome of the *Nicodemus* appeal, and the Court declines to impose a stay on the preliminary injunction due to Defendants' wide-reaching interpretation of *Nicodemus*. Thus, on balance, under its discretion the Court would also deny a stay under the *Goodcat* standard.

4

Next, the Court is not persuaded that Defendant will face hardship if this stay is denied. The parties' resources towards the preliminary injunction briefing and motion to dismiss briefing have already been expended. No imminent discovery or additional motion practice is anticipated. The parties simply await the Court's decision. Defendants argue that the issues in the instant case will be simplified by awaiting a Seventh Circuit ruling in *Nicodemus*. Even taken as true, a simplification of issues if a stay is granted does not amount to hardship to Defendants if it is denied. Neither does Defendants' argument that the "burden of any briefing or oral argument required by the Court following the preliminary injunction briefing would be plainly reduced" amount to a clear hardship. This potential reduction would be helpful, but proceeding with the litigation as it stands cannot be said to be a hardship to Defendants.

Defendants cite to *Hussein v. Adidas America, Inc.* for the proposition that the "significant burden and expense" of proceeding with litigation that could otherwise be reduced is a clear case of hardship. [Filing No. 44 at 6.] However, in *Hussein*, the Northern District of Illinois stayed a putative class action suit because of the "first to file" doctrine, which "plainly appl[ied]." *Hussein v. Adidas Am., Inc.,* 2023 WL 8787791, at *1 (N.D. Ill. Dec. 19, 2023). There, the clear hardship defendants faced if a stay was denied was to be "left to litigate two identical class actions in two different courts at the same time. Adidas would be required to conduct discovery, take depositions, engage in motion practice, and potentially prepare for trial in both cases, likely on different timelines." *Id.* at *3. "Where there are twin cases racing towards class certification in separate federal districts at the same time, all three factors counsel in favor of a stay." *Id.* at *2.

Ultimately, the Court disagrees with Defendants' core argument regarding judicial economy and simplification of issues: that because Nicodemus "will develop pertinent legal rules and frameworks plainly relevant to Media Organizations' related challenges," this Court is

5

required to (or, rather, should) wait for its outcome. *Nicodemus* chiefly presents a facial First Amendment challenge.[4] *Nicodemus v. City of S. Bend*, No. 3:23-cv-744-DRL-MGG, Dkt. No. 20, p. 10. In its decision denying preliminary injunction, the Northern District found Indiana Code § 35-44.1-2-14 ("the Act") "is not unconstitutional by virtue of being facially overbroad." *Nicodemus v. City of S. Bend*, No. 3:23-cv-744 DRL-MGG, 2024 U.S. Dist. LEXIS 6710, *2 (N.D. Ind. Jan. 12, 2024). Here, Plaintiffs challenge the Act on facial First Amendment grounds, but also bring claims under additional First Amendment (as applied) and Fourteenth Amendment (void for vagueness) grounds.

Certainly, Nicodemus will "exposit general constitutional tests," [Filing No. 44 at 8], relevant to *Reporters Committee*, but this Court is already familiar with the general constitutional tests of this Circuit and, despite Defendants arguments, [Filing No. 41 at 5-6; Filing No. 44 at 7-8], remains unconvinced that the issues overlap such that the Court is required to impose a stay when it is otherwise ready to decide the issues at hand. Instead, a stay remains squarely in the Court's discretion, and is, in this instance, **DENIED**.

### III.
### CONCLUSION

Defendants' Motion to Stay, [41], is **DENIED**.

Date: 3/8/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

---

[4] "Mr. Nicodemus mounts a facial overbreadth challenge only . . . [t]he court offers no views on any other constitutional analysis because none other has been argued. Mr. Nicodemus confirmed at oral argument that he advances no other challenge, including a vagueness challenge." *Nicodemus v. City of S. Bend*, No. 3:23-cv-744 DRL-MGG, 2024 U.S. Dist. LEXIS 6710, at *3, *9 n.4 (N.D. Ind. Jan. 12, 2024).

Distribution:
To ECF Counsel of Record

7