UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

REPORTERS COMMITTEE FOR        )
FREEDOM OF THE PRESS, INDIANA  )
BROADCASTERS ASSOCIATION,      )
INDIANA PROFESSIONAL CHAPTER OF )
THE SOCIETY OF PROFESSIONAL    )
JOURNALISTS, INDIANAPOLIS STAR, )
NEXSTAR MEDIA INC., SCRIPPS MEDIA, )
INC., and TEGNA INC.,          )
                               )
         Plaintiffs,         )
                               )
         v.                  )        No. 1:23-cv-1805-JRS-MG
                               )
TODD ROKITA, in his official capacity as )
Attorney General of Indiana, RYAN )
MEARS, in his official capacity as Marion )
County Prosecutor, and KERRY   )
FORESTAL, in his official capacity as )
Marion County Sheriff,         )
                               )
         Defendants.         )

**Preliminary Injunction**

The Court finds that Reporters Committee for Freedom of the Press, Indiana

Broadcasters Association, Indiana Professional Chapter of the Society of Professional

Journalists, Indianapolis Star, Nexstar Media Inc., Scripps Media, Inc., and Tegna

Inc., (collectively, "Plaintiffs"), are likely to succeed on the merits of their claim that

Indiana Code § 35-44.1-2-14 (the "Buffer Law") is unconstitutional.  The Buffer Law,

effective July 1, 2023, provides:  "A person who knowingly or intentionally approaches

within twenty-five (25) feet of a law enforcement officer lawfully engaged in the

execution of the law enforcement officer's duties after the law enforcement officer has

1

ordered the person to stop approaching commits unlawful encroachment on an investigation, a Class C misdemeanor." Ind. Code § 35-44.1-2-14.

Specifically, the Court finds that Plaintiffs are likely to prove that the Buffer Law is void for vagueness in violation of the Fourteenth Amendment to the Constitution because it (1) does not define with any specificity the kind of conduct that would prompt an order to move back and (2) contains no standards for law enforcement officers to follow in enforcing the law, leaving it susceptible to arbitrary and discretionary enforcement. The Court also finds that Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief and that there is no adequate remedy at law because Plaintiffs have established that the Buffer Law has resulted in a loss of their First Amendment rights. *See Higher Soc'y of Ind. v. Tippecanoe Cnty.*, 858 F.3d 1113, 1116 (7th Cir. 2017). The Court further finds that the balance of harms weighs in Plaintiffs' favor because Indiana's existing statutes mitigate the harms that may result from this injunction, but Plaintiffs face severe, irreparable damage to their First Amendment rights without an injunction due to the Buffer Law's vagueness and potential for arbitrary enforcement. Finally, the Court finds that a preliminary injunction is in the public interest "because the public interest is not harmed by preliminarily enjoining the enforcement of a statute that is probably unconstitutional." *American Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 590 (7th Cir. 2012).

Accordingly, the Court **ISSUES A PRELIMINARY INJUNCTION ordering** that the parties; their officers, agents, servants, employees, and attorneys; and any

other persons who act in concert with the parties or their agents, servants, employees, and attorneys, are prohibited from enforcing Indiana Code § 35-44.1-2-14 against any individual, corporation, association, or other entity until this case has been finally resolved. Those enjoined may not issue an order to move back to more than twenty-five feet from law enforcement officers unless such order is consistent with another state or federal law, for example, if there is an operative emergency incident zone. *See* Ind. Code § 35-44.1-4-1.5.

The Court waives the security requirement of Rule 65(c) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 09/27/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered parties of record via CM/ECF