UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, INDIANA BROADCASTERS ASSOCIATION, INDIANA PROFESSIONAL CHAPTER OF THE SOCIETY FOR PROFESSIONAL JOURNALISTS, INDIANAPOLIS STAR, NEXSTAR MEDIA INC., SCRIPPS MEDIA, INC., and TEGNA INC.,<br><br>        *Plaintiffs*,<br><br>v.<br><br>TODD ROKITA, *in his official capacity as Attorney General of Indiana*, and RYAN MEARS, *in his official capacity as Marion County Prosecutor*, and KERRY FORESTAL, *in his official capacity as Marion County Sheriff*,<br><br>        *Defendants*. | CASE NO. 1:23-cv-1805-JRS-MG |

**PLAINTIFFS' OPPOSED MOTION FOR CONVERSION OF PRELIMINARY INJUNCTION AND ENTRY OF FINAL JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 65(a)(2), Plaintiffs respectfully move this Court to convert its preliminary injunction into a permanent injunction and enter final judgment in Plaintiffs' favor. Defendants oppose this motion.[1]

---

[1] Defendants' position is new—Defendants previously consented to consolidation of the preliminary-injunction proceedings and the trial on the merits,

1

"To avoid the 'needless duplication of proceedings,' the district court may convert a preliminary injunction into a permanent injunction without holding a trial on the merits." *NA Main Street LLC v. Allen*, No. 1:20-cv-01335, 2021 WL 1251383, at *2 (S.D. Ind. Apr. 5, 2021) (quoting *Penn Cent. Corp. v. U.S. R.R. Vest Corp.*, 955 F.2d 1158, 1164 (7th Cir. 1992)). The classic case for conversion of a preliminary injunction is one "where, as here, a statute is determined to be unconstitutional on its face," such that further proceedings or factual development would have no bearing on that determinative legal question. *Id.* "Once it becomes clear that additional proceedings are pointless, the court should bring the case to a close." *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991). And in light of this Court's conclusion that Indiana Code § 35-44.1-2-14 is unconstitutionally vague on its face, "[t]hat time has come in this litigation." *Id.*

Every relevant consideration favors conversion of the preliminary injunction here. Under Rule 65(a)(2), this Court "may advance the trial on the merits and consolidate it with the hearing on a motion for a preliminary injunction," Fed. R. Civ. P. 65(a)(2), before or after the hearing, whenever doing so would "serve the interests of justice," *Pughsley v. 3750 Lake Shore Drive Co-op. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972). Consolidating the two proceedings is typically

---

*see* Pls.' Unopposed Mot. to Consolidate Preliminary Injunction Hrg. with Tr. on the Merits at 1 (ECF No. 39)—and cannot be reconciled with their prior position.

"appropriate" where it would "preserve judicial resources," including where a dispute is "purely legal" and a complaint seeks only injunctive and declaratory relief, such that "holding two separate proceedings . . . would be a waste of the court's time." *Am. Train Dispatchers Dep't of Int'l Bhd. of Locomotive Engineers v. Fort Smith R. Co.*, 121 F.3d 267, 270 (7th Cir. 1997). Conversion is likewise warranted in circumstances where "discovery has been concluded or . . . it is manifest that there is no occasion for discovery," so that the preliminary injunction and trial records would be largely identical. *Pughsley*, 463 F.3d F.2d at 1057.

All those considerations favor entry of final judgment at this stage. Here, the parties both represented to the Court that "no discovery or evidentiary hearing is needed" in this case, *see* Order (ECF No. 23), and they adequately set forth the facts necessary to resolve the parties' disputes in their declarations. That left only issues of law "ripe for final determination," *Am. Train Dispatchers*, 121 F.3d at 270, namely: whether Indiana Code § 35-44.1-2-14 violates the First or Fourteenth Amendment to the U.S. Constitution, on its face or as applied to Plaintiffs. This Court then concluded that the statute is incurably vague on its face—a conclusion that turned purely on matters of constitutional and statutory interpretation. And there is no further evidence to be introduced at trial that would change the fact that "[t]here is nothing in the text of the statute" to limit officers' discretion under the law. Order on Mot. to Dismiss & Preliminary Injunction at 19 (ECF No. 19). As a

result, any trial on the merits would entail repetition of the same facts—and duplicative briefing of the same arguments—that this Court's opinion already addressed and resolved. Conversion of the preliminary injunction and entry of judgment would preserve the Court's resources and advance the interests of justice.

To resist that result, "a party contesting the entry of final judgment at the preliminary injunction stage must demonstrate prejudice as well as surprise." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993). But Defendants can demonstrate neither. Indeed, Defendants previously *consented* to consolidation of the preliminary-injunction decision and the merits. *See* Pls.' Unopposed Mot. to Consolidate Preliminary Injunction Hrg. with Tr. on the Merits at 1 (ECF No. 39).[2] That Defendants did not obtain the result they hoped for from the preliminary-injunction proceedings is not a valid basis to reverse their position on the issue now, or to tax either Plaintiffs or the Court with duplicate proceedings.

This Court's preliminary-injunction opinion settles that the statute is void for vagueness; there is nothing left for further proceedings to resolve. *See Penn Cent. Corp.*, 955 F.2d at 1164 ("We cannot offhand see any basis on which the defendants can resist the entry of a permanent injunction against the enforcement

---

[2] This Court previously denied that unopposed motion without prejudice in light of its decision to resolve the preliminary-injunction motion on the papers. *See* Order on Mot. to Consolidate Preliminary Injunction Hrg. with Tr. on the Merits at 2 (ECF No. 40). In doing so, the Court expressly left open whether "any trial" would ultimately be "necessary" in light of its disposition of the motion. *Id.*

that we have found to be unconstitutional."). This Court should convert the preliminary injunction, enter judgment for Plaintiffs, and bring this case to a close.

## CONCLUSION

For the reasons herein, Plaintiffs respectfully request that the Court convert its preliminary injunction into a permanent injunction and enter judgment in Plaintiffs' favor.

Dated: October 10, 2024

Respectfully submitted,

By /s/ *Katie Townsend*
Katie Townsend
Gabe Rottman*
Grayson Clary*
Emily Hockett*
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310
ktownsend@rcfp.org

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on October 10, 2024.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Katie Townsend*
Katie Townsend
*Counsel for Plaintiffs*
