UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, INDIANA BROADCASTERS ASSOCIATION, INDIANA PROFESSIONAL CHAPTER OF THE SOCIETY FOR PROFESSIONAL JOURNALISTS, INDIANAPOLIS STAR, NEXSTAR MEDIA INC., SCRIPPS MEDIA, INC., and TEGNA INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TODD ROKITA, *in his official capacity as Attorney General of Indiana*, and RYAN MEARS, *in his official capacity as Marion County Prosecutor*, and KERRY FORESTAL, *in his official capacity as Marion County Sheriff*,<br><br>*Defendants*. | CASE NO. 1:23-cv-1805-JRS-MG |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CONVERSION OF PRELIMINARY INJUNCTION AND ENTRY OF FINAL JUDGMENT**

The gravamen of Defendants' opposition to entry of final judgment is that they believe their prior counsel made unwise litigation decisions, *see* ECF No. 59 at 3 (hereinafter "Defs.' Opp."), and that they disagree with the result this Court reached in granting a preliminary injunction. Neither is a valid basis for resisting entry of a permanent injunction at this stage. "Defendants are bound by the actions

1

of their prior counsel," *ED&F Capital Markets Ltd.*, 335 F.R.D. 174, 176 n.1 (N.D. Ill. 2020) (collecting cases), who squarely represented to this Court that this case should be resolved without discovery, an evidentiary hearing, or any proceedings beyond the disposition of the motion for a preliminary injunction, *see* ECF No. 23; ECF No. 39 at 1. And even if Defendants were entitled to change positions now— they are not—Defendants entirely fail to explain what further proceedings could add when the statute Plaintiffs challenge has already been "determined" by this Court "to be unconstitutional on its face." *NA Main Street LLC v. Allen*, No. 1:20-cv-01335, 2021 WL 1251383, at *2 (S.D. Ind. Apr. 5, 2021); *see also Penn Cent. Corp. v. U.S. R.R. Vest Corp.*, 955 F.2d 1158, 1164 (7th Cir. 1992) (same). Further proceedings would serve no purpose and, accordingly, Plaintiffs respectfully urge that a permanent injunction issue and that final judgment be entered in their favor.

In fighting that result, the bulk of Defendants' opposition is dedicated to the argument that this Court lacks the power to enter a permanent injunction because its preliminary-injunction decision was issued on the papers. *See* Defs.' Opp. at 2–4. The problem with that argument is that controlling Seventh Circuit precedent says otherwise. *See Socialist Workers Party v. Ill. Bd. of Elec.*, 566 F.2d 586, 587 (7th Cir. 1977), *aff'd*, 440 U.S. 173 (1979) (affirming grant of both preliminary and permanent injunction over the objection that the district court opted not to hold a hearing); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*,

43 F.3d 922, 938 (4th Cir. 1995) (collecting cases in which "courts have held that a court need not conduct an evidentiary hearing before issuing a permanent injunction if the affidavits and documentary evidence clearly establish plaintiff's right to the injunction such that a hearing would not have altered the result").  The same "interests of justice" standard, *see Pughsley v. 3750 Lake Shore Drive Co-op. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972), governs regardless whether a preliminary-injunction motion was decided on the papers or after a hearing.

Despite insisting that there is "virtually no factual record in this case," Defs. Opp.' at 5—a result that can only be traced to Defendants' own strategic decision not to develop one[1]—Defendants' opposition is also silent on which facts, exactly, they think they could surface in further proceedings that would "alter[] the result." *Socialist Workers Party*, 566 F.2d at 587.  The closest they come is the suggestion that they would use further proceedings to insist on their theory that "this law does not implicate the First Amendment." Defs. Opp. at 7.  But that is a legal argument,

---

[1]   Defendants' insistence that the record is underdeveloped because *Plaintiffs* did not engage in fact discovery is especially strange.  Plaintiffs did not need discovery from Defendants to establish their entitlement to relief.  *See Lone Star Steakhouse & Saloon, Inc*, 43 F.3d at 938 ("affidavits and documentary evidence" can suffice to demonstrate entitlement to a permanent injunction without the need for a hearing).  Defendants do not explain why that same showing would not just as well entitle Plaintiffs to relief at trial for the exact same reasons already given in this Court's preliminary-injunction opinion.  *See* Fed. R. Civ. P. 65(a)(2) (providing that "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated").

3

not a factual claim—and it is one this Court already rejected.  *See* Order on Mot. to Dismiss & Preliminary Injunction at 5 (ECF No. 19) (explaining that Plaintiffs need not demonstrate that the law has already been enforced against them because "this is not necessary for a pre-enforcement challenge where the challenged statute implicates First Amendment rights"); *id.* at 19 (noting that officers' power under the statute to "order reporters and others to move back simply because the officer does not want to be recorded" represents "an unacceptable curtailment of First Amendment rights").  Defendants are free to challenge that holding on appeal from either a preliminary injunction or a final judgment,[2] but their (baseless) objections to this Court's opinion have nothing to do with the record on which it was based.

In the alternative, Defendants claim they did not have adequate notice of the possibility of consolidation.  That objection is particularly misplaced here.  Litigants are entitled to sufficient notice to "afford the parties a full opportunity to present their respective cases," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), but Defendants' prior express position was that they could adequately present their case by way of declarations in connection with Plaintiffs' motion for a preliminary injunction, *see* ECF No. 23; ECF No. 39 at 1.  And, again, Defendants previously *consented to consolidation*, the clearest possible statement that they

---

[2]     Indeed, even as Defendants insist they need further proceedings in this Court, they have already indicated that they plan to seek a stay of further proceedings in this Court until their recent appeal is resolved.  *See* ECF No. 59.

believed they had already fully presented their case on the merits.  Defendants cannot seriously maintain that they had inadequate notice of the possibility of consolidation on the theory that they previously consented only on the silent condition that this Court rule in their favor, and they now prefer to stake out the opposite position because the decision went against them.  *Cf. Davis v. Wakelee*, 156 U.S. 680, 689 (1895) ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position.").

Defendants had every opportunity to develop their case.  That they failed to persuade this Court—on the record that they chose to develop, and which they represented was adequate to finally dispose of the matter—is not a basis to resist entry of a permanent injunction or final judgment in Plaintiffs' favor.  In light of this Court's holding that the Act is unconstitutional on its face, "additional proceedings are pointless," and this Court "should bring the case to a close." *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991).

## CONCLUSION

For the reasons herein, Plaintiffs respectfully request that the Court convert its preliminary injunction into a permanent injunction and enter judgment in Plaintiffs' favor.

Dated: October 28, 2024                             Respectfully submitted,

By /s/ *Katie Townsend*
Katie Townsend
Gabe Rottman*
Grayson Clary*
Emily Hockett*
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310
ktownsend@rcfp.org

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on October 28, 2024. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ *Katie Townsend*
                                                Katie Townsend
                                                *Counsel for Plaintiffs*