UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REPORTERS COMMITTEE FOR<br>FREEDOM OF THE PRESS,<br>INDIANA BROADCASTERS<br>ASSOCIATION,<br>INDIANA PROFESSIONAL CHAPTER OF<br>THE SOCIETY OF PROFESSIONAL<br>JOURNALISTS,<br>INDIANAPOLIS STAR,<br>NEXSTAR MEDIA INC.,<br>SCRIPPS MEDIA, INC.,<br>TEGNA INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
|              Plaintiffs, | )<br>) | |
|              v. | )<br>) | No. 1:23-cv-01805-JRS-MG |
| TODD ROKITA Attorney General of<br>Indiana,<br>RYAN MEARS Marion County Prosecutor,<br>KERRY FORESTAL Marion County<br>Sheriff, | )<br>)<br>)<br>)<br>)<br>) | |
|              Defendants. | )<br>) | |

**Order**

Plaintiffs, various organizations representing the interests of journalists and news media, brought a Constitutional challenge to Indiana's so-called "Buffer Law," codified at Indiana Code § 35-44.1-2-14. (ECF No. 1.) The Court previously granted Plaintiffs' Motion for a Preliminary Injunction, halting enforcement of the statute. (ECF No. 20.) That Order is currently on interlocutory appeal before the Seventh Circuit; oral arguments were heard on May 13, 2025. Plaintiffs move the Court to

convert the preliminary injunction into a permanent injunction and enter final judgment.  (ECF No. 56.)  Defendants object.  (ECF No. 59.)

The standard for permanent injunctive relief is virtually identical to that of its preliminary counterpart, except "in granting or denying a preliminary injunction, the court would decide only the plaintiffs' likelihood of success on the merits, whereas in granting or denying a permanent injunction, it would decide their actual success on the merits."  *Lacy v. Cook Cnty., Ill.*, 897 F.3d 847, 859 (7th Cir. 2018) (citing *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 782 (7th Cir. 2011)).  In its Order granting Plaintiffs' motion for a preliminary injunction, the Court concluded that Plaintiffs had a likelihood of success on the merits of their Fourteenth Amendment vagueness challenge to the Buffer Law.  On appeal, the Seventh Circuit will review this legal question *de novo*.  *See United States v. NCR Corp.,* 688 F.3d 833, 837 (7th Cir. 2012) ("[F]or purposes of this interlocutory appeal under 28 U.S.C. § 1292(a)(1) . . . to the extent that the district court based its decision on a question of law, our review is de novo.").

To convert the preliminary injunction into a permanent one, the Court must conclude that Plaintiffs have, in fact, succeeded in demonstrating that the Buffer Law is void for vagueness.  There are no outstanding questions of fact for the Court to consider; the merits of this dispute hinge on whether the Buffer Law is unconstitutionally vague—in other words, whether it fails to define the prohibited conduct with sufficient definiteness, and encourages arbitrary or discriminatory enforcement.  *See Skilling v. United States*, 561 U.S. 358, 402–03 (2010).  There is

little sense in the Court doubling down on its earlier conclusion while review of this question of law is pending before the circuit court. *See* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3921.2 (3d ed. 2002) ("[I]t [is] advisable for the district court to determine whether the same issue has been presented on appeal, and to defer action when it seems reasonably probable that appellate decision of the same question is imminent.").

Accordingly, Plaintiffs' Motion for Permanent Injunction, (ECF No. 56), is **denied without prejudice to refiling following a ruling by the Seventh Circuit on the propriety of the preliminary injunction.**

**SO ORDERED.**

Date:   7/29/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Bopp, Jr.
The Bopp Law Firm
jboppjr@aol.com

Grayson Clary
Reporters Committee for Freedom of the Press
gclary@rcfp.org

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Emily Hockett
Reporters Committee for Freedom of the Press
ehockett@rcfp.org

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Thomas Pratt
Office of Indiana Attorney General
Thomas.Pratt@atg.in.gov

Gabriel Rottman
Reporters Committee for Freedom of the Press
grottman@rcfp.org

Taylor Caitlyn Shetina
The Bopp Law Firm, P.C.
tshetina@bopplaw.com

KatieLynn B. Townsend
Gibson Dunn & Crutcher LLP
ktownsend@gibsondunn.com