UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, INDIANA BROADCASTERS ASSOCIATION, INDIANA PROFESSIONAL CHAPTER OF THE SOCIETY FOR PROFESSIONAL JOURNALISTS, INDIANAPOLIS STAR, NEXSTAR MEDIA INC., SCRIPPS MEDIA, INC., and TEGNA INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> TODD ROKITA, *in his official capacity as Attorney General of Indiana, and* RYAN MEARS, *in his official capacity as Marion County Prosecutor*, and KERRY FORESTAL, *in his official capacity as Marion County Sheriff*, <br><br> *Defendants*. | CASE NO. 1:23-cv-1805-JRS-MG |

**UNOPPOSED MOTION FOR PERMANENT INJUNCTION
AND ENTRY OF FINAL JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 65(a)(2), Plaintiffs respectfully move this Court to enter final judgment in Plaintiffs' favor and enter a permanent injunction restraining Defendants; their officers, agents, servants, employees, and attorneys; and any other persons who act in concert with the Defendants or their agents, servants, employees, and attorneys from enforcing Indiana Code § 35-

1

44.1-2-14 against the members, agents, servants, and employees of the Reporters Committee for Freedom of the Press, Indiana Broadcasters Association, Indiana Professional Chapter of the Society for Professional Journalists, Indianapolis Star, Nexstar Media, Inc., Scripps Media, Inc. and TEGNA Inc.  The parties have conferred regarding this motion; Defendants do not oppose the relief requested.

1. On September 27, 2024, this Court issued a preliminary injunction barring Defendants from enforcing Indiana Code § 35-44.1-2-14, finding that Plaintiffs were likely to succeed in showing that the law is void for vagueness and that the remaining preliminary-injunction factors favored Plaintiffs.  *See* Dkt. 53.

2. On October 10, 2024, Plaintiffs moved to convert this Court's preliminary injunction into a permanent injunction.  *See* Dkt. 56.

3. On October 25, 2024, Defendants appealed this Court's preliminary injunction to the U.S. Court of Appeals for the Seventh Circuit.  *See* Dkt. 60.

4. On July 29, 2025, this Court denied Plaintiffs' motion for a permanent injunction "without prejudice to refiling following a ruling by the Seventh Circuit on the propriety of the preliminary injunction," noting that there were "no outstanding questions of fact to consider" but that the Seventh Circuit's ruling on the statute's constitutionality would be dispositive of this action, and that judicial economy therefore favored deferring a ruling on permanent relief.  Dkt. 68 at 2–3.

5. On August 5, 2025, the Seventh Circuit affirmed this Court's preliminary injunction, finding that Indiana Code § 35-44.1-2-14 is unconstitutionally vague on its face. *See Reporters Committee for Freedom of the Press v. Rokita*, 147 F.4th 720, 724 (7th Cir. 2025). In light of the Supreme Court's intervening decision in *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), the Seventh Circuit then remanded for this Court "to consider, through additional briefing or other means, the appropriate scope of injunctive relief." *Id.* at 734.

6. Plaintiffs now amend their initial motion for a permanent injunction to limit its scope to the Plaintiffs in this action. In particular, Plaintiffs move this Court for a permanent injunction restraining Defendants; their officers, agents, servants, employees, and attorneys; and any other persons who act in concert with Defendants or their agents, servants, employees, and attorneys from enforcing Indiana Code § 35-44.1-2-14 against the members, agents, servants, and employees of the Reporters Committee for Freedom of the Press, Indiana Broadcasters Association, Indiana Professional Chapter of the Society for Professional Journalists, Indianapolis Star, Nexstar Media, Inc., Scripps Media, Inc. and TEGNA Inc.

7. Defendants do not oppose entry of final judgment and a permanent injunction limited to the Plaintiffs.

7. Entry of such a permanent injunction and final judgment is warranted here. "To avoid the 'needless duplication of proceedings,' the district court may convert a preliminary injunction into a permanent injunction without holding a trial on the merits." *NA Main Street LLC v. Allen*, No. 1:20-cv-01335, 2021 WL 1251383, at *2 (S.D. Ind. Apr. 5, 2021) (quoting *Penn Cent. Corp. v. U.S. R.R. Vest Corp.*, 955 F.2d 1158, 1164 (7th Cir. 1992)). That course is typically appropriate "where, as here, a statute is determined to be unconstitutional on its face," such that further proceedings or factual development would have no bearing on that determinative legal question. *Id.* As this Court recently observed, there are "no outstanding questions of fact to consider" in this matter and the Seventh Circuit's ruling on the statute's unconstitutionality is dispositive. Dkt. 68 at 2.

8. Plaintiffs therefore respectfully request that the Court enter final judgment in their favor and grant the narrowed permanent injunction sought here.

## CONCLUSION

For the reasons herein, Plaintiffs respectfully request that the Court enter final judgment in their favor and grant the permanent injunction sought here.

Dated: September 11, 2025　　　　Respectfully submitted,

<u>/s/ Grayson Clary</u>*
Grayson Clary*
REPORTERS COMMITTEE FOR
　FREEDOM OF THE PRESS
1156 15th St NW, Suite 1020
Washington, D.C. 20005

Telephone: (202) 795-9300
Facsimile: (202) 795-9310
gclary@rcfp.org

Katie Townsend
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: 213.229.7839
KTownsend@gibsondunn.com

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on September 11, 2025. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Grayson Clary*
Grayson Clary
*Counsel for Plaintiffs*
